**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: ) | | |
| Marshall Spiegel ) | | Bankruptcy No. 20 B 21625 |
| ) | | Chapter 11 |
| Debtor ) | | |
| _____ ) | | Judge Timothy A. Barnes |
| ) | | |
| Marshall Spiegel ) | | |
| Plaintiff ) | | |
| v. ) | | Adv. No. |
| ) | | |
| 1618 Sheridan Road Condominium ) | | |
| Association, James Waite, Marie Waite, ) | | |
| William McClintic, Corinne McClintic, ) | | |
| Valerie Hall, Michael C. Kim, ) | | |
| and Duane Morris LLP, ) | | |
| Defendants ) | | |

**COMPLAINT TO AVOID TRANSFERS AND FOR TURNOVER OF PROPERTY**

NOW COMES the Plaintiff, Marshall Spiegel, by and through his attorneys, David P. Lloyd, Ltd., complaining of Defendants 1618 Sheridan Road Condominium Association, James Waite, Marie Waite, William McClintic, Corinne McClintic, Valerie Hall, Michael C. Kim, and Duane Morris LLP, and in support thereof states as follows:

**JURISDICTION AND VENUE**

1. The Court has jurisdiction over this matter pursuant to 28 USC 1334 (b) and (d) in that it is a civil proceeding arising under, arising in, or related to a bankruptcy case under Title 11 of the United States Code.

2. This complaint arises under 11 USC §542, 548, 549, and 550.

3. This complaint initiates a core proceeding pursuant to 28 USC§157(b)(2) (E), (H), and (O). To the extent that the Court determines that this proceeding is not a core proceeding, Plaintiff consents to entry of a final judgment by this Court.

4. Venue in this District is proper pursuant to 28 USC §1409(a).

## ALLEGATIONS COMMON TO ALL COUNTS

5. The Debtor commenced this case by filing a voluntary Chapter 11 petition on December 16, 2020. The Debtor has continued to operate his financial and business affairs as a debtor in possession.

6. On March 29, 2019, the Circuit Court of Cook County, Illinois, assessed sanctions against the Debtor in consolidated cases numbered 15 L 10817, 15 CH 18825, and 16 L 3564, and ordered the Debtor to pay a total of over $1 million in sanctions to litigants and their counsel, comprised of $501,320.08 to 1618 N. Sheridan Road Condominium Association (jointly payable to James & Marie Waite and William & Corinne McClintic); $360,964.00 to Valerie Hall; $174,388.89 to Michael C. Kim; and $25,000.00 to Duane Morris LLP (collectively, the "appellant creditors").

7. The Debtor appealed that decision to the Appellate Court of Illinois, First District. The Debtor obtained a stay of enforcement of the sanctions orders pending appeal by obtaining, as appellate bond, a letter of credit from Wintrust Bank in favor of the appellant creditors, secured by certificates of deposit owned in whole or in part by the Debtor.

8. On December 3, 2020, the Appellate Court entered an order denying the appeal. The appellant creditors presented evidence of the Appellate Court's order to Wintrust Bank and made demand on the letter of credit. That evidence included statements that each appellant creditor was owed the full amount of the sanctions award, without credit for any payment from any other source.

9. On or about, or shortly after, the filing of this bankruptcy case, Wintrust Bank paid one or more of the appellant creditors on the letter of credit. The Debtor is informed and believes that Wintrust Bank paid each appellant creditor the full amount of the awarded sanctions.

10. The Debtor is informed and believes that his insurer, Citizens Insurance Company of America, Inc., which issued a directors' and officers' policy insuring both the Debtor, as officer of 1618 Sheridan Road Condominium Association, and the Association itself, paid tens of thousands, or hundreds of thousands, of dollars to one or more of the creditors named in this Motion, prior to the filing of this case.

11. The Debtor has attempted to confirm the amounts and sources of payment to each of the Defendants by Citizens Insurance Company of America, Inc., but Defendants have refused to provide the information as to the amounts and sources of payment.

**COUNT I: AVOIDANCE OF FRAUDULENT TRANSFER, 11 U.S.C. §548**

12. Payment by Wintrust on the Debtor's letter of credit to each Defendant, to the extent that such payment was in excess of the remaining balance of the sanctions claim after payment by Citizens Insurance Company of America, Inc., constituted the transfer of an interest of the debtor in property, or the incurring of an obligation by the Debtor.

13. To the extent that Wintrust Bank made any payment to any Defendant under the letter of credit on or before the filing of this case, that transfer occurred on or within 2 years before the date of the filing of the petition herein.

14. The Debtor was insolvent at the time of the transfer or obligation, or became insolvent as a result of such transfer or obligation.

WHEREFORE Plaintiff prays that the payment by Wintrust Bank to each Defendant, to the extent that such payment was in excess of the remaining balance of the sanctions claim after

payment by Citizens Insurance Company of America, Inc., be avoided pursuant to Section 548 of the Bankruptcy Code, and that the Debtor recover, for the benefit of the estate, the amount transferred to each creditor, pursuant to Section 550 of the Bankruptcy Code.

### COUNT II: AVOIDANCE OF POST-PETITION TRANSFER, 11 U.S.C. §549

15. To the extent that Wintrust Bank made any payment to any Defendant under the letter of credit after the commencement of this case, payment by Wintrust on the Debtor's letter of credit to each Defendant, to the extent that such payment was in excess of the remaining balance of the sanctions claim after payment by Citizens Insurance Company of America, Inc., constituted the transfer of property of the estate that occurred after the commencement of this case.

16. Such transfer was not authorized under the Bankruptcy Code or by the Court.

WHEREFORE Plaintiff prays that the payment by Wintrust Bank to each Defendant, to the extent that such payment was in excess of the remaining balance of the sanctions claim after payment by Citizens Insurance Company of America, Inc., be avoided pursuant to Section 549 of the Bankruptcy Code, and that the Debtor recover, for the benefit of the estate, the amount transferred to each creditor, pursuant to Section 550 of the Bankruptcy Code.

### COUNT III: TURNOVER OF PROPERTY OF THE ESTATE, 11 U.S.C. §542

17. To the extent any Defendant received payment from Citizens Insurance Company of America, Inc., and also received payment from Wintrust Bank, on account of its sanction claim, in an amount totaling more than the sanctions claim to which such Defendant was entitled, that Defendant was unjustly enriched at Plaintiff's expense.

18. Plaintiff's claim against each Defendant constitutes property of the estate under Section 541 of the Bankruptcy Code.

19. Each Defendant that received payment in excess of the amount owed under the sanctions award owes a debt that is property of the estate.

WHEREFORE Plaintiff prays for judgment against each Defendant in the amount of the recovery of each Defendant in excess of the amount justly owed under the sanctions award entered by the Circuit Court of Cook County in consolidated cases numbered 15 L 10817, 15 CH 18825, and 16 L 3564.

## COUNT IV: FRAUD

20. On December 7, 2020, after the entry by the Illinois Appellate Court of the order denying Plaintiff's appeals, each Defendant presented to Wintrust Bank a document through Eugene E. Murphy, attorney and agent, certifying that the amount of the sanctions award judgment plus interest of 9% was $1,223,716.26 as of the date of the certification.

21. To the extent that any Defendant received payment on account of the sanctions award from Citizens Insurance Company, Inc., the amount due under the sanctions order was less than the amount stated in such certification.

22. Each Defendant that received payment on account of the sanctions award from Citizens Insurance Company, Inc., knew that said Defendant was not owed the full amount of the sanctions award and that such certification was false.

23. Defendants, through their attorney and agent, made the said certification for the purpose of obtaining payment from Wintrust Bank on the letter of credit issued at the request of the Debtor, in excess of the amount then legally due.

24. The wrongful payment made by Wintrust Bank and received by the Defedants, or any of them, resulted in damages to Plaintiff in the amount that Wintrust Bank's secured claim resulting from payment on the letter of credit exceeded the amount remaining due on the

sanctions award, after recovery from Citizens Insurance Company, Inc., by each Defendant.

25. Plaintiff's claim against each Defendant constitutes property of the estate under Section 541 of the Bankruptcy Code.

26. Each Defendant that received payment in excess of the amount owed under the sanctions award owes a debt that is property of the estate.

WHEREFORE Plaintiff prays for judgment against each Defendant in the amount of the recovery of each Defendant in excess of the amount justly owed under the sanctions award entered by the Circuit Court of Cook County in consolidated cases numbered 15 L 10817, 15 CH 18825, and 16 L 3564.

                                  Respectfully submitted,
                                  Marshall Spiegel


                                By:___/s/ David P. Lloyd_____
                                    One of his attorneys

David P. Lloyd
David P. Lloyd, Ltd.
615B S. LaGrange Rd.
LaGrange IL  60525
708-937-1264
Fax: 708-937-1265