UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20bk21625 |
| MARSHALL SPIEGEL | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ). | Honorable Timothy A. Barnes |

FINDINGS OF FACT AND CONCLUSIONS OF LAW IN SUPPORT OF ORDER
AWARDING TO ADELMAN & GETTLEMAN, LTD., ATTORNEYS FOR THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS, FOR ALLOWANCE AND PAYMENT OF
INTERIM COMPENSATION AND REIMBURSEMENT OF EXPENSES

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 167,272.00 | TOTAL COSTS REQUESTED: | $ 626.32 |
| TOTAL FEES REDUCED: | $ 14,236.35 | TOTAL COSTS REDUCED: | $ 0.00 |
| TOTAL FEES ALLOWED: | $ 153,035.65 | TOTAL COSTS ALLOWED: | $ 626.32 |

TOTAL FEES AND COSTS ALLOWED: $ 153,661.97

The attached time and expense entries have been underlined to reflect disallowance in whole or in part. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(1)     Duplication of Services – TOTAL of disallowed amounts: $ 5,050.15

The Court denies the allowance of compensation for services that duplicate those of another professional or paraprofessional.  *See* 11 U.S.C. § 330(a)(4)(A)(i).  Reduction in fees is warranted if multiple attorneys from the same firm appear in court on a motion or argument or for a conference, unless counsel adequately demonstrates that each attorney present contributed in some meaningful way.  *In re Pettibone*, 74 B.R. 293, 307 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("A debtor's estate should not bear the burden of duplication of services.  If found in the record, such duplication shall be disallowed by the court as unnecessary.").  It is also an accepted principle that generally no more than one attorney may bill for time spent in an intra-office conference or meeting absent an adequate explanation.  *See In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991) (Sonderby, J.); *In re Pettibone*, 74 B.R. at 303.

(2)     No Benefit to the Estate – TOTAL of disallowed amounts: $ 312.15

The court denies requests for fees relating to services that do not benefit the estate or that are not necessary to the administration of the case.  11 U.S.C. § 330(a)(4)(A).  An attorney's internal work prior to retention to determine whether the attorney's firm satisfies the disinterestedness requirement of section 327 of the Bankruptcy Code does not provide benefit to the estate and is not compensable.

(3)      Lumping – TOTAL of disallowed amounts (10% of affected entries): $ 1,223.25

The Court may impose a ten percent penalty on entries that appear to be "lumping."  The Court will reduce each entry marked as such per the penalty.  *In re Wildman*, 72 B.R. 700, 709 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry.  [citation omitted].  Each type of service should be listed with the corresponding specific time allotment.").

(4)      Clerical Work Not Compensable – TOTAL of disallowed amounts: $ 1,178.00

The court disallows the compensation of clerical or stenographic employees of the professional for the performance of routine clerical or administrative activities in the normal course of the professional's business, such as photocopying, secretarial work, or routine filing.  Such activities are not in the nature of professional services and must be absorbed by the applicant's firm as an overhead expense.  *In re Dimas, LLC*, 357 B.R. 563, 577 (Bankr. N.D. Cal. 2006) (*citing Missouri v. Jenkins*, 491 U.S. 274, 288 n. 10 (1989)); *see also In re Chellino*, 209 B.R. 106, 114 (Bankr. C.D. Ill. 1996) (Paralegal, but not "clerk" services entitled to compensation at an hourly rate; clerk activities are overhead of the professional); *Souza v. Miguel*, 32 F.3d 1370, 1375 (9th Cir. 1994) (Trustee not entitled to reimbursement or compensation of overhead expenses such as secretarial, stenographic, clerical, and routine messenger services).

(5)      Unreasonable Time – TOTAL of disallowed amounts: $ 6,022.80

As to the time devoted to the preparation of the fee application itself, the Court denies the allowance of compensation that is disproportionate to the total hours in the main case.  *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("In the absence of unusual circumstances, the hours allowed by this Court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (Squires, J.) (compensation limited to 5%); *see also In re Pettibone Corp.*, 74 B.R. 293, 304 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) (*citing Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in nonbankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).

Dated:  April 25, 2022

_____
Timothy A. Barnes
United States Bankruptcy Judge