UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20bk21625 |
| Marshall Spiegel, | ) | |
| | ) | Chapter 11 |
| Debtor. | ) | |
| | ) | Judge Timothy A. Barnes |

FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
ALLOWING IN PART INTERIM COMPENSATION AND REIMBURSEMENT
OF EXPENSES OF ADELMAN & GETTLEMAN, ATTORNEYS
FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

| | | | |
|---|---|---|---|
| TOTAL FEES REQUESTED: | $ 213,680.50 | TOTAL COSTS REQUESTED: | $ 1,246.58 |
| TOTAL FEES REDUCED: | $ 11,581.50 | TOTAL COSTS REDUCED: | $ 0.00 |
| TOTAL FEES ALLOWED: | $ 202,099.00 | TOTAL COSTS ALLOWED: | $ 1,246.58 |

TOTAL FEES AND COSTS ALLOWED: $ 203,345.58

The matter coming on to be heard on the Third Interim Fee Application of Adelman & Gettleman, Ltd. for Allowance and Payment of Interim Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors and For Shortened Notice Thereof [Dkt. No. 686] (the "Application") filed by Howard L. Adelman, Nicholas R. Dwayne, and the law firm of Adelman & Gettleman, Ltd. (the "Applicant"), counsel to the Official Committee of Unsecured Creditors (the "Committee") of Marshall Spiegel (the "Debtor"); the court having conducted hearings on the Application on October 12, 2022, January 4, 2023, and February 22, 2023, (the "Hearings") and at the final Hearing on the Application having tentatively announced its ruling on the issue of standing raised in relation to the Application but not having ruled on the Application's propriety; and the court having considered the arguments raised at the Hearings and the following filings in relation to the Application:

(i)     Combined Objection of Marshall Spiegel and Matthew Spiegel to Third Interim Fee Application of Adelman & Gettlement [sic], Ltd., [Dkt. No. 739] (the "Joint Objection") was filed on behalf of the Debtor and the Debtor's son, Matthew Spiegel ("Matthew");

(ii)    Objection of 1116-22 Greenleaf Building, LLC to Third Interim Fee Application of Adelman & Gettleman, Ltd. for Allowance and Payment of Interim Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors and for Shortened Notice Thereof [Dkt. No. 736] ("Greenleaf Objection") filed by 1116-22 Greenleaf Building, LLC ("Greenleaf");

(iii)   Reply in Support of Third Interim Fee Application of Adelman & Gettleman, Ltd. for Allowance and Payment of Interim Compensation and Reimbursement of Expenses as Counsel to the Official Committee of Unsecured Creditors [Dkt. No. 752] (the "Reply");

(iv)   Response of 1116-1122 Greenleaf Building, LLC to Standing Issue Presented in Committee Counsel's Reply in Support of its Third Application for Interim Compensation [Dkt. No. 790];

(v)   Sur-Reply/Response of Matthew Spiegel to Standing Argument Raised by Committee Counsel [Dkt. No. 792]; and

(vi)   Sur-Reply to Third Interim Fee Application of Adelman & Gettleman, Ltd. for Allowance and Payment of Interim Compensation and Reimbursement of Expenses as Counsel to the Committee of Unsecured Creditors and for Shortened Notice Thereof [Dkt. No. 798] (the "Sur-Reply").

NOW, THEREFORE, THE COURT FINDS THAT:

A.   At the Hearing on October 12, 2022, the court conducted an initial Hearing on the Application and entered an order setting objection deadlines with respect thereto.  Order [Scheduling Application for Compensation] [Dkt. No. 696] (the "First Scheduling Order");

B.   On November 30, 2022, in accordance with the timing set forth in the First Scheduling Order, the Joint Objection and the Greenleaf Objection were filed;

C.   On December 14, 2022, in accordance with the timing set forth in the First Scheduling Order, the Applicant filed the Reply.  In the Reply, the Applicant argued that because the Application only sought relief from the Debtor, Matthew and Greenleaf lacked a pecuniary interest in the outcome of the decision.  Further, the Applicant argued neither party had filed a proof of claim, they were not scheduled as creditors and they were not receiving a distribution from the Debtor's Fourth Amended Plan of Reorganization [Dkt. No. 728];

D.   At the Hearing on January 4, 2023, the court ordered supplemental briefing on the issue of standing raised in the Reply.  Order Scheduling Briefing [Dkt. No. 771] (the "Second Scheduling Order");

E.   On January 16, 2023, the Debtor filed Debtor's Fifth Amended Chapter 11 Plan of Reorganization [Dkt. No. 776] (the "Fifth Amended Plan").  In the Fifth Amended Plan, the Debtor listed Matthew as a class 7 creditor holding a claim of $ 475,000;

F.   On February 2, 2023, in accordance with the timing set forth in the Second Scheduling Order, Matthew and Greenleaf each filed sur-responses to the Application;

G.   On February 9, 2023, in accordance with the timing set forth in the Second Scheduling Order, the Applicant filed the Sur-Reply;

H.   On February 16, 2023, the Debtor amended his Schedules E/F [Dkt. No. 805] (the "Amended Schedules") to list Matthew as having an unsecured claim of $ 475,000.00 for "other"

though the "other" is not specified.  The previously filed Schedules E/F had not listed Matthew as a creditor; and

      I.      On February 22, 2023, the court conducted the final Hearing on the Application, at which Hearing the court announced its preliminary ruling on the question of standing and took the remainder of the Application under advisement.

NOW, THEREFORE, THE COURT FURTHER FINDS THAT:

      J.      This court has addressed standing in bankruptcy matters before.  *In re Sindesmos Hellinikes-Kinotitos of Chicago*, 607 B.R. 898, 914-18 (Bankr. N.D. Ill. 2019) (Barnes, J.).  There, the court observed that the Seventh Circuit precedent appears to blend Article III standing and its prudential limitations into the so-called "pecuniary interest" rule.  *Id.* at 916 (citing *Cult Awareness Network, Inc. v. Martino (In re Cult Awareness Network, Inc.)*, 151 F.3d 605, 607 (7th Cir. 1998)).  "To have standing to object to a bankruptcy order, a person must have a pecuniary interest in the outcome of the bankruptcy proceedings.  Only those persons affected pecuniarily by a bankruptcy order have standing to appeal that order." *Cult Awareness*, 151 F.3d at 607;

      K.      The Seventh Circuit has more recently addressed the issue of standing in bankruptcy proceedings in *In re C.P. Hall Co.*, 750 F.3d 659 (7th Cir. 2014).  There, the Seventh Circuit noted that "to become a party to the bankruptcy proceeding [a movant] had to show not merely standing but that 'a legislatively conferred cause of action encompasses' its claim." *Id.* at 661 (quoting *Lexmark Int'l., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 127 (2014).  Further, the Seventh Circuit stated that to be heard, a party must be "someone who has a legally recognized interest in the debtor's assets," not just someone who "may suffer collateral damage from a ruling in a bankruptcy proceeding." *Id.*;

      L.      In light of these standards, Matthew and Greenleaf lacked standing to file their respective objections to the Application;

      M.      Prior to the filing of the Amended Schedules, Matthew clearly lacked standing in this matter.  He had no direct pecuniary interest in the outcome of the Application and had no legally recognized interest in the Debtor's assets as a result of his status as the Debtor's presumptive heir;

      N.      Both the Fifth Amended Plan and the Amended Schedules each have the hallmarks of blatant attempts of the Debtor to confer standing on his son.  As to the Fifth Amended Plan the inclusion of a noncreditor in a plan as a method of conferring standing is questionable, at best.  *See, e.g.*, *In re Pajian*, 785 F.3d 1161, 1165 (7th Cir. 2015);

      O.      As to the Amended Schedules, though their filing is also of questionable provenance, the presumptions available to scheduled claims under applicable law operate to dictate a different result.  As the Amended Schedules list Matthew as a creditor and amendments to schedules are liberally permitted under Fed. R. Bankr. P. 1009, the Debtor's amendments are presumptively valid unless a statutory basis for disallowing them exists.  *See, e.g.*, *Law v. Siegel*, 571 U.S. 415, 416 (2014) ("[A] court may not refuse to honor a debtor's invocation of an exemption without a valid statutory basis.").  The court presumes the Supreme Court means such a principle to apply to all amended schedules;

3

P.      By adding Matthew as a creditor, the Debtor has created a claim for him. *See* 11 U.SC. § 1111(a) ("A proof of claim or interest is *deemed filed* under section 501 of this title for any claim or interest that appears in the schedules filed under section 521(a)(1) or 1106(a)(2) of this title, except a claim or interest that is scheduled as disputed, contingent, or unliquidated."); Fed. R. Bankr. P. 3003(b)(1) ("[i]t shall not be necessary for a [chapter 11] creditor . . . to file a proof of claim"). As a result, Matthew has a claim within the meaning of section 501 of title 11 of the United States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code") and that claim is presumptively allowed under section 502[1] unless and until a valid objection to either the schedule or claim has been brought;

Q.      That does not mean, however, that Matthew can assert rights of a creditor prior to February 16, 2023, the filing of the Amended Schedules. The Joint Objection was filed prior to that time. Matthew had ample opportunity to file a claim on his own behalf and chose not to do so. He should not be rewarded by the tactics in play by affording retroactive effect to the Amended Schedules. As a result, while the court still considered the Joint Objection as it comes also from the Debtor (who unquestionably has standing), Matthew's participation in the objection process regarding the Application must be terminated;

R.      Greenleaf, however, has no standing to be heard with respect to the Application. Even should Greenleaf have a role in the Debtor's Fifth Amended Plan, it has not been scheduled by the Debtor, has not filed a claim on its own behalf and has not otherwise demonstrated a pecuniary interest in the outcome of the Application and had no legally recognized interest in the Debtor's assets; and

S.      Finally, it should be noted that, under section 331, an interim fee award is interlocutory in nature and can be reexamined and adjusted by the awarding court until the court makes a final compensation decision. *See Brouwer v. Ancel & Dunlap(In re Firstmark Corp.)*, 46 F.3d 653, 659 (7th Cir. 1995); *In re Taxman Clothing Co.*, 49 F.3d 310, 312 (7th Cir. 1995) ("[A]ll interim awards of attorney's fees in bankruptcy cases are tentative."). Any ruling by the court today with respect to the allowance of the fees and expenses sought in the Application may be revised upon a final application, on proper objection from a party with standing to object.

IT IS, THEREFORE, HEREBY FOUND AND CONCLUDED THAT, WITH RESPECT TO THE FEES AND EXPENSES SOUGHT IN THE APPLICATION, THAT:

AA.     Section 330 sets out the legal standards for the compensation of professional persons employed on behalf of the bankruptcy estate under sections 327 and 1103. Section 330 states in part:

> (a)(1) after notice and hearing, the court may award to a professional person employed under section 327 or 1103—
>
> (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and

---

[1]      Unless otherwise noted, all statutory references are the Bankruptcy Code.

4

(B) reimbursement for actual, necessary expenses.

….

(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—

(A) the time spent on such services;

(B) the rates charged for such services;

(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;

(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;

(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and

(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title;

BB.     Further, Fed. R. Bankr. P. 2016(a) sets out the requirements for professionals to apply for compensation;

Bankruptcy Rule 2016(a) requires that any person who seeks an award of compensation from the estate must file an application for compensation with the court, detailing the services rendered, the time spent, and any expenses for which reimbursement is requested. The burden of proving the value of the services for which compensation is sought is always on the applicant. *In re Pettibone*, 74 B.R. 293, 299 (Bankr. N.D. Ill. 1987). This burden is not to be taken lightly, as "every dollar expended on legal fees results in a dollar less that is available for distribution to the creditors." *In re Hotel Associates, Inc.*, 15 B.R. 487, 488 (Bankr. E.D. Pa. 1981).

*In re Chicago Lutheran Hosp. Ass'n*, 89 B.R. 719, 732 (Bankr. N.D. Ill. 1988) (Ginsberg, J.). "Even if no objections are raised to a fee request, the bankruptcy court is not bound to award the fees sought, and in fact has a duty to independently examine the reasonableness of all fee applications." *Id.* at 734–35 (*citing In re NRG Resources, Inc.*, 64 B.R. 643, 650 (W.D. La. 1986); *Pettibone*, 74 B.R. at 299–300);

5

CC.     Section 330(a)(4)(A) sets forth the limitations to awarding compensation.  That section states that a court shall not allow compensation for "(i) unnecessary duplication of services; or (ii) services that were not--(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case";

DD.     Section 1103 sets out the duties and responsibilities of a creditor's committee in a bankruptcy case:

> (c) A committee appointed under section 1102 of this title may--
>
> (1) consult with the trustee or debtor in possession concerning the administration of this case;
>
> (2) investigate the acts, conduct, assets, liabilities, and financial condition of the debtor, the operation of the debtor's business and the desirability of the continuance of such business, and any other matter relevant to the case or to the formulation of a plan;
>
> (3) participate in the formulation of a plan, advise those represented by such committee of such committee's determinations as to any plan formulated, and collect and file with the court acceptances or rejections of a plan;
>
> (4) request the appointment of a trustee or examiner under section 1104 of this title; and
>
> (5) perform such other services as are in the interest of those represented;

EE.     In addition, it would be difficult to scrutinize and oppose a debtor's plan of reorganization and financial condition without taking discovery pursuant to Fed. R. Civ. P. 2004.

> Creditor's committees appointed under § 1102 may "investigate the acts, conduct, assets, liabilities and financial condition of the debtor, the operation of the debtor's business … and any other matter relevant to the case or to the formulation of a plan." 11 U.S.C. § 1103(c)(2).  This includes investigating any potential causes of action which might be asserted by the Committees or the Debtor for the benefit of unsecured creditors.  The scope of this investigation is primarily governed by Fed. R. Bankr. P. 2004 which provides that the court may order the examination of any entity on motion of any party in interest.  Fed. R. Bankr. P. 2004(a).

*In re Handy Andy Home Improvement Centers, Inc.*, 199 B.R. 376, 379 (N.D. Ill. Bankr. 1996) (Katz, J.);

FF.     Here, the Application is seeking compensation for the period of January 1, 2022, to and including July 31, 2022, on an interim basis in the amount of $ 213,680.50 in fees and reimbursement of expenses in the amount of $ 1,246.58.  The Application provides a narrative of the services completed and why the Applicant believes they were necessary, the total hours spent and the associated fees.  Appended to the Application were the Applicant's time entries with the

date the work was performed, the associated attorney, an explanation of the work performed and the amount of hours spent on the work.

GG. The Joint Objection provided numerous and general explanations of the alleged issues with the Application. The objections fall into the following categories: (1) Unreasonable Time; (2) Duplication of Services; (3) Lumping; (4) No Benefit to the Estate; (5) Computational or Typographical Error; and (6) Improper Allocation of Professional Resources. The Joint Objection provided an exhibit with the time entries they take issue with and the objection raised, however, not all of these objections have an explanation as to the reasoning for the objection. Attached to this Order as Exhibit A are all of the time and expense entries submitted by the Applicant. Any disallowance in whole or in part has been underlined. The basis for each disallowance is reflected by numerical notations that appear on the left of each underlined entry. The numerical notations correspond to the enumerated paragraphs below.

(1) <u>Unreasonable Time – TOTAL of disallowed amounts: **$ 819.00**</u>

The bulk of the Joint Objection focuses on activities it suggests the Committee and the Applicant spent an unreasonable amount of time completing. These activities relate to time spent on the deposition of Matthew, preparing a motion to convert, monitoring state court litigation, analyzing the Debtor's application to retain Factor Law, preparing the Second Interim Fee Application and analyzing the Debtor's application to retain Freeborn & Peters LLP.

*a. The Deposition of Matthew*

The Joint Objection asserts that $ 21,507.00 of fees accrued in preparing the proposed deposition protocols for a reconvened deposition of Matthew should be denied in their entirety because the protocols were far outside normal and customary practice. It suggests work related to the deposition of Matthew should be reduced from $ 40,490.00 to $ 10,000.00 because any attorney could get even the most contested deposition done with under $ 10,000.00 in fees. The Applicant responds that the Joint Objection is essentially suggesting the Committee should have been less prepared for the deposition of Matthew and only provides speculative amounts as to how much the Applicant should have accrued in its preparation.

On May 24, 2021, after notice, hearing and the issue being fully briefed, the court granted an examination of the Debtor, Matthew and Greenleaf under Fed. R. Bankr. P. 2004. Order [Authorizing 2004 Exam] [Dkt. No. 182]. On January 6, 2022, the Committee conducted a deposition of Matthew. Matthew Spiegel was represented at the deposition by John Xydakis ("<u>Xydakis</u>"). Also present at the deposition was the Debtor along with his then counsel, David Lloyd. A transcript produced of the deposition [Dkt. No. 466; Exh. A] demonstrates that the deposition fell short of the required standards set forth in Fed. R. Civ. P. 30. Many hours were spent by this court reviewing the deposition transcript attached to the Deposition Motion (defined *infra*). During the deposition, Xydakis made speaking objections, answered questions for the witness, entered into conversations with the Debtor and coached the witness on how to answer. Rightfully, the Committee sought to reconvene the deposition of Matthew.

7

The majority of the time entries related to the deposition of Matthew involve the Committee's Motion to Reconvene Deposition of Matthew Spiegel and Establish Deposition Protocols [Dkt. No. 466] (the "Deposition Motion"). The Deposition Motion was set on briefing and the hearing was conducted on April 25, 2022 (the "April 25th Hearing").

It is clear from the time entries that the Applicant spent many hours researching and analyzing the issues that arose from that deposition. That review has led to further action from the Committee. *See* Motion of the Official Committee of Unsecured Creditors to Convert Case to Chapter 7 [Dkt. No. 705] (the "Motion to Convert"). This court understands that many issues arose as a result of the deposition of Matthew. However, the court noted at the April 25th Hearing that the proposed order to the Deposition Motion was outside the norm of what this court would enter. The proposed order contained what the Committee called deposition protocols which for the most part restated the rules and remedies already found in the Federal Rules of Civil Procedure.

The court therefore granted the motion but instructed the Committee to substantially modify their proposed order, which order was entered by the court. Order Regarding Motion of the Official Committee of Unsecured Creditors to Reconvene Deposition of Matthew Spiegel and Establish Deposition Protocols [Dkt. No. 613]. The court found that Xydakis had substantially impeded and delayed the examination of Matthew through his conduct. In light of Xydakis' conduct, the court found it necessary that the deposition of Matthew be reconvened.

While the court ultimately did not enter the order as originally proposed, the reasonableness of the time spent working on the proposed order should not be judged simply by the outcome. A court must not attempt to determine the reasonableness of time spent by an attorney by looking at the matter solely in hindsight or determining reasonableness by the outcome of the issue or matter. *Brandt v. Schal Associates, Inc.*, 131 F.R.D. 485, 493 *on reconsideration in part*, 131 F.R.D. 512 (N.D. Ill. 1990) *aff'd*, 960 F.2d 640 (7th Cir. 1992) ("[I]t would be entirely inappropriate for this court to hold that the expenditure of time by defense counsel in this area was unreasonable based on any such retrospective and result-oriented approach."); *In re Drexel Burnham Lambert Grp., Inc.*, 133 B.R. 13, 23 (Bankr. S.D.N.Y. 1991) (In determining reasonableness, "the Court must not penalize attorneys by viewing the efforts of counsel with the benefit of '20/20 hindsight.'…[H]ours for an activity or project should be disallowed only where a court is convinced it is readily apparent that no reasonable attorney should have undertaken that activity or project or where the time devoted was excessive."). Therefore, the court overrules any objection as to the unreasonableness of the hours spent related to the deposition of Matthew.

    b.       *The Motion to Convert*

The Joint Objection asserts that $ 36,397.50 in fees accrued in preparing the Motion to Convert are excessive. It also suggests that Committee is acting in bad faith in pursuing the Motion to Convert as opposed to working to facilitate the

confirmation of the Debtor's plan(s).  The Applicant responds that none of the proposed plans of reorganization pay 100% to unsecured creditor's claims because payment of each claim is dependent upon final adjudication of said claim.

The Motion to Convert is before the court on May 22, 2023.  The court notes that the Motion to Convert is over 60 pages and provides much of the Debtor's case history, which has been extensive.  While the case at its inception did not appear to be of a very complex nature, a look at the case docket demonstrates that almost every matter has been contested, which has necessitated hours of research, analysis, contested hearings and appeals.  The Committee believes the culmination of its discovery efforts have made filing the Motion to Convert a foregone conclusion.  The time entries themselves are detailed enough to provide this court with the ability to review and determine the reasonableness of those time entries.  The court finds that the Motion to Convert sets forth many complex issues that would take an unusual amount of time to analyze and research.  Therefore, the court overrules any objection as to the unreasonableness of the hours spent related to the Motion to Convert.

         *c.*        *The Debtor's Application to Employ Factor Law*

The Joint Objection asserts that $ 13,702.50 of fees, accrued in reviewing the Debtor's application to retain William J. Factor and Factor Law (together, "Factor") and related research, should be reduced by $ 13,000.00 to $ 702.50.  It argues that Factor offered to the Committee to withdraw his application [Dkt. No. 646] if it was an issue and did ultimately withdraw it.  The Applicant responds that the potential retention of Factor presented novel factual circumstances because of Factor's past representation of Matthew.  On April 18, 2022, an order was entered substituting Factor as counsel for Matthew and terminating Xydakis' representation.  Order Granting Motion to Substitute Attorney for Matthew Spiegel [Dkt. No. 578].  For that to happen, however, Factor would have to withdraw his representation of Matthew to then represent the Debtor in this case [Dkt. No. 646].  And it was discussions between the Committee, the United States Trustee and Factor that ultimately led to Factor withdrawing the application.  The Applicant conducted several hours of legal research to support its contentions that Factor should not represent the Debtor.  Given that this case has had repeated instances of misbehavior of parties and counsel, the Committee's attempts to ensure this process operated correctly cannot be criticized.  The court therefore overrules any objection as to the unreasonableness of the hours spent related to the Debtor's application to retain Factor.

         *d.*        *The Second Fee Application*

The Joint Objection asserts that $ 9,000.00 of fees, accrued in drafting the Second Interim Application of Adelman & Gettleman, Ltd. for Allowance and Payment of Interim Compensation and Reimbursement of Expenses as Counsel to The Official Committee of Unsecured Creditors [Dkt. No. 481] (the "Second Fee Application") should be reduced by 50% to $ 4,500.00.  The Applicant is seeking $ 9,282.00 in fees related to the preparation of the Second Fee Application, which

constitutes 4.34% of the overall fees sought by the Applicant.  As to the time devoted to the preparation of the fee application itself, the court denies the allowance of compensation that is disproportionate to the total hours in the main case.  *In re Wildman*, 72 B.R. 700, 711 (Bankr. N.D. Ill. 1987) (Schmetterer, J.) ("In the absence of unusual circumstances, the hours allowed by this court for preparing and litigating the attorney fee application should not exceed three percent of the total hours in the main case."); *In re Spanjer Bros., Inc.*, 203 B.R. 85, 93 (Bankr. N.D. Ill. 1996) (Squires, J.) (compensation limited to 5%); *Pettibone*, 74 B.R. at 304 (*citing Coulter v. State of Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986) (in nonbankruptcy cases, compensation for preparation and litigation of fee petitions limited to 3-5% of the hours of the main case)).  Here, the Applicant has already written off several hours it spent preparing the Second Fee Application to comply with this court's previous order [Dkt. No. 605] and local case law.  Therefore, the court overrules any objection as to the unreasonableness of the hours spent related to the preparation of the Second Fee Application.

       e.     *The Debtor's Application to Employ Freeborn & Peters LLP*

The Joint Objection takes issue with the amount of time spent by the Applicant in reviewing the Debtor's employment application of Shelly DeRousse and Freeborn & Peters LLP.  The Debtor asserts that $ 535.50 of fees, accrued in reviewing employment application should be reduced by $ 273.00 to $ 262.50.  He argues that reviewing a retention application is routine and should only take 0.5 hours as opposed to the 1.1 spent by the Applicant.  The court disagrees.  For the reasons previously stated, the Committee had ample reason to look carefully at any application to employ counsel by the Debtor.  The 1.1 hours spent reviewing the employment application is reasonable and the objection thereto is overruled.

       f.     *Recovered Fees*

The Joint Objection further states that three time entries relate to fees that have already been recovered by the Applicant through an order compelling payment [Dkt. No. 522].  The court finds that one time entry, on February 13, 2022, for $ 94.50 [0.3 hours] relates to a previously allowed fee.  The other two entries, both on March 1, 2022, billed by Dwayne and Adelman for $ 94.50 [0.3 hours] and $ 630.00 [1.2 hours] respectively, relate to defending the Second Fee Application.  The Supreme Court in *Baker Botts LLP v. Asarco LLC*, 576 U.S. 121 (2015) held that section 330(a)(1) does not permit a court to award attorney's fees for work performed defending a fee application in court.  The Application has voluntarily written off all other fees related to defending the Second Fee Application, but these three missed entries are unreimbursable under *Asarco*.  The court therefore sustains the three objections as to the unreasonableness of the three time entries in question and will disallow a total of **$ 819.00**.

(2)    <u>Duplication of Services – TOTAL of disallowed amounts: **$ 6,636.00**</u>

The Joint Objection argues that the Applicant should not be compensated for interoffice conferences because they were excessive and the Application provided no

10

explanation of the necessity for two attorneys attending.  The Applicant did not respond to this particular objection, but the Application does state that the conferences allowed for the more senior attorney to guide the less senior attorney to perform more laborious tasks at the lower billable rate.

The court generally denies the allowance of compensation for services that duplicate those of another professional or paraprofessional.  *See* 11 U.S.C. § 330(a)(4)(A)(i).  Reduction in fees is warranted if multiple attorneys from the same firm appear in court on a motion or argument or for a conference, unless counsel adequately demonstrates that each attorney present contributed in some meaningful way.  *Pettibone*, 74 B.R. at 307 ("A debtor's estate should not bear the burden of duplication of services.  If found in the record, such duplication shall be disallowed by the court as unnecessary.").

> a.      *Intra-office Conferences*

The Applicant held many intra-office conferences during this application period.  It is an accepted principle that generally no more than one attorney may bill for time spent in an intra-office conference or meeting absent an adequate explanation.  *See In re Adventist Living Ctrs., Inc.*, 137 B.R. 701, 716 (Bankr. N.D. Ill. 1991) (Sonderby, J.); *Pettibone*, 74 B.R. at 303.  The Application sets out the topics that were addressed at these conferences and it appears to the court that the Committee was engaged in strategy conferences.  *See Adventist Living Ctrs.,* 137 B.R. at 717 ("In a strategy conference one or more attorneys determine the course of a case.  Because strategy conferences involve input from all parties, the court will allow all attorneys present to bill for their time.").  Therefore, the court overrules any objection as to the duplication of the hours spent related to the participation in intra-office conferences.

> b.      *Committee Meetings*

The Applicant also held meetings with the members of the Committee to provide updates on several topics: the Matthew deposition; the results of hearings in the case; and the Debtor's attempt to employ Factor and discovery in the case.  There is no explanation why the Committee meetings necessitated both attorneys attending this update meeting.  *Adventist Living Ctrs., Inc.*, 137 B.R. 701 at 717 ("In an update conference one attorney merely updates another on a case.  No further action is required as in a status conference.").  Therefore, the time entries on January 21, 2022, March 17, 2022, and July 6, 2022, for multiple attorneys are duplicative and unnecessary.  The court will disallow the **$ 1,386.00** requested [1.30 hours; 1.30 hours; and 1.80 hours respectively].

> c.      *Depositions*

The deposition of Matthew took place on January 6, 2022, and was attended by both Adelman and Dwayne.  A review of the transcript indicates that Dwayne conducted the deposition, but both attorneys billed for their time.  However, there is no explanation in the Application why it was necessary for both attorneys to be present at the deposition.  Absent special circumstances, one attorney is sufficient to

handle any deposition. *Wildman*, 72 B.R. at 710. Therefore, the court finds that Adelman's time entry on January 6, 2022, is duplicative and unnecessary and will disallow the **$ 4,357.50** requested [8.30 hours].

> ### d.    Hearing

A hearing was conducted on this case on January 24, 2022, and was attended by both Adelman and Dwayne. The Joint Objection did not take issue with this entry. However, a review of the court hearing audio indicates that Dwayne was the only attorney from the Applicant that actively participated in the hearing. The Applicant itself indicated in the Application that it has independently written off duplicate time entries related to hearings, but it appears that this time entry was missed. The court therefore finds that time entry on January 24, 2022, for Adelman is duplicative and unnecessary and will disallow the **$ 892.50** requested [1.70 hours].

(3)    Lumping – TOTAL of disallowed amounts (10% of affected entries): **$ 619.50**

The Joint Objection has flagged several time entries that the Debtor believes should be reduced for lumping. The court routinely imposes a ten percent penalty on entries that appear to be "lumping." The court will reduce each entry marked as such per the penalty. *Wildman*, 72 B.R. at 709 ("Applicants may not circumvent the minimum time requirement or any of the requirements of detail by "lumping" a bunch of activities into a single entry. [citation omitted]. Each type of service should be listed with the corresponding specific time allotment."). The court has identified nine time entries of Adelman which the court finds to be lumping: (1) January 3, 2022; (2) January 4, 2022; (3) January 5, 2022; (4) January 21, 2022; (5) January 28, 2022; (6) February 11, 2022; (7) February 18, 2022; (8) February 21, 2022; and (9) March 16, 2022. Those entries requested a total amount of $ 6,195.00 and, in light of the lumping, that amount will be reduced by **$ 619.50** [10%].

(4)    No Benefit to the Estate – TOTAL of disallowed amounts: **$ 0.00**

The Joint Objection states that entries related to the Applicant monitoring state court litigation involving the Debtor and Committee members should be reduced from $ 2,525.00 to $ 0.00 because it is not part of their duties and provides no benefit to the estate. Courts will deny fees relating to services that do not benefit the estate or that are not necessary to the administration of the case. 11 U.S.C. § 330(a)(4)(A). The Applicant responds by stating that they do not represent any party other than the Committee, however, they have been monitoring the state court litigation to keep this court and the United States Trustee apprised of the status. This explanation by the Applicant is consistent with the Committee's duties under section 1103(c)(2) that states a committee may investigate the acts, conduct, assets, liabilities, and financial condition of a debtor. The state court litigation involves the Debtor's appeals related to unsecured creditors' claims. This undoubtedly reflects the liabilities and financial conditions of the Debtor and therefore affects this case. While the Applicant is cautioned that involvement in this litigation other than monitoring is impermissible, the court overrules any objection in this regard.

The Joint Objection also takes issue with entries related to the Applicant researching the Debtor's objections to Committee members' claims and suggests such entries should be

12

reduced from $ 2,278.50 to $ 0.00 because they do not benefit the estate.  Again, the court finds these this activity is squarely within the function of a committee under section 1103(c)(2).  Though one of the subject time entries has been reduced for a different reason, the court overrules any objections on this basis.

(5)     Improper Allocation of Professional Resources – TOTAL of disallowed amounts **$ 3,507.00**

The court has independently identified seventeen time entries in which legal research was conducted by Adelman at the partner rate of $ 525.00 per hour.  A total of 16.7 hours were spent on legal research for a total amount of $ 8,767.50 of requested fees.  The Application states that whenever possible, legal research was performed by staff with lower hourly rates.  A firm's staffing limitations cannot become an inappropriate burden on the Debtor's estate and the Applicant has not provided an explanation as to why a senior partner's time or rate was appropriate for legal research.

The court routinely denies the allowance in part of compensation for the indicated task(s) as a professional with a lower level of skill and experience or a paraprofessional could have performed the task(s).  *Pettibone*, 74 B.R. at 303 ("Senior partner rates will be paid only for work that warrants the attention of a senior partner.  A senior partner who spends time reviewing documents or doing research a beginning associate could do will be paid at a rate of a beginning associate. [Citation omitted].  Similarly, non-legal work performed by a lawyer which could have been performed by less costly non-legal employees should command a lesser rate."); *Wildman*, 72 B.R. at 710 (same); *In re Alberto*, 121 B.R. 531, 535 (Bankr. N.D. Ill. 1990) (Squires, J.) (determining use of partner appropriate where attendant complex legal issues warrant highly experienced practitioner).

Absent explanation, the court concludes that the research performed by Adelman should have been completed by an associate with a lower rate or billed by himself at a lower rate.  The court therefore reduces the billing rate from $ 525.00/hour (Adelman's rate) to $ 315.00/hour (the rate billed by the Applicant for associate involvement).  The court will therefore reduce the allowed fees by **$ 3,507.00** (the net total reduction of the time affected time entries to the lower rate).

IT IS, THEREFORE, HEREBY ORDERED THAT:

1.     All objections to the Application not expressly sustained herein are OVERRULED for the reasons stated herein.

2.     The Application is GRANTED IN PART and DENIED IN PART, in the manner set forth herein and as summarized at the outset of this Order.

ENTERED:

Dated: March 17, 2023

Timothy A. Barnes, Judge
United States Bankruptcy Court

13

# EXHIBIT A

LAW OFFICES

# Adelman & Gettleman, Ltd.

**53 W. JACKSON BOULEVARD, SUITE 1050**

**CHICAGO, ILLINOIS 60604**

**312-435-1050**

**FAX 312-435-1059**

**FEIN 36-3382789**

September 30, 2022

| | |
|---|---|
| James L. Waite | Invoice No:  17549    HLA |
| Official Committee of Unsecured | Client No:  2592    00001 |
| Creditors for Marshall Spiegel | Billing through:  07/31/22 |
| 1618 Sheridan Road, Unit 8 | |
| Wilmette, IL  60091 | |

## RE:  Chapter 11 Case Administration
## Services Rendered

| Date | Atty | Description | Hours |
|---|---|---|---|
| 01/05/22 | NRD | Minor revisions to CD transaction funds flow demonstrative exhibit; double check math; incorporate into deposition binder. | 0.30 hrs |
| 01/09/22 | NRD | Email exchange with M. Pakter re hearing logistics. | 0.20 hrs |
| 01/10/22 | HLA | Review and analysis of motion filed by Wintrust for allowance of claim; identify issues to discuss with committee. | 0.20 hrs |
| 01/10/22 | HLA | Review and analysis of communication from attorney for Wintrust regarding representation of Debtor on appeal and conflicts of interest in representing the estate. | 0.30 hrs |
| 01/10/22 | NRD | Review and analysis of docket and motion to set hearing on disclosure statement; prepare for hearing. | 0.20 hrs |
| 01/10/22 | NRD | Appearance at hearing on case status, motion to set disclosure statement hearing, and Wintrust adversary. | 0.90 hrs |
| 01/10/22 | NRD | Conference with HLA re hearing debrief and plans for action with respect to Xydakis. | 0.10 hrs |
| 01/11/22 | NRD | Confer with HLA re analysis of tax issues related to Greenleaf transfer and need for accountant to investigate further. | 0.30 hrs |
| <u>01/24/22</u> | <u>HLA</u> | <u>Preparation for and attend court hearing regarding agenda of matters including fee payments, compel, conversion and administrative insolvency.</u>  (2) Duplication. 100% reduced. | <u>1.70 hrs</u> |
| 01/24/22 | HLA | Review and analysis of the ARDC complaint against J. Xydakis; identify committee responsibilities. | 0.30 hrs |
| 01/24/22 | NRD | Preparation for hearing in Chapter 11 Case, including review and analysis of briefings on motions up for ruling and short conference with HLA regarding same. | 0.40 hrs |
| 01/24/22 | NRD | Telephone conference with D. Hyde regarding debrief from hearing and further Committee action in light of Court's ruling and statements regarding conversion. | 0.30 hrs |
| 01/24/22 | NRD | Appearance at hearing on multiple issues in Chapter 11 case including cross motions on fee shifting related to 2004 discovery and Committee motion to compel payment of fees or to convert case, and argue for Committee's position on each. | 1.80 hrs |
| 01/26/22 | HLA | Review and analysis of latest monthly report filed by Debtor; compare with previous reports. | 0.20 hrs |
| 01/26/22 | HLA | Review and analysis of court orders; be prepared to discuss with Committee. | 0.20 hrs |
| 01/26/22 | NRD | Review and analysis of order entered by Court regarding administrative bar date, rattable payment of fees, and continuation of motion to convert. | 0.20 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  2

OCUC of Marshall Spiegel                    2592                    00001                              Invoice No:    17549

| Date | Init | Description | Hours |
|---|---|---|---|
| 01/26/22 | NRD | Review and analysis of Debtor's December monthly operating report; identify missing page and account statement from same. | 0.20 hrs |
| 01/26/22 | NRD | Telephone conference with B. Freud re results of Monday hearing, admissions in Matthew deposition relevant to Wintrust interests, and Committee actions going forward. | 0.20 hrs |
| 02/01/22 | NRD | Conference with HLA re further actions in case and need to focus on discovery. | 0.10 hrs |
| 02/01/22 | NRD | Zoom conference with M. Pakter, L. Sugar, and HLA re Debtor's new plan, tasks required of accountants and motion to convert. | 1.20 hrs |
| 02/03/22 | NRD | Conference with HLA re strategy for Debtor deposition, settlement offer, check for fees and fees going forward, and timing of currently in process motions. | 0.60 hrs |
| 02/04/22 | NRD | Receipt, review, and analysis of email from D. Lloyd re discovery issues and confirming funding of Greenleaf loan and willingness of Debtor to pay fees immediately. | 0.20 hrs |
| 02/04/22 | NRD | Call with HLA re Lloyd email and fees and response to same. | 0.10 hrs |
| 02/07/22 | HLA | Review and analyze communications from Debtor's counsel regarding payment of interim fees, successful plan funding, and disclosure statement motion. | 0.30 hrs |
| 02/07/22 | NRD | Review and analysis of Debtor motion to set hearing on claim objection. | 0.10 hrs |
| 02/08/22 | NRD | Email exchange with Committee member re investigation of mortgage, has it been recorded? | 0.10 hrs |
| 02/09/22 | HLA | Lengthy telephone conference with G. Silver regarding her email on use of third party funds to fund plan, support on payment of interim fees, and conversion. | 0.30 hrs |
| 02/09/22 | HLA | Lengthy telephone conference with attorney for Wintrust regarding J. Xydakis representation of Marshall Spiegel on appeal, and failure to request authority to be retained, merits of appeal, and support for motion to convert. | 0.40 hrs |
| 02/09/22 | NRD | Research re title to Greenleaf Property including recording of mortgage. Such research involving review and analysis of recorder of deeds office, land trust documents, and interface with staff re communications with Chicago title. | 0.70 hrs |
| 02/14/22 | NRD | Appearance at hearing on motion to compel payment of interim fees and motion to set hearing on disclosure statement, both motions denied after argument. | 1.40 hrs |
| 02/14/22 | NRD | Conference with HLA re results of hearing, strategy going forward. | 0.70 hrs |
| 02/14/22 | NRD | Call with D. Hyde re results of hearing, motion to compel. | 0.30 hrs |
| 02/14/22 | NRD | Conference call with G. Silver re results of hearing, motion to compel, payment of interim fees, and UST actions. | 0.30 hrs |
| 02/16/22 | HLA | Review docket, pending motions, plan and disclosure statement, and results of hearings. | 0.40 hrs |
| 02/17/22 | NRD | Review and analysis of recent state court rulings regarding sanctions true up and other frivolous litigation being prosecuted by Debtor. | 0.40 hrs |
| 02/21/22 | NRD | Telephone conference with D. Hyde re settlement offer. | 0.30 hrs |
| 02/21/22 | NRD | Telephone conference with J. Shriver, attorney for creditor, re proposed settlement offer to Debtor. | 0.20 hrs |
| 02/25/22 | NRD | Conference with HLA re pending motions for filing on 2/28 and motion to convert, strategy for each. | 0.30 hrs |
| 02/28/22 | NRD | Appearance at hearing on multiple motions, argue Committee's position on such motions, inform judge of new filings, reciept of briefing schedule on motions. | 1.40 hrs |
| 03/01/22 | NRD | Conference call with G. Silver of UST re status of case and plans for motion to convert. | 0.80 hrs |

**Adelman & Gettleman, Ltd.**                                                                          Page No.  3

OCUC of Marshall Spiegel                              2592              00001                    Invoice No:    17549

| | | | |
|---|---|---|---|
| 03/03/22 | NRD | Review and analysis of Debtor motion to obtain credit, which does not attach agreement. | 0.20 hrs |
| 03/04/22 | HLA | Review and analysis of communication from Debtor's counsel regarding settlement offer, new lending, and potential involvement of D. Welch. | 0.30 hrs |
| 03/04/22 | HLA | Lengthy telephone conference with attorney for condo association regarding determination by state court of double recovery claim asserted by Marshall Spiegel, and rejection by Circuit Court of Cook County. | 0.30 hrs |
| 03/08/22 | NRD | Email exchange with D. Welch re appearance as additional counsel to Greenleaf and setting call re case background. | 0.10 hrs |
| 03/09/22 | HLA | Lengthy telephone conference with G. Silver, UST, regarding monthly reports, motion to extend credit, motion to convert, and bar date for objection to claims. | 0.30 hrs |
| 03/09/22 | HLA | Continue to research financial affairs of Marshall Spiegel and Greenleaf by review of financial statements, operating agreements and applicable tax law to determine failure of Greenleaf to pay reasonable salary for compensation to Marshall Spiegel as in violation of Sub S election and risk of recharacterization by IRS resulting in higher taxes to Marshall Spiegel and Greenleaf, not to say the violation of the law in Marshall Spiegel attempting to avoid the payment of FICA for the distributions he takes and lives upon; Sub S law requires identical rights regarding distributions and requires a reasonable salary to member employees; this is not being done by Greenleaf. | 1.20 hrs |
| 03/09/22 | NRD | Email exchange with M. Pakter re appearance at presentment hearing on accountant fee app. | 0.10 hrs |
| 03/09/22 | NRD | Telephone conference with D. Welch and HLA re Welch's role in case and potential settlement. | 0.30 hrs |
| 03/10/22 | HLA | Lengthy telephone conference with E. Murphy regarding status of chapter 11 case, objection to plan, motion to convert, and state court litigation. | 0.40 hrs |
| 03/11/22 | HLA | Commence review and analysis of court's opinion in objection to Wintrust claim, paying particular attention to claim objection process and involvement of J. Xydakis. | 0.40 hrs |
| 03/11/22 | HLA | Lengthy telephone conference with attorney for association, E. Murphy, regarding motion to convert, Wintrust claim, feasibility, lack of good faith, and strategy. | 0.40 hrs |
| 03/14/22 | NRD | Begin preparation for hearing on multiple issues, including review and analysis of motions, briefings, and court orders, and drafting of arguments. | 1.20 hrs |
| 03/14/22 | NRD | Conference with HLA re hearing and approaches for same. | 0.20 hrs |
| 03/14/22 | NRD | Appearance at hearing in case, argue Committee position on several motions, entry of orders resolving several motions. | 2.40 hrs |
| 03/14/22 | NRD | Conference with HLA re debrief from hearing, analysis of judge's demeanor and holdings, discussions of further actions prior to next hearing. | 0.30 hrs |
| 03/15/22 | HLA | Review and analyze numerous court orders entered today after court hearing involving fee shifting, attorneys fees, conversion, and administrative expenses. | 0.30 hrs |
| 03/15/22 | NRD | Review and analysis of multiple orders docketed regarding 3/14 hearing. | 0.30 hrs |
| 03/15/22 | NRD | Draft tracking chart for all pending matters and due dates in case. | 0.30 hrs |
| 03/16/22 | HLA | Attendance at office conference with NRD regarding revisions to court orders, possible objection to fee petition of Debtor's counsel, further research on motion to convert and narrowing basis, and motion for derivative standing. | 0.40 hrs |
| 03/16/22 | NRD | Conference with HLA re entry of order compelling payment of fees and further actions at this juncture in case, including amendment to proposed order on dep protocols. | 0.30 hrs |
| 03/18/22 | NRD | Begin drafting outlines/skeletons of all responses pleadings due in early April. | 0.70 hrs |
| 03/21/22 | HLA | Telephone conference with attorney for M. Kim regarding motion to convert, | 0.40 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  4

OCUC of Marshall Spiegel                              2592                  00001                                    Invoice No:      17549

| Date | Init | Description | Hours |
|---|---|---|---|
| | | objection to plan, and payment of administrative expenses. | |
| 03/24/22 | HLA | Telephone conference with attorney for creditors Murphy, Hall, and Waite regarding appeal, sanctions, interim compensation, and conversion. | 0.40 hrs |
| 03/31/22 | NRD | Review and analysis of hearing transcript from 3/14 hearing to further understand Court's rulings, and expectations. | 0.30 hrs |
| 03/31/22 | NRD | Telephone conference with counsel to Association re fees payment, motion to convert, and J. Xydakis actions in Cook County. | 0.30 hrs |
| 04/07/22 | NRD | Conference with HLA re due dates of papers and approach to replies re discovery issues. | 0.20 hrs |
| 04/11/22 | NRD | Review and analysis of recent Cook County pleadings and email update from Committee member re true up of sanctions. | 0.10 hrs |
| 04/12/22 | NRD | Email exchange with Greenleaf and Matthew new counsel re introduction and payment of fees. | 0.20 hrs |
| 04/13/22 | HLA | Review appearance of W. Factor to substitute for J. Xydakis; brief telephone conference with W. Factor regarding retention and desire to reach settlement. | 0.30 hrs |
| 04/13/22 | NRD | Interoffice conference with HLA re strategy for settlement offer and negotiation with new counsel. | 0.40 hrs |
| 04/15/22 | HLA | Commence review and analysis of motion for relief from stay filed by Wintrust; identify issues to discuss with committee. | 0.20 hrs |
| 04/18/22 | NRD | Email exchange with G. Silver re results of hearing and preparation for 25th hearing. | 0.20 hrs |
| 04/19/22 | HLA | Review and analysis of tardy filed operating report; identify deficiencies and lack of detail. | 0.20 hrs |
| 04/19/22 | NRD | Review and analysis of March monthly operating report. | 0.20 hrs |
| 04/22/22 | HLA | Preparation for and participation in lengthy conference call with attorneys D. Welch and W. Factor regarding structure of settlement, pending plan, request for continuance, discussion of conversion, and finality. | 0.60 hrs |
| 04/25/22 | HLA | Preparation for court hearing involving 10 different matters; brief review of pending motions and responses. | 0.60 hrs |
| 04/25/22 | NRD | Draft email to M. Pakter re results of hearing and allowance of fees. | 0.10 hrs |
| 04/25/22 | NRD | Telephone conference with G. Silver re hearing preparation and approach to motion to convert. | 0.50 hrs |
| 04/25/22 | NRD | Telephone conference with B. Freud re Wintrust motion, objection, and preparation for hearing. | 0.20 hrs |
| 04/25/22 | NRD | Telephone conference with M. Pakter re status of the case and hearing preparation. | 0.20 hrs |
| 04/25/22 | NRD | Preparation for hearing including review and analysis of all motions up for ruling and related briefings. | 1.10 hrs |
| 04/25/22 | NRD | Appearance at hearing in chapter 11 case regarding numerous motions, argue Committee's position re same. | 1.60 hrs |
| 04/26/22 | HLA | Review and analyze court orders entered after yesterday's hearing; tie into pending motions and matters on docket. | 0.30 hrs |
| 05/04/22 | NRD | Review and analysis of Debtor's motion to authorize borrowing and begin to outline response to same. | 0.60 hrs |
| 05/05/22 | NRD | Confer with HLA re status of negotiations with D. Factor re settlement and discover as well as brainstorming session on strategy. | 0.40 hrs |
| 05/09/22 | NRD | Review and analysis of Debtor response to motion for stay relief. | 0.20 hrs |
| 05/09/22 | NRD | Review and analysis of latest Debtor filing in state court. | 0.20 hrs |
| 05/16/22 | NRD | Telephone conference with M. Roberts, counsel to Association and other creditors, re results of hearing and status of state court litigation. | 0.30 hrs |
| 05/16/22 | NRD | Review and analysis of latest order from state court re Debtor litigation efforts. | 0.10 hrs |

**Adelman & Gettleman, Ltd.**                                                    Page No.  5

OCUC of Marshall Spiegel                    2592            00001                    Invoice No:    17549

| | | | |
|---|---|---|---|
| 05/23/22 | NRD | Review and analysis of Wintrust reply in support of motion for stay relief. | 0.20 hrs |
| 06/01/22 | NRD | Review and analysis of J. Xydakis's latest filing in state court. | 0.20 hrs |
| 06/02/22 | NRD | Review and analysis of Debtor's latest filing in state court. | 0.20 hrs |
| 06/09/22 | NRD | Review and analysis of latest monthly operating report. | 0.20 hrs |
| 06/14/22 | NRD | Telephone conference with D. Welch re agreed handling of upcoming hearing and settlement of case; follow up emails with D. Welch and W. Factor confirming agreement. | 0.30 hrs |
| 06/15/22 | NRD | Preparation for hearing on motion for borrowing and discovery motions, including review and analysis of briefings on motions up for ruling, and outlining arguments | 0.80 hrs |
| 06/15/22 | NRD | Appearance and participation in hearing on multiple issues in chapter 11 case including motion for borrowing, discovery issues, and Wintrust stay relief motion. | 1.10 hrs |
| 06/15/22 | NRD | Draft email to D. Lloyd re response to request for calculation of claims and offer re settlement. | 0.50 hrs |
| 06/15/22 | NRD | Telephone conference with G. Murphy re clarification of status of sanctions claims. | 0.10 hrs |
| 06/15/22 | NRD | Review and analysis of orders docketed from hearing. | 0.20 hrs |
| 06/15/22 | NRD | Conference with HLA re debrief from hearing and strategy of Committee going forward with respect to discovery and conversion of case. | 0.40 hrs |
| 06/16/22 | NRD | Telephone conference with D. Newby, counsel to insurance carrier, re updates from hearing, and case status generally. | 0.40 hrs |
| 06/20/22 | NRD | Receipt of voicemail from M. Roberts, counsel to association, re appellate sanctions orders; respond via email requesting orders. | 0.10 hrs |
| 07/06/22 | HLA | Attendance at office conference with NRD regarding preparation for court hearing, review of agenda status, and position of committee on each of the pending matters. | 0.30 hrs |
| 07/06/22 | NRD | Exchange of emails with W. Factor re approach to hearing sans Lloyd. | 0.10 hrs |
| 07/06/22 | NRD | Preparation for hearing on retention application, fee motion, and discovery motions including outlining of presentations and review of motions. | 0.50 hrs |
| 07/06/22 | NRD | Appearance at hearing on multiple issues in case, argue Committee position with respect to each. | 1.00 hrs |
| 07/06/22 | NRD | Conference with HLA re preparation for hearing on multiple issues in case. | 0.20 hrs |
| 07/07/22 | NRD | Telephone conference with B. Freud, counsel to Wintrust, re update on status including debrief of hearing. | 0.30 hrs |
| 07/19/22 | NRD | Review and analysis of June operating report. | 0.10 hrs |
| 07/21/22 | NRD | Conference with HLA re strategy re new counsel for Debtor, Greenleaf avoidance action, statute of limitation, derivative standing, and complaint drafting. | 0.30 hrs |
| 07/22/22 | HLA | Preparation for and participate in conference call with new counsel to the Debtor, S. DeRouse; extensive discussion with S. DeRouse regarding issues in case, status and attempts to reach compromise. | 0.50 hrs |
| 07/22/22 | NRD | Telephone conference with D. Newby re updates on status of case including Debtor's counsel issues. | 0.20 hrs |
| 07/22/22 | NRD | Begin drafting settlement letter to S. DeRouse re dismissal of all appeals and claims objections and finality with all parties. | 0.30 hrs |
| 07/27/22 | NRD | Draft email to S. DeRouse re approach to hearing. | 0.10 hrs |
| 07/27/22 | NRD | Preparation for and attendance at hearing on retention to Debtor's new counsel and other matters. | 0.60 hrs |

| | | | |
|---|---|---|---|
| Adelman, Howard L. | 12.10 hrs | 525 /hr | $6,352.50 |
| Dwayne, Nicholas R | 36.50 hrs | 315 /hr | $11,497.50 |

**Adelman & Gettleman, Ltd.**

OCUC of Marshall Spiegel                    2592              00001                    Invoice No:    17549

|  |  | | |
|---|---|---|---|
| | Total fees for this matter | 48.60 hrs | $17,850.00 |

**Disbursements**

| Date | Description | Amount |
|---|---|---|
| 01/31/22 | Pacer Service Center - On-line court research 10/1/21 throuh 12/31/21. | 7.10 |
| 02/08/22 | D&E Reporting - copy of transcript | 328.85 |
| 03/04/22 | Illinois Secretary of State - (4) vehicle title searches | 40.00 |
| 03/09/22 | Sixteen Eighteen LLC, 1116-22 Greenleaf Building LLC, Matthew Speigel - Illinois Sec of State  SPI Corporation Solutions INV 75649 | 440.00 |
| 03/16/22 | D&E Reporting transcript of hearing INV 1708 | 350.38 |
| 05/01/22 | Conference communications - period ending 4/30/22. | 66.35 |
| 07/01/22 | Pacer Service Center - On-line court research 3/1/22 - 6/30/22 | 13.90 |
| | Total disbursements for this matter | $1,246.58 |

**Billing Summary**

| | | | |
|---|---|---|---|
| | Total Fees | 48.60 hrs | $17,850.00 |
| | Total Disbursements | | $1,246.58 |
| | **TOTAL CHARGES FOR THIS BILL** | | **$19,096.58** |

---

**ACH/WIRE TRANSFER INSTRUCTIONS**

Wintrust Bank                    Adelman & Gettleman, Ltd. - General Account
231 S. LaSalle St., 2nd Floor    Account Number:        3805304288
Chicago, IL 60604                ABA Routing Number:  071925444
                                 Reference:                17549

We encourage ACH or Wire Transfer Payments

LAW OFFICES

# Adelman & Gettleman, Ltd.

**53 W. JACKSON BOULEVARD, SUITE 1050**

**CHICAGO, ILLINOIS 60604**

**312-435-1050**

**FAX 312-435-1059**

**FEIN 36-3382789**

September 30, 2022

James L. Waite                                         Invoice No:  17550        HLA
Official Committee of Unsecured                     Client No:  2592        00002
Creditors for Marshall Spiegel                    Billing through:  07/31/22
1618 Sheridan Road, Unit 8
Wilmette, IL  60091

**RE:  Committee Administration**
**Services Rendered**

| Date | Atty | Description | Hours |
|---|---|---|---|
| 01/04/22 | HLA | Review communication from chairman of committee regarding response of D. Lloyd; analyze communication for strategy on motion to compel. | 0.30 hrs |
| 01/10/22 | NRD | Telephone conference with B. Hall regarding results of hearing and scheduling of next Committee meeting to discuss further action regarding J. Xydakis conduct at dep. | 0.20 hrs |
| 01/10/22 | NRD | Draft detailed email to members of Committee regarding debrief from Matthew dep, Reply filing, and hearing. | 0.30 hrs |
| 01/13/22 | HLA | Telephone conference with counsel to condo association regarding need for meeting, outcome of deposition, likelihood of getting financing, and strategy. | 0.40 hrs |
| 01/18/22 | NRD | Email exchange with members of Committee regarding status of Matthew dep transcript and postponement of meeting until transcript in hand. | 0.20 hrs |
| 01/20/22 | NRD | Conference call with D. Hyde regarding J. Xydakis ARDC complaint, Matthew deposition, Monday hearing, and pending adversary regarding sanctions double dipping. | 0.80 hrs |
| 01/21/22 | HLA | Preparation for and participation in committee meeting regarding agenda of items including deposition of Matthew, three motions in drafting, objection to plan, and involvement of UST. | 1.50 hrs |
| 01/21/22 | NRD | Draft agenda for Committee meeting; set up Zoom conference for same; draft email to members regarding same. | 0.50 hrs |
| <u>01/21/22</u> | <u>NRD</u> | <u>Attendance at Committee meeting regarding Matthew deposition results and further Committee action in light of same.</u>  (2) Duplication. 100% reduced. | <u>1.30 hrs</u> |
| 01/24/22 | NRD | Telephone conference with B. Hall, Committee Member, regarding debrief from hearing and further Committee action in light of Court's ruling and statements regarding conversion. | 0.30 hrs |
| 02/03/22 | NRD | Draft email to Committee chair re receipt of Debtor's post-dated check, timing of deposit, fees issues going forward, status on discovery motion drafting, and next meeting. | 0.20 hrs |
| 02/04/22 | NRD | Email and telephone exchange with counsel to Condo Association re pending complaint against J. Xydakis and general case status. | 0.30 hrs |
| 02/04/22 | NRD | Draft email to members of the Committee re payment of fees and Lloyd email re loan funding and payment of further fees. | 0.20 hrs |
| 02/07/22 | NRD | Draft detailed email to Committee members re Lloyd email alleging loan has closed but Debtor unable to use funds for any purpose other than plan, shell game; review of responses and respond. | 0.40 hrs |
| 02/08/22 | NRD | Call with B. Hall, Committee Chair, re recent communications with D. Lloyd | 0.70 hrs |

**Adelman & Gettleman, Ltd.**

OCUC of Marshall Spiegel                               2592                    00002                          Invoice No:     17550

| | | | |
|---|---|---|---|
| | | re dep, mortgage closing, pending discovery motions, and plan confirmation timeline. | |
| 02/09/22 | HLA | Review and analysis of communication to committee members and responses relating to funding of loan. | 0.30 hrs |
| 02/11/22 | NRD | Draft email to Committee re motion on deposition protocols and filing of same. | 0.20 hrs |
| 02/14/22 | NRD | Draft two emails to Committee members in response to emails from previous evening re results of hearing and next Committee meeting. | 0.20 hrs |
| 02/14/22 | NRD | Call with B. Hall, Committee chairman, re debrief from hearing, judge instruction to move to convert, Committee member tasks, and next meeting. | 1.00 hrs |
| 02/14/22 | NRD | Telephone call with J. Waite, Committee member, re results of hearing. | 0.20 hrs |
| 02/15/22 | NRD | Draft several emails to members of the Commitee re scheduling meeting regarding results of hearing and judge's suggestion re conversion motion. | 0.20 hrs |
| 02/15/22 | NRD | Telephone call with B. Hall, Committee chair, re hearing results, motions to convert, and Committee strategy going forward. | 0.50 hrs |
| 02/17/22 | NRD | Attendance and lead meeting of Committee members primarily regarding motion to convert, prove up required, strategy for same, concerns, risks, timing, and other considerations. | 1.30 hrs |
| 02/17/22 | NRD | Email exchange with Committee members re state court litigation. | 0.20 hrs |
| 02/21/22 | HLA | Preparation of email to Committee members regarding settlement offer and working with Debtor for joint plan of reorganization. | 0.30 hrs |
| 02/24/22 | HLA | Review and revise letter to unsecured creditors committee on status and recommendations | 0.30 hrs |
| 02/26/22 | NRD | Review and respond to email from Committee chair re Lloyd fee app and Greenleaf mortgage. | 0.10 hrs |
| 02/28/22 | HLA | Review and analysis of emails from committee members after court hearing; consider responses. | 0.30 hrs |
| 02/28/22 | NRD | Draft detailed email to Committee members re results of hearing, motions and other pleadings filed today, and work for remainder of week. | 0.20 hrs |
| 03/04/22 | HLA | Review, analyze and respond to four emails from the chairman of the creditors committee regarding comprehensive settlement, involvement of new counsel, terms of Greenleaf mortgage, cash flow issues, and good faith issues. | 0.60 hrs |
| 03/04/22 | HLA | Review responses to committee inquiry by NRD relating to developments in case relating to new lending and new counsel; prioritize and analyze for discussion with committee members. | 0.40 hrs |
| 03/04/22 | HLA | Attendance at office conference with NRD regarding communication with creditors committee, new lending facility, bad faith issues, and motion to convert. | 0.30 hrs |
| 03/04/22 | NRD | Draft two detailed responsive emails to Committee members re multiple issues flagged relating to motion to obtain credit and sham nature of proposed arrangement. | 0.60 hrs |
| 03/04/22 | NRD | Conference with HLA re communications with Committee re settlement and Greenleaf's new counsel, and case conversion. | 0.30 hrs |
| 03/08/22 | NRD | Email exchange with Committee members re briefing on J. Xydakis fee issues. | 0.10 hrs |
| 03/15/22 | NRD | Draft detailed email to Committee members re summary of 3/14 hearing, orders entered, next watershed hearing in case, and need to have Committee meeting re same. | 0.30 hrs |
| 03/15/22 | NRD | Email exchanges with Committee members re scheduling meeting. | 0.20 hrs |
| 03/16/22 | HLA | Review communication from committee members regarding court hearing; prepare response. | 0.20 hrs |
| 03/16/22 | NRD | Draft email to Committee members attaching most recent orders as requested. | 0.10 hrs |
| 03/17/22 | HLA | Preparation for and participation in  lengthy conference call to meeting with | 1.70 hrs |

**Adelman & Gettleman, Ltd.**

OCUC of Marshall Spiegel                         2592              00002                            Invoice No:      17550

| | | | |
|---|---|---|---|
| | | creditors committee regarding outcome of court hearings, pending matters, potential settlement, motion to convert, payment of administrative expenses, need for depositions of Marshall Spiegel, and likely outcome of latest hearings. | |
| 03/17/22 | NRD | Attendance at Committee meeting on debrief from Monday hearing, calendar of case for next month and half, opportunities the Debtor may cause  (2) Duplication. 100% reduced.  conversion, and preparation for hearing on 4/25. | 1.30 hrs |
| 03/24/22 | NRD | Draft email to members of Committee re appeals, attaching filings. | 0.10 hrs |
| 03/30/22 | NRD | Email exchange with Committee member re multiple appeals filed and effect of same. | 0.20 hrs |
| 04/05/22 | HLA | Review and analysis of communication from creditors committee members regarding fee objections; outline issues for reply. | 0.20 hrs |
| 04/05/22 | NRD | Receipt, review, and analysis of Committee member email re recent filings by J. Xydakis. | 0.10 hrs |
| 04/08/22 | NRD | Draft detailed email to Committee members re analysis of motion to employ appellate counsel and Committee role in same. | 0.30 hrs |
| 04/10/22 | NRD | Draft responsive email to Committee member re Debtor cash flow and incorporation into motion to convert. | 0.10 hrs |
| 04/10/22 | NRD | Draft responsive email to Committee members re Monday hearing and approach to motion to retain appellate counsel. | 0.10 hrs |
| 04/11/22 | NRD | Review and analysis of emails from Committee members re comments to draft replies. | 0.10 hrs |
| 04/13/22 | HLA | Preparation for and participation in conference call with B. Hall, chair of committee, regarding structure of settlement, new counsel to Greenleaf and Matthew, and strategy. | 0.60 hrs |
| 04/13/22 | NRD | Email exchange with Committee chair re update on status and need to discuss settlement. | 0.10 hrs |
| 04/13/22 | NRD | Conference call with HLA and B. Hall re approach to settlement negotiations. | 0.60 hrs |
| 04/14/22 | HLA | Review, analyze and respond to emails from B. Hall, chair of creditors committee, regarding potential settlement negotiations, involvement of new counsel, pros and cons, and outlining settlement terms. | 0.30 hrs |
| 04/15/22 | HLA | Telephone conference with B. Hall, chair of the committee, regarding status of motion to convert, discovery, and potential settlement options. | 0.30 hrs |
| 04/18/22 | HLA | Review and analyze email communications from committee members and others relating to court hearing, including B. Hall, regarding outcome of court hearings, strategy, and followup. | 0.30 hrs |
| 04/18/22 | HLA | Telephone conference with B. Hill regarding outcome of court hearing and strategy. | 0.20 hrs |
| 04/18/22 | NRD | Email exchange with Committee member re hearing and strategy going forward. | 0.10 hrs |
| 04/19/22 | HLA | Telephone conference with B. Hill regarding status of state court litigation, growing up claims, and impact on claims in chapter 11. | 0.30 hrs |
| 04/25/22 | NRD | Telephone conference with B. Hall re updates on call with Factor and Welch, hearing preparation, and timing of motion to convert. | 0.70 hrs |
| 04/25/22 | NRD | Draft email to Committee members re result of hearing and scheduling of committee meeting re next steps. | 0.20 hrs |
| 04/26/22 | HLA | Review and analyze proposed agenda for creditors committee meeting; add topics. | 0.30 hrs |
| 04/28/22 | HLA | Preparation for and participation in lengthy conference call with creditors committee regarding outcome of court hearing, involvement of new counsel, proposed settlement, discovery, contesting plan, and strategy. | 1.50 hrs |
| 04/28/22 | NRD | Attendance and participation in meeting of unsecured creditors committee | 1.50 hrs |

**Adelman & Gettleman, Ltd.**                                                    Page No.  4

OCUC of Marshall Spiegel                    2592              00002                    Invoice No:    17550

|  |  |  |  |
|---|---|---|---|
|  |  | meeting re results of Monday hearing and steps going forward in case, inlcuding negotiations with new counsel. |  |
| 04/29/22 | HLA | Review and analysis of communication from two members of the creditors committee regarding tax impact of distributions and strategy with new counsel. | 0.30 hrs |
| 05/16/22 | NRD | Exchange emails with Committee members re proof and revisions to response to motion for borrowing. | 0.20 hrs |
| 05/19/22 | HLA | Review and respond to email from unsecured creditors committee members regarding new production of documents, and remaining open issues, confirmation issues, and delay issues. | 0.20 hrs |
| 06/11/22 | NRD | Receipt, review, and analysis of three emails from Committee member analyzing various Debtor actions. | 0.20 hrs |
| 06/13/22 | NRD | Review and analysis of three emails from Committee member received over the weekend regarding analysis and strategy; draft responsive email to same. | 0.40 hrs |
| 06/14/22 | HLA | Review and analysis of emails from committee members regarding opposition to motion to borrow of debtor and strategy of committee. | 0.40 hrs |
| 06/14/22 | NRD | Email exchange with Committee members re general updates on status. | 0.20 hrs |
| 06/28/22 | NRD | Exchange of several emails with Committee members re scheduling a meeting to discuss W. Factor retention application. | 0.40 hrs |
| 06/29/22 | HLA | Review and respond to communications from creditors committee members regarding substitution of counsel and impact on chapter 11 case. | 0.30 hrs |
| 06/30/22 | HLA | Review, analyze and respond to communications from committee members and attorneys for committee members regarding motion for substitution of attorneys, impact on estate, issues with 327 of the bankruptcy code, disinterestedness, and research to be performed. | 0.40 hrs |
| 06/30/22 | HLA | Office conference with NRD regarding meeting with creditors committee and agenda; establish agenda for committee, and pro and con of opposing retention. | 0.30 hrs |
| 07/01/22 | HLA | Review, analyze, and respond to emails from creditors committee members regarding retention by debtor-in-possession of Matthew Spiegel's attorney and problems with representation of debtor-in-possession. | 0.30 hrs |
| 07/01/22 | NRD | Exchange of three emails with Committee members re hearing time and setting Committee meeting. | 0.20 hrs |
| 07/05/22 | NRD | Exchange multiple emails with Committee members re meeting agenda and approach to Factor application. | 0.30 hrs |
| 07/06/22 | HLA | Preparation for and participation in lengthy committee meeting with members of the creditors committee regarding an agenda of items including review of court hearings, status of plan, status of negotiations, status of substitution of attorneys, and pro and con on motion to convert. | 1.80 hrs |
| 07/06/22 | NRD | Participation in creditors' committee meeting re Factor retention, discovery, and path going forward.<br>(2) Duplication. 100% reduced. | 1.80 hrs |
| 07/18/22 | NRD | Email exchange with members of Committee re Factor withdrawal of application. | 0.20 hrs |
| 07/20/22 | HLA | Review and analysis of communications from creditors committee regarding change of attorneys by debtor in possession and likely motives of debtor and strategies for committee to pursue conversion. | 0.40 hrs |
| 07/20/22 | NRD | Draft email to Committee members updating them on Debtor's new counsel. | 0.10 hrs |
| 07/21/22 | HLA | Review, analyze and respond to emails from committee members regarding new counsel, retainer and strategy for conversion. | 0.30 hrs |
| 07/21/22 | NRD | Draft responsive email to Committee members re new counsel and addressing member questions. | 0.20 hrs |
| 07/27/22 | HLA | Review and analyze emails from creditors committee and respond to inquiry regarding retention by W. Factor and others. | 0.20 hrs |

**Adelman & Gettleman, Ltd.**

Page No. 5

OCUC of Marshall Spiegel 2592 00002 Invoice No: 17550

| 07/27/22 | NRD | Draft email to Committee members summarizing court hearing. | | | 0.10 hrs |
|---|---|---|---|---|---|

| | Adelman, Howard L. | 15.50 hrs | 525 /hr | $8,137.50 |
|---|---|---|---|---|
| | Dwayne, Nicholas R | 20.90 hrs | 315 /hr | $6,583.50 |

| | Total fees for this matter | 36.40 hrs | $14,721.00 |
|---|---|---|---|

**Billing Summary**

| | Total Fees | 36.40 hrs | $14,721.00 |
|---|---|---|---|

| | **TOTAL CHARGES FOR THIS BILL** | **$14,721.00** |
|---|---|---|

**ACH/WIRE TRANSFER INSTRUCTIONS**

Wintrust Bank      Adelman & Gettleman, Ltd. - General Account
231 S. LaSalle St., 2nd Floor    Account Number:     3805304288
Chicago, IL 60604        ABA Routing Number: 071925444
                  Reference:          17550

We encourage ACH or Wire Transfer Payments

LAW OFFICES

# Adelman & Gettleman, Ltd.

**53 W. JACKSON BOULEVARD, SUITE 1050**

**CHICAGO, ILLINOIS 60604**

**312-435-1050**

**FAX 312-435-1059**

**FEIN 36-3382789**

September 30, 2022

James L. Waite
Official Committee of Unsecured
Creditors for Marshall Spiegel
1618 Sheridan Road, Unit 8
Wilmette, IL  60091

Invoice No:  17551      HLA
Client No:  2592      00003
Billing through:  07/31/22

**RE:  2004 Discovery**
**Services Rendered**

| | | | |
|---|---|---|---|
| 01/03/22 | HLA | Deposition prep for Matthew, Marshall and Greenleaf; review and analyze numerous financial exhibits and continue to revise bank account chart.  (3) Lumping. Reduced 10%. | 1.60 hrs |
| 01/03/22 | NRD | Continue preparation for Matthew deposition including review, analysis, and refining to outline, practice questions, review and analysis of exhibits, and identification of relevant transactions for interrogation. | 2.60 hrs |
| 01/04/22 | HLA | Review and analysis of numerous applicable bank statements relating to 15 bank accounts, comparing and proofreading chart and confirming balances and transfers. | 0.60 hrs |
| 01/04/22 | HLA | Continue preparation for depositions of Matthew Spiegel, Marshall Spiegel and Greenleaf; revise outline for Matthew.  (3) Lumping. Reduced 10%. | 0.80 hrs |
| 01/04/22 | HLA | Attendance at office conference with NRD regarding specific preparation for Matthew's deposition, anticipating level of participation and cooperation, discussing protocol for objections and potential termination, and further motion to compel. | 0.70 hrs |
| 01/04/22 | HLA | Commence review and analysis of, and revisions to, bank account charts summarizing transfers of Spiegels for 25 years covering more than 15 bank accounts. | 1.20 hrs |
| 01/04/22 | NRD | Confer with HLA re preparation for Matthew deposition in regard to substance as well as likely inappropriate conduct of counsel, scope, proper objections, remedies, terminating deposition, calling judge, etc. | 0.70 hrs |
| 01/04/22 | NRD | Draft email to counsel for Wintrust Bank requesting additional documents and requesting meeting with banker re CD transactions. | 0.30 hrs |
| 01/04/22 | NRD | Initial review and analysis of Xydakis Reply in support of fee request. | 0.30 hrs |
| 01/04/22 | NRD | Begin drafting comprehensive demonstrative exhibit evidencing all Matthew accounts disclosed, flow of funds to purchase CDs, unexplained deposits and transfers, and missing accounts. | 3.60 hrs |
| 01/05/22 | HLA | Continue review and organization of dozens of exhibits and other relevant documents including numerous bank account statements and revisions to bank account chart; review outline; prepare for deposition.  (3) Lumping. Reduced 10%. | 1.80 hrs |
| 01/05/22 | HLA | Attendance at lengthy meeting with NRD to revise outline, order of interrogation and practice interrogation. | 2.40 hrs |
| 01/05/22 | NRD | Conference with HLA re further outline refining and deposition prep. | 0.10 hrs |
| 01/05/22 | NRD | Lengthy conference with HLA re preparation for Matthew deposition, including role playing interrogation, analysis of topic ordering, revisions and refining to outline, and review and analysis of exhibits. | 2.40 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  2

OCUC of Marshall Spiegel                2592                00003                                   Invoice No:    17551

| Date | Atty | Description | Hours |
|---|---|---|---|
| 01/05/22 | SR | Update deposition exhibits and binder per new exhibits by NRD, make copies, review binder and exhibit copies for accuracy. | 0.40 hrs |
| 01/06/22 | HLA | Preparation for, review of numerous exhibits in connection with, and participation in all day deposition of Matthew Spiegel; attend numerous conferences with NRD regarding objections, testimony and outlining issues.   (2) Duplication. 100% reduced. | 8.30 hrs |
| 01/06/22 | NRD | Final re-review of deposition outline and deposition exhibit in binder in final prep for Matthew dep. | 0.80 hrs |
| 01/06/22 | NRD | Conduct all day deposition of Matthew Spiegel including 6.5 hours of on the record interrogation, several off the record discussions, and conferences during breaks with HLA re testimony elicited, strategy, and attorney misconduct, communication with court re attorney misconduct, and logistical work related to same. | 8.50 hrs |
| 01/07/22 | NRD | Telephone conference with G. Silver regarding debrief from Matthew deposition, J. Xydakis misconduct, motion to set hearing on disclosure statement, and likely course of case in month of January. | 0.50 hrs |
| 01/07/22 | NRD | Telephone conference with B. Hall regarding debrief from deposition of Matthew and likely future action in discovery process. | 0.60 hrs |
| 01/07/22 | NRD | Telephone conference with D. Hyde regarding Matthew dep and latest in state court actions. | 0.30 hrs |
| 01/07/22 | NRD | Continue review of Debtor production to ensure completeness and proper bates stamping. | 0.20 hrs |
| 01/10/22 | NRD | Conference with HLA re transcript of Matthew deposition and plans for further action. | 0.20 hrs |
| 01/10/22 | NRD | Call with D. Hyde re further Committee action in aftermath of Matthew Dep. | 0.10 hrs |
| 01/10/22 | NRD | Short call with videographer re transcript-video sync and pricing. | 0.10 hrs |
| 01/11/22 | HLA | Lengthy telephone conference with G. Silver of the Office of U.S. Trustee regarding motion to convert, deposition conduct, testimony of Marshall Spiegel and Matthew Spiegel, and monthly report issues. | 0.40 hrs |
| 01/11/22 | NRD | Interoffice conference with HLA re analysis of Matthew deposition testimony elicited, J. Xydakis conduct, appropriate path forward, need for legal research on the same. | 0.80 hrs |
| 01/11/22 | NRD | Email exchange and telephone conference with L. Sugar regarding document production issues, motions to compel, and confirming accountants' receipt of complete universe of documents. | 0.30 hrs |
| 01/11/22 | NRD | Draft email to WJS re research needed in connection with motion to establish deposition protocols. | 0.10 hrs |
| 01/11/22 | NRD | Draft short memo re file re results of Matthew deposition and likely actions to be taken in light of same. | 0.40 hrs |
| 01/12/22 | NRD | Conferences with HLA and WJS re research on deposition conduct and motion to establish deposition protocols. | 0.20 hrs |
| 01/12/22 | NRD | Begin drafting discovery motion or motions, sketching out relief sought, citing caselaw and arguments, building background of motion. | 1.90 hrs |
| 01/12/22 | WS | Conduct legal research regarding deposition protocols. | 1.40 hrs |
| 01/12/22 | WS | Conduct legal research regarding deposition protocol orders in the Northern District. | 0.90 hrs |
| 01/12/22 | WS | Composed email to NRD regarding deposition protocols and deposition protocol orders research results. | 0.30 hrs |
| 01/13/22 | HLA | Research in connection with motion to compel, deposition protocol and use of depositions in motion to convert.   (5) Improper Allocation. Rate Reduced. | 0.60 hrs |
| 01/13/22 | NRD | Conduct extensive legal research regarding motion to establish deposition protocols, orders to that effect entered by other judges, applicability of federal rules, remedies for failure to comply. | 1.90 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  3

OCUC of Marshall Spiegel                    2592              00003                                    Invoice No:    17551

| Date | Atty | Description | Hours |
|---|---|---|---|
| 01/13/22 | NRD | Short email exchange with TSG reporting re order of video of Matthew deposition. | 0.10 hrs |
| 01/13/22 | NRD | Begin drafting motion to establish deposition protocols. | 1.70 hrs |
| 01/14/22 | HLA | <u>Commence research and analysis of cases on deposition conduct and limited ability of the opponent's counsel to speak other than privilege and concise objections.</u> (5) Improper Allocation. Rate Reduced. | <u>0.40 hrs</u> |
| 01/14/22 | HLA | Review and analysis of  motion for deposition protocol and outline steps to include in the creditors committee motions to compel and set deposition protocol. | 0.40 hrs |
| 01/14/22 | NRD | Conference call with WJS re debrief of Matthew dep and need for further research on deposition conduct and remedies available. | 0.40 hrs |
| 01/14/22 | WS | Conference with NRD regarding motion to set deposition protocols research in the context of Matthew deposition concerns. | 0.40 hrs |
| 01/19/22 | HLA | Commence review and analysis of Matthew Spiegel deposition and voluminous exhibits; outline issues for followup. | 0.80 hrs |
| 01/19/22 | HLA | Telephone conference with G. Silver regarding outcome of examination; preparation of email to G. Silver regarding deposition of Matthew Spiegel. | 0.20 hrs |
| 01/19/22 | NRD | Review and analysis of 400 pages transcript of Matthew deposition, flag and highlight relevant and material witness testimony and J. Xydakis misconduct. | 3.70 hrs |
| 01/19/22 | NRD | Draft email to members of the Committee re delivery of Matthew deposition transcript; multiple follow up emails throughout the day re reactions to same and scheduling of next meeting. | 0.50 hrs |
| 01/19/22 | NRD | Coordinate with staff re calculation of time/transcript lines of Xydakis interruptions; analysis of totals. | 0.20 hrs |
| 01/19/22 | NRD | Confer with HLA re hearing transcript and Matthew admissions about Greenleaf transaction, loans, CDs, and other issues, and materiality and remedies for same. | 0.30 hrs |
| 01/20/22 | NRD | Continue work on discovery motions regarding attorney misconduct and remedy of new deposition. | 2.70 hrs |
| 01/20/22 | NRD | Continued review and analysis of Matthew deposition transcript, flagging relevant testimony and J. Xydakis misconduct. | 2.10 hrs |
| 01/21/22 | HLA | <u>Continue review and analysis of deposition of Matthew, open topics, and motion to compel.</u> (3) Lumping. Reduced 10%. | <u>1.20 hrs</u> |
| 01/21/22 | NRD | Begin drafting letter to J. Xydakis re documents missing from production in light of Matthew testimony and meet and confer requirements. | 0.80 hrs |
| 01/21/22 | NRD | Continued review and analysis of deposition transcript, flagging evidence of other bank accounts and documents not produced as admitted by witness. | 1.70 hrs |
| 01/24/22 | NRD | Continue drafting letter to J. Xydakis regarding request for additional documents responsive to subpoenas. | 1.50 hrs |
| 01/24/22 | NRD | Draft detailed email to UST re plans for further action related to J. Xydakis conduct and Matthew discovery. | 0.60 hrs |
| 01/24/22 | NRD | Draft responsive email to D. Lloyd re Debtor and Greenleaf deposition timing and logistics. | 0.20 hrs |
| 01/25/22 | NRD | Complete initial drafting of letter to J. Xydakis regarding request for further documents responsive to Subpoenas. | 0.80 hrs |
| 01/25/22 | NRD | Legal research re attorney-client privilege, limits thereto, applicability of Illinois accountant-client privilege in federal courts, and other matters relevant to J. Xydakis's likely claim of privilege relating to documented communications about Greenleaf. | 1.60 hrs |
| 01/25/22 | NRD | Review and analysis of October 25 hearing transcript and Matthew deposition transcript flagging testimony relevant to missing documents from Matthew and Greenleaf productions. | 1.40 hrs |

**Adelman & Gettleman, Ltd.**                                                                    Page No.  4

OCUC of Marshall Spiegel                          2592            00003                          Invoice No:    17551

| Date | Atty | Description | Hours |
|---|---|---|---|
| 01/26/22 | HLA | Review and revise letter to J. Xydakis regarding reconvening Matthew Spiegel deposition and conduct. | 0.30 hrs |
| 01/26/22 | HLA | Attend office conference with NRD regarding revisions to J. Xydakis letter; confirm revisions in motion to compel. | 0.20 hrs |
| 01/26/22 | NRD | Conference with HLA re meet and confer letter to J. Xydakis and timing of Motion to Compel and other discovery motions. | 0.20 hrs |
| 01/26/22 | NRD | Final review, revisions, and proof of letter to J. Xydakis re further need to supplement productions and have a meet and confer. | 0.40 hrs |
| 01/26/22 | NRD | Draft email to J. Xydakis attaching discovery correspondence; forward same to Committee members. | 0.10 hrs |
| 01/28/22 | HLA | Continue review and analysis of deposition of Matthew Spiegel; commence identifying open issues and questions for reconvening examination. | 0.40 hrs |
| 01/28/22 | NRD | Begin drafting supplemental briefing on second motion to compel re fees. | 0.80 hrs |
| 01/31/22 | HLA | Continue review and analysis of deposition of Matthew Spiegel; preparation of questions for Marshall Spiegel. | 0.80 hrs |
| 01/31/22 | NRD | Draft email to J. Xydakis re follow up on correspondence re additional document requests in light of missing documents uncovered in Matthew deposition. | 0.10 hrs |
| 02/01/22 | HLA | Continue preparation of deposition questions for Marshall Spiegel after conference with professionals and communications with NRD. | 0.80 hrs |
| 02/01/22 | HLA | Preparation for and participation in lengthy conference call with M. Pakter and L. Sugar regarding status of chapter 11 case, tax issues, funding issues, usability, lack of good faith, and actual v projected on Greenleaf 2021 annual income and losses. | 1.40 hrs |
| 02/01/22 | NRD | Begin drafting motion to recovene deposition in light of J. Xydakis conduct and need for further docuemnts. | 0.40 hrs |
| 02/01/22 | NRD | Begin drafting motion to establish deposition protocols in light of J. Xydakis deposition conduct. | 0.30 hrs |
| 02/01/22 | NRD | Begin drafting third motion to compel in light of Matthew testimony regarding additional bank statements not produced evidencing source of funds used to purchase CDs. | 0.50 hrs |
| 02/02/22 | HLA | Continue review and analysis of deposition of Matthew Spiegel; review of numerous exhibits for preparation of Marshall Spiegel's deposition; continue to review schedules, statement of financial affairs, operating reports, initial plan, amended plan, and second amended plan and disclosure statements relating thereto to determine inconsistencies and topics for examination. | 1.30 hrs |
| 02/02/22 | NRD | Commence detailed review and analysis of deposition transcript in connection with drafting of motions re deposition conduct, flagging objections and interuptions made by J. Xydakis. | 2.60 hrs |
| 02/03/22 | HLA | Continue review and analysis of deposition of Matthew Spiegel reviewing numerous exhibits and assisting in establishing open deposits for source funds, and outlining questions for deposition topics for Marshall Spiegel. | 1.40 hrs |
| 02/03/22 | NRD | Continue drafting third Motion to Compel Matthew and Greenleaf compliance with subpoenas. | 1.10 hrs |
| 02/04/22 | HLA | Review and analyze communications to and from J. Xydakis, counsel to Greenleaf and Matthew Spiegel; analyze filing a motion to compel; outline motion to compel. | 0.40 hrs |
| 02/04/22 | HLA | Continue review and analysis of deposition of Matthew Spiegel for preparation of Marshall Spiegel; continue to outline topics for Marshall Spiegel deposition. | 0.50 hrs |
| 02/04/22 | NRD | Receipt, review, and analysis of discovery correspondence from J. Xydakis refusing all demands and asserting privilege; draft response to same. | 0.30 hrs |
| 02/04/22 | NRD | Continue extensive review and analysis of deposition transcript, flagging all | 2.30 hrs |

**Adelman & Gettleman, Ltd.**

OCUC of Marshall Spiegel                            2592                    00003                                    Invoice No:     17551

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | instances of J. Xydakis misconduct, highlighting entries, and instructing staff to extract same for use in deposition conduct motion. | |
| 02/04/22 | NRD | Continue drafting third motion to compel. | 1.10 hrs |
| 02/04/22 | NRD | Legal research re attorney client privilege as it relates to ccing someone on email to counsel. | 0.60 hrs |
| 02/07/22 | HLA | Attendance at office conference with NRD regarding scope of motion to compel, including compelling bank accounts for unknown funds deposited to obtain CDs, email communications between accountant and Matthew Spiegel or Marshall Spiegel, and other areas to reconvene deposition of Matthew Spiegel. | 0.40 hrs |
| 02/07/22 | HLA | Continue preparation of motion to compel relating to bank accounts. | 0.40 hrs |
| 02/07/22 | HLA | Continue review and analysis of deposition of Matthew Spiegel; determine topic areas for deposition of Marshall Spiegel. | 0.40 hrs |
| 02/07/22 | NRD | Review and analysis of Debtor motion re Zoom deposition. | 0.20 hrs |
| 02/07/22 | NRD | Conference with HLA re scope of discovery motions and motion to compel specfically, bank account issues, emails as a side show, and expanding scope to encompass Debtor. | 0.50 hrs |
| 02/07/22 | NRD | Continue drafting third motion to compel related to bank statements revealed at deposition. | 0.70 hrs |
| 02/08/22 | HLA | Review and revise motion to compel continued deposition of Matthew Spiegel and production of bank accounts. | 0.50 hrs |
| 02/08/22 | HLA | Attendance at conference with NRD regarding pros and cons of revisions to motion to compel and strategy relating to motion to compel and bank account production. | 0.30 hrs |
| 02/08/22 | HLA | Continue preparation of topic areas for deposition of Marshall Spiegel and reasons why chapter 11 and plan are not in good faith including areas relating to Greenleaf loan, distribution, or gift. | 0.70 hrs |
| 02/08/22 | NRD | Work on chart identifying local banks for inclusion with third motion to compel. | 0.20 hrs |
| 02/08/22 | NRD | Draft email to J. Xydakis requesting meet and confer again. | 0.10 hrs |
| 02/08/22 | NRD | Review and analysis of letter from J. Xydakis re demand for in peson hearing in other context in connection with Debtor motion to have deposition on Zoom. | 0.10 hrs |
| 02/08/22 | NRD | Conference with HLA re third motion to compel and potential revisions to same. | 0.30 hrs |
| 02/08/22 | NRD | Legal research re Rule 45 obligations of respondent regarding possession, custody, or control of documents, whether respondent has "control" of documents which it has the legal right to obtain, applicability to bank statements, and obligation to request statements from bank. Such research performed in connection with drafting of third motion to compel. | 2.30 hrs |
| 02/08/22 | NRD | Legal research in connection with drafting of third motion to compel re general pleading standards of a motion to compel under rule 45. | 0.50 hrs |
| 02/08/22 | NRD | Continue work on third motion to compel, drafting relief requested, narrowing to only bank statements, drafting argument. | 1.80 hrs |
| 02/08/22 | NRD | Exchange of emails with WJS re priority of research topics. | 0.10 hrs |
| 02/08/22 | NRD | Review of Debtor's notice of objection to motion to compel fee payment. | 0.10 hrs |
| 02/08/22 | NRD | Reciept, review, and analysis of UST email to Debtor's counsel re plan clarification. | 0.10 hrs |
| 02/08/22 | NRD | Continue work on motion re deposition conduct. | 0.70 hrs |
| 02/08/22 | NRD | Commence drafting proposed order to deposition motion, which includes deposition protocols. | 0.60 hrs |
| 02/08/22 | WS | Conducted legal research re bank specific case involving control but not | 0.90 hrs |

**Adelman & Gettleman, Ltd.**                                                    Page No.  6

OCUC of Marshall Spiegel                    2592            00003                    Invoice No:    17551

|  |  |  |  |
|---|---|---|---|
|  |  | possession of bank statements and the obligation to none the less turn them over under Rule 45. |  |
| 02/08/22 | WS | Composed comprehensive email to NRD re Rule 45 research results. | 0.20 hrs |
| 02/08/22 | WS | Conference with NRD re need to provide bank statements that are within the control of the subpoena recipient research. | 0.20 hrs |
| 02/09/22 | HLA | Continue research in connection with preparation of motion to compel; further discovery relating to bank accounts; revise motion.   (5) Improper Allocation. Rate Reduced. (3) Lumping. Reduced 10%. | 1.20 hrs |
| 02/09/22 | HLA | Continue research in connection with the preparation of motion to establish deposition protocol, reconvene Matthew Spiegel deposition, and sanction J. Xydakis.   (5) Improper Allocation. Rate Reduced. (3) Lumping. Reduced 10%. | 1.40 hrs |
| 02/09/22 | NRD | Continue work on order related to deposition motion, specifically deposition protocols themselves. | 0.80 hrs |
| 02/09/22 | NRD | Continued legal research re pleading standard for motions to compel in connection with motion drafting. | 0.40 hrs |
| 02/09/22 | NRD | Commence legal research re Rule 30 deposition protocols and conduct. | 0.90 hrs |
| 02/09/22 | NRD | Continued review and analysis of deposition transcript and flagging of excerpts for motion re deposition conduct. | 1.30 hrs |
| 02/09/22 | NRD | Continue drafting third motion to compel production of documents. | 1.60 hrs |
| 02/09/22 | NRD | Continue drafting motion relating to deposition conduct. | 0.90 hrs |
| 02/10/22 | HLA | Continue research in connection with motion to compel bank documents based on bank statements and deposition testimony.   (5) Improper Allocation. Rate Reduced. | 0.60 hrs |
| 02/10/22 | HLA | Continue research in connection with conduct at depositions and examinations; identify cases supporting limited communication between opponents and attorney during deposition or examination and speaking objections.   (5) Improper Allocation. Rate Reduced. | 0.50 hrs |
| 02/10/22 | HLA | Continue reviewing of and revisions to motion to reconvene deposition of Matthew Spiegel and established deposition protocols. | 0.50 hrs |
| 02/10/22 | HLA | Continue reviewing and revising motion to compel production of bank documents. | 0.70 hrs |
| 02/10/22 | NRD | Legal research in connection with drafting of motion re deposition conduct including proper objections, witness coaching, and instructing witness not to answer a pending question.  Research encompassed applicability of Rule 30, interpretation of same, case law regarding deposition misconduct, and remedies entered by courts re same. | 3.20 hrs |
| 02/10/22 | NRD | Complete drafting of third motion to compel and final proof and edits to same. | 1.10 hrs |
| 02/10/22 | NRD | Draft email to Committee members attaching draft of third motion to compel and requesting authority to file; attention to responsive emails and draft replies. | 0.20 hrs |
| 02/10/22 | NRD | Continue drafting motion to reconvene deposition of Matthew and to establish deposition protocols. | 3.10 hrs |
| 02/10/22 | WS | Conducted legal research re cases where J. Xydakis was sanctioned for deposition misconduct. | 0.40 hrs |
| 02/10/22 | WS | Conference with NRD re caselaw research into witness attorney's answering for their clients when questioned during a deposition. | 0.10 hrs |
| 02/10/22 | WS | Conducted legal research re deposition misconduct involving an attorney answering questions for their client. | 1.10 hrs |
| 02/10/22 | WS | Composed comprehensive email to NRD re deposition misconduct research. | 0.30 hrs |
| 02/11/22 | HLA | Continue research in connection with and revisions to third motion to compel bank accounts funding the letter of credit.   (5) Improper Allocation. Rate Reduced. | 1.60 hrs |
| 02/11/22 | HLA | Continue review and verification of cited sections of transcript of Matthew Spiegel in motion to reconvene examination of Matthew Spiegel; draft revisions to motion to reconvene.   (3) Lumping. Reduced 10%. | 1.70 hrs |
| 02/11/22 | HLA | Attendance at conference with NRD re revisions and strategy of motion to | 0.20 hrs |

**Adelman & Gettleman, Ltd.**                                                                                   Page No.  7

OCUC of Marshall Spiegel                          2592                    00003                          Invoice No:     17551

| Date | Atty | Description | Hours |
|---|---|---|---|
| | | compel and motion to reconvene. | |
| 02/11/22 | HLA | Attend second conference with NRD re motion to reconvene revisions, strategy, and set deposition protocols. | 0.30 hrs |
| 02/11/22 | NRD | Attend two conferences with HLA re motion regarding strategy relating to discovery motions. | 0.50 hrs |
| 02/11/22 | NRD | Continue legal research re several issues in connection with deposition conduct motion including applicability of attorney client privilege (and accountant privilege), sanctions available for deposition misconduct, and general compliance with Rule 30. | 1.30 hrs |
| 02/11/22 | NRD | Complete drafting of deposition related motion. | 2.80 hrs |
| 02/11/22 | NRD | Draft proposed order in connection with third motion to compel. | 0.30 hrs |
| 02/11/22 | NRD | Draft motion to exceed page limitation related to motion on deposition conduct. | 0.60 hrs |
| 02/11/22 | SR | File Notice of Objection, 3rd Motion to Compel, Motion to Extend Time, and Motion to Reconvene. | 0.60 hrs |
| 02/11/22 | WS | Analyzed, proofread, and edited Motion to Reconvene Deposition of Matthew Spiegel. | 0.90 hrs |
| 02/11/22 | WS | Conducted legal research re cases where depositions were reconvened following a finding of deposition misconduct. | 1.30 hrs |
| 02/13/22 | NRD | Review and analysis of hearing transcript and court order on supplemental briefing required on fee request in connection with second motion to compel. | 0.20 hrs |
| 02/13/22 | NRD | Review and final proof of pre-bills related to second motion to compel for attachment to briefing on same. _(1) Unreasonable. Reduced 100%_ | 0.30 hrs |
| 02/14/22 | NRD | Initial review and analysis of J. Xydakis fee request filed late in the evening, identify fee request of over $180,000 for producing bank statements. | 0.20 hrs |
| 02/14/22 | NRD | Draft supplemental response to second motion to compel re actual fees sought as ordered by court, including necessary background, attachments of exhibit, and allegation that fees are reasonable and necessary and consistent with fees previously awarded. | 2.20 hrs |
| 02/14/22 | NRD | Final review and proof of pre-bill for attachment to supplemental response to second motion to compel re fees. | 0.60 hrs |
| 02/15/22 | NRD | Detailed review and analysis of J. Xydakis pleading with request for over $180,000 in fees, review billing entry exhibits, identify issues for response. | 0.70 hrs |
| 02/16/22 | HLA | Review and analysis of the reimbursement request of Greenleaf; identify weaknesses. | 0.40 hrs |
| 02/16/22 | HLA | Attend office conference with NRD regarding strategy in responding to Greenleaf request and emphasizing Greenleaf as a run of the mill holder of all relevant documents. | 0.30 hrs |
| 02/16/22 | HLA | Continue review and analysis of motion to compel and deposition testimony of Matthew Spiegel to assist in outlining arguments for presentation and establishing protocols for future depositions. | 0.30 hrs |
| 02/16/22 | NRD | Conference with HLA re J. Xydakis outrageous fee request and strategy for response. | 0.30 hrs |
| 02/20/22 | NRD | Legal research re showing required for significant expense in order to shift fees in connection with drafting of reply to J. Xydakis fee request. | 1.10 hrs |
| 02/21/22 | HLA | Continue review and analysis of transcript of initial creditors meeting, analysis of bankruptcy schedules, and analysis of transcript of Matthew Spiegel; continue to prepare questions for deposition of Marshall Spiegel. _(3) Lumping. Reduced 10%._ | 0.70 hrs |
| 02/22/22 | NRD | Pull, review, and analysis of all cases cited by J. Xydakis in response requesting $183,000 in fees. | 1.40 hrs |
| 02/22/22 | NRD | Conduct extensive legal research re Rule 45 fee shifting, standard for finding excessive expense, reasonableness of fees, evidentiary showing required, and | 2.70 hrs |

**Adelman & Gettleman, Ltd.**

Page No. 8

OCUC of Marshall Spiegel         2592      00003        Invoice No:    17551

| Date | Initials | Description | Hours |
|---|---|---|---|
| | | consideration of non-party interest in underlying case--all in connection with drafting reply to J. Xydakis fee request. | |
| 02/23/22 | HLA | Review and analysis of motion for the shifting file by Greenleaf, response filed by Greenleaf, and outline strategy for opposing the shifting in favor of Greenleaf in that Greenleaf is party in interest, source of funding, and transferee of fraudulent conveyance. | 0.50 hrs |
| 02/23/22 | NRD | Continue legal research in connection with drafting reply to J. Xydakis fee request including whether frivolous litigation of subpoenas is compensable and cases on using Rule 45 protections as a sword rather than a shield. | 1.80 hrs |
| 02/23/22 | NRD | Draft two detailed emails to J. Xydakis re request to supplement subpoena responses with recent bank statements and land trust documents, ongoing obligation under subpoena. | 0.90 hrs |
| 02/23/22 | NRD | Commence drafting reply to J. Xydakis fee motion. | 2.20 hrs |
| 02/23/22 | NRD | Review and analysis of hearing transcript in connection with replying to J. Xydakis fee request, specfically with regard to non-party issue discussed by court. | 0.30 hrs |
| 02/23/22 | NRD | Legal research re ongoing obligations to supplement subpoena requests. | 0.80 hrs |
| 02/24/22 | HLA | Office conference with NRD regarding revisions to Greenleaf request, and strategy in pointing out that Greenleaf is transferee, insider, and requests were straightforward and easy. | 0.30 hrs |
| 02/24/22 | HLA | Continue work on response to Greenleaf request for the fee shifting for production of discovery. | 0.40 hrs |
| 02/24/22 | NRD | Legal research in connection with replying to J. Xydakis fee request including issues such as reasonableness of fees, consideration of non-party interest in litigation, weighing ability of creditors' committee to pay fees, standard for applying to court for fees, and Rule 11 implications for lying about fees. | 3.40 hrs |
| 02/24/22 | NRD | Continue drafting reply in opposition to J. Xydakis fee request, arguing fees unreasonable, billing entries insuffcent, and implication that J. Xydakis seeking payment for work performed on behalf of the Debtor. | 2.80 hrs |
| 02/25/22 | HLA | Review and analysis of response filed by J. Xydakis requesting the shifting and in an unverified pleading seeks $183,000.00 for work done on behalf of Debtor. | 0.90 hrs |
| 02/25/22 | NRD | Continue drafting Reply to Xydakis fee motion. | 2.30 hrs |
| 02/25/22 | NRD | Continued legal research in connection with reply to Xydakis fee motion including issues related to compensibility of frivolous litigation and consideration of non-party stake in underlying matter. | 1.70 hrs |
| 02/25/22 | NRD | Telephone conference with WJS re topics to research in connection with Reply to J. Xydakis motion for fees. | 0.30 hrs |
| 02/25/22 | NRD | Email exchange with D. Hyde re pending Cook County cases in which J. Xydakis is attorney of record to the Debtor in connection with allegation made in Reply to Xydakis fee motion. | 0.10 hrs |
| 02/25/22 | WS | Conference with NRD regarding third parties must show that the time spent defending against a subpoena was not only excessive, but reasonable to shift fees under Rule 45 research. | 0.40 hrs |
| 02/25/22 | WS | Read and analyze Matthew & Greenleaf request to shift fees under Rule 45 to the Committee. | 0.10 hrs |
| 02/25/22 | WS | Conduct legal research regarding third parties must show that fees are reasonable to shift under Rule 45. | 1.60 hrs |
| 02/25/22 | WS | Compose comprehensive email to NRD re Rule 45 research. | 0.30 hrs |
| 02/26/22 | NRD | Complete drafting of reply to J. Xdydakis fee motion. | 1.60 hrs |
| 02/26/22 | NRD | Draft email to HLA and Committee members re draft of reply to J. Xydakis fee motion. | 0.10 hrs |

**Adelman & Gettleman, Ltd.**

OCUC of Marshall Spiegel                              2592              00003                        Invoice No:    17551

| Date | Initials | Description | Hours |
|---|---|---|---|
| 02/26/22 | NRD | Conduct additional minor legal research in connection with reply to J. Xydakis fee motion re cost of frivilous litigation and typical disinterested non-party. | 0.50 hrs |
| 02/26/22 | WS | Conduct legal research regarding financial burden imposed on Committee vs. non-party in the context of Rule 45 fee shifting. | 1.10 hrs |
| 02/26/22 | WS | Conduct legal research re non-parties ability to shift fees incurred in unsuccessfully initiating and defending against various motions under Rule 45. | 1.40 hrs |
| 02/26/22 | WS | Conduct legal research re applicability of Rule 45(g) in the present situation. | 0.70 hrs |
| 02/26/22 | WS | Compose comprehensive email to NRD re follow up Rule 45 research. | 0.20 hrs |
| 02/27/22 | NRD | Review, proof, and revisions to reply to J. Xydakis fee motion. | 0.60 hrs |
| 02/27/22 | NRD | Draft email to HLA and Committee members with revisioned version of reply to J. Xydakis fee motion. | 0.10 hrs |
| 02/27/22 | WS | Read, analyze, and carefully proofread final reply to Matthew & Greenleaf's request to shift fees under Rule 45 to the Committee. | 0.70 hrs |
| 02/28/22 | HLA | Continue to review and revise response to fee shifting motion filed by Greenleaf; check cases for accuracy. | 0.70 hrs |
| 02/28/22 | NRD | Interoffice conference with HLA re page turn of reply to J. Xydakis fee motion and suggested revisions to same. | 0.30 hrs |
| 02/28/22 | NRD | Draft revisions to reply to J. Xydakis fee motion. | 0.20 hrs |
| 03/01/22 | HLA | <u>Commence review and analysis of cases cited by J. Xydakis in response to attorneys' fees and deposition conduct; identify improper citations and quotes out of context.</u> (1) Unreasonable. Reduced 100% | <u>1.20 hrs</u> |
| 03/01/22 | NRD | <u>Pull all cases cited by J. Xydakis in response to fee request, primarily dealing with deposition conduct.</u> (1) Unreasonable. Reduced 100% | <u>0.30 hrs</u> |
| 03/01/22 | NRD | Review and analysis of J. Xydakis response to motion to compel fee request, identification of arguments primarily in response to deposition protocol motion. | 0.20 hrs |
| 03/01/22 | SR | Draft Proposed Order and Motion to Extend Page Limit for Motion to Reconvene, per NRD. | 0.50 hrs |
| 03/07/22 | HLA | Commence review and analysis of motion of Greenleaf for leave to file amended Exhibit A; identify weaknesses and lack of candor because original exhibit and motion had amounts in two places and it was not a typographical error but an attempt to seek reimbursement for unreasonable expenses. | 0.20 hrs |
| 03/16/22 | HLA | <u>Review and analysis of cases on deposition conduct; revise court order complying with Hall case and Seventh Circuit authority.</u> (3) Lumping. Reduced 10%. | <u>0.80 hrs</u> |
| 03/16/22 | HLA | Commence review and analysis of court orders and determine finality issue, appealability, and ability to Debtor to seek interlocutory appeal of judge's orders. | 0.60 hrs |
| 03/16/22 | NRD | Review and analysis of J. Xydakis response to fees, specifically pulling cases cited therein and identifying selective quotations. | 0.70 hrs |
| 03/16/22 | NRD | Draft revisions to proposed order re deposition motion, including specifically, revisions to proposed deposition protocols. | 0.80 hrs |
| 03/16/22 | NRD | Legal research regarding deposition protocols in connection with drafting revised order on deposition motion. | 0.60 hrs |
| 03/16/22 | NRD | Conference with HLA re review and page turn of revised proposed order on deposition protocols, analysis of appropriate scope of protocols, proper objections under federal rules, and need for further research on conferring during breaks. | 1.20 hrs |
| 03/16/22 | NRD | Conduct further legal research in connection with revised proposed order on deposition motion, specfically with respect to conferences during breaks and approriate objections contemplated by Federal Rules of Evidence. | 0.60 hrs |
| 03/17/22 | NRD | Draft further revisions to revised proposed order re deposition motion. | 0.30 hrs |
| 03/21/22 | HLA | Review, analyze and revise proposed order relating to deposition protocol and | 0.60 hrs |

**Adelman & Gettleman, Ltd.**

OCUC of Marshall Spiegel                                     2592                    00003                                Invoice No:     17551

| | | | |
|---|---|---|---|
| | | conduct at deposition; review applicable cases. | |
| 03/22/22 | NRD | Draft further revisions to amended proposed order re deposition protocols. | 0.20 hrs |
| 03/25/22 | NRD | Finalize amended proposed order re deposition protocol motion and prepare for filing. | 0.20 hrs |
| 03/28/22 | HLA | Review and analysis of response filed by Greenleaf to establish deposition protocol to reconvene deposition; identify arguments; commence reviewing cases cited. | 0.60 hrs |
| 03/28/22 | HLA | Review and analysis of response filed by Debtor and Greenleaf to rule 2004 motion to compel; identify arguments for reply brief. | 0.30 hrs |
| 03/28/22 | NRD | Review and analysis of two responses to discovery motions filed by Matthew and Greenleaf. | 0.40 hrs |
| 03/29/22 | HLA | Work on reply in response of motion to compel; review response to determine points needing response. | 0.40 hrs |
| 03/29/22 | HLA | Commence work on reply to motion for deposition protocol by reviewing and determining arguments for a response and analysis of cases cited by Greenleaf. | 0.60 hrs |
| 03/30/22 | HLA | Continue review and analysis of response to motion to compel; outline issues for response; review cases cited by Greenleaf. | 0.50 hrs |
| 03/30/22 | HLA | Continue review and analysis of response to reconvene deposition and set deposition protocols; outline issues for response and review cases cited, including Hall case. | 0.40 hrs |
| 03/31/22 | HLA | Continue review and analysis of response filed by Debtor and Greenleaf to motion to compel and deposition protocol; work on reply. | 0.80 hrs |
| 04/04/22 | HLA | Review and analyze response filed by Greenleaf to motion to compel; identify points for reply and commence reviewing cases cited. | 0.60 hrs |
| 04/04/22 | HLA | Review and analyze response filed by Greenleaf to fee petition and identify issues for reply, including that most of the fees were caused by the Debtor's actions in contesting everything and refusing to cooperate. | 0.40 hrs |
| 04/05/22 | NRD | Review and analysis of amended response filed by J. Xydakis. | 0.10 hrs |
| 04/07/22 | NRD | Review and analysis of response to motion to establish deposition protocols; analysis of response necessary to each argument. | 0.70 hrs |
| 04/07/22 | NRD | Pull all cases cited by Greenleaf/Matthew response (which did not provide reporter citations, requiring additional efforts); review and analysis of same and context quoted by response; identify proper context. | 2.30 hrs |
| 04/07/22 | NRD | Conduct legal research in connection with briefing on deposition protocols regarding attorney-client privilege, conferring during breaks, and ability of court to fashion rules. | 0.80 hrs |
| 04/07/22 | NRD | Begin outlining and drafting reply in support of deposition protocol motion. | 1.20 hrs |
| 04/08/22 | NRD | Draft reply in support of deposition protocols motion, addressing each argument made by response. | 2.60 hrs |
| 04/08/22 | NRD | Continued review and analysis of response to motion to establish deposition protocols and outlining of reply to same. | 0.60 hrs |
| 04/08/22 | NRD | Legal research in connection with drafting reply in support of deposition protocols motion. | 1.40 hrs |
| 04/09/22 | NRD | Continue work on reply in support of deposition protocol motion. | 1.30 hrs |
| 04/09/22 | NRD | Commence drafting reply in support of third motion to compel. | 0.80 hrs |
| 04/10/22 | NRD | Complete drafting of reply in support of deposition protocol motion. | 1.10 hrs |
| 04/10/22 | NRD | Complete drafting reply in support of third motion to compel. | 2.30 hrs |
| 04/10/22 | NRD | Draft email to HLA and Committee members attaching draft replies for review. | 0.10 hrs |
| 04/11/22 | HLA | Continue review and revision of reply brief to motion to compel documents from Matthew Spiegel; analyze response to make sure reply covers key points; proofread. | 0.70 hrs |

**Adelman & Gettleman, Ltd.**                                                                    Page No.  11

OCUC of Marshall Spiegel                              2592                00003                    Invoice No:    17551

| | | | |
|---|---|---|---|
| 04/11/22 | HLA | Attendance at office conference with NRD regarding changes to reply on motion to compel and strategy to persuade court that Greenleaf is incorrectly citing cases. | 0.30 hrs |
| 04/11/22 | HLA | Continue review and revision of reply brief to motion to set deposition protocols and to readjourn Matthew Spiegel deposition; study cases cited in response and distinguishable for reply; continue to revise and proofread reply. | 1.20 hrs |
| 04/11/22 | HLA | Attendance at office conference with NRD regarding cases cited by Greenleaf on deposition protocol, incorrect citing, and importance of precluding counsel from interrupting and speaking with client during pendency of a deposition. | 0.20 hrs |
| 04/11/22 | NRD | Conduct additional legal research re instructing a witness not to answer deposition questions, identify 1993 amendment to rules and case distinguishing J. Xydakis-cited cases as pre-amendment. | 0.40 hrs |
| 04/11/22 | NRD | Final proof and revisions to reply in support of third motion to compel. | 0.90 hrs |
| 04/11/22 | NRD | Final proof and revisions to reply in support of deposition protocol motion. | 1.40 hrs |
| 04/11/22 | NRD | Compile and assemble emails for Exhibit to reply in support of deposition protocol motion. | 0.20 hrs |
| 04/11/22 | NRD | Telephone conference with W. Factor re appearance on behalf of Matthew, payment of fees, and settlement status. | 0.30 hrs |
| 04/11/22 | NRD | Conference with HLA re page turn of draft replies to discovery motions. | 0.50 hrs |
| 04/11/22 | NRD | Draft final revisions to replies consistent with HLA suggestions and prepare for filing. | 0.40 hrs |
| 04/11/22 | NRD | Draft revisions to reply in support of deposition motion to include distinguishing case law on amendments to rules. | 0.30 hrs |
| 04/11/22 | NRD | Email exchange with WJS re proof of draft replies; incorporate suggested changes. | 0.30 hrs |
| 04/11/22 | WS | Proofread & analyzed (especially with regard to the analysis of numerous cases cited) the Committee's reply in support of the motion to reconvene the deposition of Matthew Spiegel and to set deposition protocols. | 2.70 hrs |
| 04/11/22 | WS | Reviewed and analyzed Matthew Spiegel & Greenleaf's response to the third motion to compel. | 0.40 hrs |
| 04/11/22 | WS | Proofread & analyzed the Committee's reply in support of the third motion to compel. | 0.80 hrs |
| 04/11/22 | WS | Review and analyze the response to the motion to reconvene the deposition of Matthew Spiegel and to set deposition protocols. | 0.70 hrs |
| 04/12/22 | HLA | Attendance at office conference with NRD regarding recovery of fee shifting award in favor of the Committee, method of enforcement, suggesting communication with Greenleaf, and strategy. | 0.30 hrs |
| 04/18/22 | HLA | Review and analysis of communication from Debtor's counsel regarding discovery; identify outstanding discovery to be produced by Debtor. | 0.20 hrs |
| 04/19/22 | NRD | Draft responsive email to D. Lloyd re additional discovery documents needed. | 0.60 hrs |
| 04/22/22 | HLA | Lengthy conference with NRD regarding strategy for Monday court hearing, communication with committee, and motion to convert. | 0.30 hrs |
| 04/26/22 | NRD | Draft orders to follow re two discovery motions. | 0.60 hrs |
| 04/27/22 | HLA | Review and analyze two motions and notes from hearing; revise court orders for motion to compel and deposition. | 0.40 hrs |
| 04/27/22 | HLA | Attendance at office conference with NRD regarding changes to order after reviewing notes from transcript, and strategy for obtaining entry of court order finding source documents for CDs with trust bank accounts. | 0.20 hrs |
| 04/27/22 | NRD | Email exchange with W. Factor and D. Welch re scheduling of call re discovery and settlement. | 0.10 hrs |
| 04/27/22 | NRD | Draft email to W. Factor re draft orders to follow and scheduling a meet and confer. | 0.10 hrs |

**Adelman & Gettleman, Ltd.**                                                                 Page No.  12

OCUC of Marshall Spiegel                        2592            00003                    Invoice No:    17551

| | | | |
|---|---|---|---|
| 04/27/22 | NRD | Telephone conference with HLA re review and suggested revisions to draft orders to follow and preparation for call with Factor and Welch re disovery issues. | 0.20 hrs |
| 04/28/22 | HLA | Preparation for and participation in lengthy conference call with attorneys for Matthew Spiegel and attorney for Greenleaf regarding proposed court order, documents not yet produced, history of production, and difficulty identifying bank accounts. | 1.40 hrs |
| 04/28/22 | NRD | Preparation for call with W. Factor and D. Welch, including review and analysis of draft orders to follow. | 0.20 hrs |
| 04/28/22 | NRD | Telephone conference with HLA, W. Factor, and D. Welch re discovery issues, draft order to follow re two discovery motions, and structure of settlement. | 1.20 hrs |
| 04/28/22 | NRD | Telephone conference with HLA re debrief from call with W. Factor and D. Welch, division of labor re requests made at same, and scheduling of depositions. | 0.20 hrs |
| 05/02/22 | HLA | Review and analyze discovery responses, objections, and motion to compel in preparation for meet and confer conference with W. Factor and D. Welch on behalf of Matthew Spiegel, and relief. | 0.50 hrs |
| 05/02/22 | HLA | Participate in lengthy conference call with W. Factor and D. Welch regarding open issues for discovery for Matthew Spiegel and Greenleaf, response to motion to compel, order for motion to compel, and settlement discussion. | 0.90 hrs |
| 05/02/22 | NRD | Telephone conference with W. Factor and D. Welch re discovery issues and briefly on settlement negotiations. | 1.00 hrs |
| 05/04/22 | HLA | Telephone conference with W. Factor re discovery compliance and deposition conduct issues. | 0.30 hrs |
| 05/04/22 | NRD | Email exchange with W. Factor re discovery efforts. | 0.10 hrs |
| 05/05/22 | HLA | Telephone conference with W. Factor regarding production of documents; review emails from W. Factor regarding open bank account issues. | 0.30 hrs |
| 05/05/22 | NRD | Commence preparation for continued deposition of Matthew Spiegel, including outlining of topics and questions. | 1.70 hrs |
| 05/05/22 | NRD | Re-review and analysis of Matthew deposition transcript in connection with preparation for contined dep. | 1.10 hrs |
| 05/06/22 | NRD | Email exchange with W. Factor re draft orders on discovery motions. | 0.10 hrs |
| 05/06/22 | NRD | Review and analysis of additional bank statements provided by Matthew. | 0.10 hrs |
| 05/07/22 | NRD | Draft email to Chambers re draft order to follow on discovery motion. | 0.20 hrs |
| 05/09/22 | NRD | Email and telephone exchanges with W. Factor re proposed order to follow on third motion to compel. | 0.40 hrs |
| 05/09/22 | NRD | Draft revisions to draft order to follow re motion to compel; circulate same to court per procedures. | 0.20 hrs |
| 05/10/22 | NRD | Short call with W. Factor re Wintrust production. | 0.20 hrs |
| 05/11/22 | HLA | Review and analysis of orders entered by the court relating to motion to compel and motion to set deposition protocol; compare with language and orders submitted to the court; send to clients. | 0.30 hrs |
| 05/13/22 | NRD | Receipt, review, and analysis of additional bank documents produced by Matthew; attempts to reconcile with unexplained deposits. | 0.40 hrs |
| 05/16/22 | HLA | Attendance at office conference with NRD regarding status of document production, outcome of court hearing, tasks, and discovery upon opposition of plan. | 0.30 hrs |
| 05/16/22 | NRD | Appearance at continued hearing on discovery motions. | 0.70 hrs |
| 05/16/22 | NRD | Preparation for and attendance at conference call with W. Factor, D. Welch, and D. Lloyd re progress on discovery and plan for hearing. | 1.30 hrs |
| 05/16/22 | NRD | Review and analysis of additional Debtor-produced bank documents. | 0.20 hrs |

**Adelman & Gettleman, Ltd.**                                                     Page No.  13

OCUC of Marshall Spiegel                    2592              00003                    Invoice No:    17551

| Date | Init | Description | Hours |
|---|---|---|---|
| 05/16/22 | NRD | Continue to prepare for additional Matthew deposition. | 1.30 hrs |
| 05/17/22 | NRD | Continue preparation for Matthew deposition, including outlining of topics and questions relating to proposed loan and security. | 1.40 hrs |
| 05/19/22 | HLA | Review and analysis of new documents produced by Matthew Spiegel; identify remaining open issues. | 0.30 hrs |
| 05/19/22 | HLA | Attendance at office conference with NRD regarding open issues on discovery, new questions regarding Matthew Spiegel's deposition, management, and applicability to motion to borrow funds under 364. | 0.30 hrs |
| 05/19/22 | NRD | Continued preparation for continued Matthew dep. | 1.60 hrs |
| 05/19/22 | NRD | Draft emails to members and accountants re delivery of additional documents produced by Matthew/Greenleaf and Debtor including analysis of same. | 0.40 hrs |
| 05/20/22 | NRD | Begin preparation of chart to capture all Matthew impeachment opportunities for use in deposition and later hearings. | 1.30 hrs |
| 05/23/22 | HLA | Commence development of cross-examination questions of Matthew Spiegel in connection with revised motion to obtain credit; review objects for development of cross-examination questions. | 0.40 hrs |
| 05/23/22 | NRD | Continued preparation for continued deposition of Matthew. | 3.20 hrs |
| 05/24/22 | NRD | Review and analysis of Matthew dep transcript, identifying issues for re-examination, and pull of relevant exhibits. | 2.30 hrs |
| 05/25/22 | NRD | Continued preparation of Matthew impeachment topics and outlines. | 2.40 hrs |
| 05/31/22 | NRD | Update chart re all Debtor/Matthew bank accounts. | 0.90 hrs |
| 06/02/22 | NRD | Review and analysis of all documents produced by W. Factor as well as emails delivering the same and thereafter draft email to W. Factor re additional documents needed. | 1.40 hrs |
| 06/08/22 | HLA | Review correspondence from W. Factor re discovery; consider response. | 0.20 hrs |
| 06/08/22 | HLA | Confer with NRD regarding outstanding discovery remaining bank accounts. | 0.20 hrs |
| 06/08/22 | HLA | Tie out bank accounts with unexplained deposits. | 0.30 hrs |
| 06/08/22 | NRD | Receipt, review, and analysis of emails and attachments from W. Factor re additional discovery and conference. | 0.20 hrs |
| 06/08/22 | NRD | Attend conference with HLA re proposed response to W. Factor and availability for a call. | 0.20 hrs |
| 06/08/22 | NRD | Receipt and review of email exchanges between W. Factor and D. Welch re call scheduling; draft responsive email to W. Factor re formal response to discovery prior to call. | 0.20 hrs |
| 06/08/22 | NRD | Commence re-review of previously produced documents from Matthew in connection with new production with the assistance of new counsel and coordinate with staff re bates stamping and filing same. | 0.60 hrs |
| 06/08/22 | NRD | Conference with HLA re outstanding discovery from Matthew Spiegel and scope of pre-petition bank accounts. | 0.20 hrs |
| 06/09/22 | NRD | Commence drafting letter in response to W. Factor re documents produced in connection with Third Motion to Compel. | 1.10 hrs |
| 06/09/22 | NRD | Review and analysis of subpoena served on Matthew, Third Motion to Compel, first production of documents from Matthew, and second production of documents from Matthew in order to determine universe of bank accounts relating to Unexplained Deposits and completeness of production by Matthew. | 1.40 hrs |
| 06/09/22 | NRD | Draft updates to bank account master tracking chart. | 0.20 hrs |
| 06/10/22 | NRD | Draft email to G. Silver, UST, re updates on status of discovery and plan for upcoming hearing. | 0.20 hrs |
| 06/13/22 | HLA | Review and revise lengthy letter re missing information from bank accounts and tracing deposits into CD for fraudulent transfer tracing. | 0.40 hrs |
| 06/13/22 | HLA | Commence developing line of questioning for Matthew's testimony on need for collateral for loan to Marshall. | 0.80 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  14

OCUC of Marshall Spiegel                           2592                00003                          Invoice No:    17551

| Date | Init | Description | Hours |
|---|---|---|---|
| 06/13/22 | NRD | Continued review and analysis of documents provided by W. Factor purporting to explain "Unexplained Deposits," along with deposition transcript, third motion to compel, and documents previously produced, and determine what documents are missing. | 1.40 hrs |
| 06/13/22 | NRD | Complete initial draft of letter to W. Factor re review and analysis of latest documents and identifying further missing documents, including proofing and minor revisions. | 1.60 hrs |
| 06/13/22 | NRD | Conference with HLA re review of letter to W. Factor and suggested revisions. | 0.20 hrs |
| 06/13/22 | NRD | Draft minor revisions to letter to W. Factor re discovery issues, proof finalize, and prepare for sending. | 0.30 hrs |
| 06/13/22 | NRD | Draft two emails to Committee members and accountants circulating bates-stamped newly produced documents and draft of letter to W. Factor re same. | 0.20 hrs |
| 06/13/22 | NRD | Draft email to W. Factor attaching discovery correspondence. | 0.10 hrs |
| 06/13/22 | NRD | Draft updates to master chart tracking Debtor bank accounts. | 0.40 hrs |
| 06/14/22 | NRD | Continue preparation for deposition of Debtor. | 0.60 hrs |
| 06/20/22 | NRD | Continue work on preparation for deposition of Marshall Spiegel, including drafting of topic outline. | 1.10 hrs |
| 06/20/22 | NRD | Compile full cache of documents produced in discovery and share with W. Factor, per his request. | 0.20 hrs |
| 06/21/22 | NRD | Draft email to W. Factor attaching subpoenas, per request. | 0.10 hrs |
| 07/06/22 | NRD | Email exchange with W. Factor and D. Welch re discover progress and additional documents from Greenleaf. | 0.20 hrs |
| 07/08/22 | NRD | Review and analysis of latest statements received from Greenleaf, identifiy transfer to Debtor, and apparent service of mortgage. | 0.40 hrs |
| 07/26/22 | HLA | Review and analysis of communication from S. DeRouse and identify issues to discuss with NRD regarding compliance by Debtor with discovery requests. | 0.20 hrs |
| 07/26/22 | HLA | Attendance at conference with NRD regarding Debtor's compliance with discovery and preparation of letter to S. DeRouse regarding missing information. | 0.20 hrs |
| 07/26/22 | NRD | Receipt, review, and analysis of email from S. DeRouse re discovery status. | 0.10 hrs |
| 07/26/22 | NRD | Commence drafting responsive email to S. DeRouse re discovery requests, detailing history of discovery efforts, sharing subpoenas and all documents produced. | 0.80 hrs |
| 07/27/22 | HLA | Review and revise communication to new counsel to DIP regarding status of discovery and outstanding issues. | 0.20 hrs |
| 07/27/22 | NRD | Complete drafting of email to S. DeRouse re discovery status and send same. | 0.40 hrs |

| Name | Hours | Rate | Amount |
|---|---|---|---|
| Adelman, Howard L. | 64.10 hrs | 525 /hr | $33,652.50 |
| Dwayne, Nicholas R | 180.00 hrs | 315 /hr | $56,700.00 |
| Rodela, Sandra | 1.50 hrs | 135 /hr | $202.50 |
| Shirley, Wyatt | 19.50 hrs | 125 /hr | $2,437.50 |
| Total fees for this matter | 265.10 hrs | | $92,992.50 |

**Billing Summary**

| | | |
|---|---|---|
| Total Fees | 265.10 hrs | $92,992.50 |
| **TOTAL CHARGES FOR THIS BILL** | | **$92,992.50** |

**Adelman & Gettleman, Ltd.**

Page No.  15

OCUC of Marshall Spiegel                    2592              00003                                Invoice No:    17551

---

### ACH/WIRE TRANSFER INSTRUCTIONS

| | |
|---|---|
| Wintrust Bank | Adelman & Gettleman, Ltd. - General Account |
| 231 S. LaSalle St., 2nd Floor | Account Number:       3805304288 |
| Chicago, IL 60604 | ABA Routing Number:  071925444 |
| | Reference:              17551 |

We encourage ACH or Wire Transfer Payments

LAW OFFICES

# Adelman & Gettleman, Ltd.

**53 W. JACKSON BOULEVARD, SUITE 1050**

**CHICAGO, ILLINOIS 60604**

**312-435-1050**

**FAX 312-435-1059**

**FEIN 36-3382789**

September 30, 2022

| | |
|---|---|
| James L. Waite | Invoice No:  17552     HLA |
| Official Committee of Unsecured | Client No:  2592       00004 |
| Creditors for Marshall Spiegel | Billing through:  07/31/22 |
| 1618 Sheridan Road, Unit 8 | |
| Wilmette, IL  60091 | |

**RE:  :Plan and Disclosure Statement**

**Services Rendered**

| | | | |
|---|---|---|---|
| 01/03/22 | HLA | Short telephone conference with G. Silver re disclosure statement hearing, second amended plan, and status of discovery. | 0.30 hrs |
| 01/03/22 | HLA | Review and analyze motion of Debtor to set hearing on disclosure statement. | 0.20 hrs |
| 01/07/22 | HLA | Continue review and analysis of disclosure statement in light of deposition testimony of Matthew Spiegel; identify areas in disclosure statement which are incorrect and inconsistent with testimony of Matthew Spiegel. | 0.50 hrs |
| 01/13/22 | HLA | Commence review and analysis of good faith cases on chapter 11 plans and review Colliers on bankruptcy on good faith; identify lack of good faith including concealing source of income, refusing to list creditors, refusing to list interest in income stream of property, and using chapter 11 as a bond. | 0.70 hrs |
| 01/25/22 | HLA | Continue to review and analyze Matthew Spiegel transcript for admissions and grounds to oppose plan. | 0.70 hrs |
| 01/27/22 | NRD | Conference with HLA regarding loan closing and need to request information regarding same from Debtor. | 0.20 hrs |
| 01/28/22 | HLA | Continue review of events in chapter 11 case, filings and financial reports of Debtor; identify basis for conversion of case to chapter 7 and opposition to plan including lack of good faith, and utilization of chapter 11 process as disguised automatic stay for litigation only. | 0.80 hrs   (3) Lumping. Reduced 10%. |
| 01/31/22 | HLA | Continue research in connection with and outlining objection to plan as not being filed in good faith, including shell game with assets, failing to list distributions, omitting material creditors, failing to comply with duties of Debtor on schedules, and infusion of capital being a loan, distribution or gift. | 0.60 hrs   (5) Improper Allocation. Rate Reduced. |
| 01/31/22 | NRD | Draft email to D. Lloyd re confirmation of close of mortgage; save to drafts without sending. | 0.10 hrs |
| 02/08/22 | HLA | Review and analysis of emails from US trustee regarding feasibility of disclosure statement; identify issues for objection. | 0.20 hrs |
| 02/08/22 | HLA | Continue to develop areas for objection to disclosure statement, and for bad faith filing and plan. | 0.40 hrs |
| 02/18/22 | HLA | Review and analysis of claims docket and other information including plans proposed by Debtor; commence preparation of comprehensive settlement letter for consideration by creditors and Debtor. | 2.40 hrs   (3) Lumping. Reduced 10%. |
| 02/18/22 | NRD | Review and proof of settlement letter with offer re joint plan if litigation ended. | 0.20 hrs |
| 02/18/22 | NRD | Conferences with HLA re settlement proposal. | 0.20 hrs |
| 02/21/22 | HLA | Continue substantial revisions to settlement letter after discussions with | 1.20 hrs |

**Adelman & Gettleman, Ltd.**                                                    Page No.  2

OCUC of Marshall Spiegel                    2592              00004                              Invoice No:    17552

| | | | |
|---|---|---|---|
| | | committee members and other creditors. | |
| 02/22/22 | HLA | Lengthy telephone conference with D. Hyde, counsel to numerous creditors, regarding settlement letter and treatment of claims. | 0.30 hrs |
| 02/22/22 | HLA | Lengthy telephone conference with J. Schriver, counsel to numerous creditors, regarding changes to settlement letter, differences between proofs of claim and matters pending before Judge Roberts, revisions to agreement, and settlement terms. | 0.30 hrs |
| 02/22/22 | HLA | Review and analysis of emails from various members of creditors committee regarding changes to settlement letter; analyze and implement where appropriate. | 0.30 hrs |
| 02/22/22 | HLA | Second lengthy telephone conference with J. Schriver regarding changes to draft leading to draft three of settlement letter and his comments on the overlap of bankruptcy claims ad matters pending in state court. | 0.30 hrs |
| 02/22/22 | HLA | Second lengthy telephone conference with D. Hyde, attorney for numerous creditors, regarding comments on draft settlement letter. | 0.20 hrs |
| 02/22/22 | HLA | Continue preparation of draft three of settlement letter after conferring with various parties and analyzing Debtor's plan and disclosure statements; finalize draft. | 1.20 hrs |
| 02/22/22 | HLA | Research in connection with and review of documents leading to preparation of draft two of comprehensive settlement letters to Debtor after inputting numerous comments from creditors. | 1.40 hrs |
| 02/22/22 | NRD | Research re Greenleaf PIN and chain of title, no recorded mortgage. Staff was able to secure copy of recorded mortgage not yet appearing online, review and analysis of same in connection with Debtor's plan. | 0.60 hrs |
| 02/23/22 | HLA | Review and analysis of operating agreement of Greenleaf to determine rights of distribution and sharing of profits and losses in accordance with percentages, and other provisions germane to the chapter 11 case; this is necessary because Greenleaf's lawyer keeps mentioning the LLC Act as controlling which contradicts the operating agreement, as do the facts of the case in that Debtor is receiving substantially all the distributions and net income of Greenleaf even though he holds .025%. | 0.80 hrs |
| 02/24/22 | HLA | Continue research in connection with impairment on 1124 in cases where Debtor objects to claim and still argues claim is unimpaired, even though maturity date is altered and the claim itself is challenged. (5) Improper Allocation. Rate Reduced. | 1.30 hrs |
| 03/01/22 | NRD | Legal research in connection with plan, specifically what constitutes impairment and whether a pending objection to a claim necessarily constitutes impairment. | 1.10 hrs |
| 03/02/22 | NRD | Conference with HLA re research needed on issue of impairment and whether a pending objection to a claim means the claim is impaired. | 0.20 hrs |
| 03/02/22 | NRD | Conduct legal research re definition of "impairment" for purposes of plan confirmation and whether a pending objection to a claim renders it impaired and/or whether payment not being made until after appeal constitutes impairment. | 1.60 hrs |
| 03/03/22 | HLA | Commence review and analysis of motion filed by Debtor to borrow funds to fund the plan of reorganization; review terms of plan and terms of motion. | 0.30 hrs |
| 03/03/22 | HLA | Attendance at office conference with NRD regarding strategy for opposing motion to borrow funds and how it fits into motion to convert and bad-faith filing. | 0.30 hrs |
| 03/03/22 | NRD | Telephone conference with D. Hyde re involvement of Hepler Broom firm in Debtor litigation, in connection with analysis of claims. | 0.10 hrs |
| 03/03/22 | NRD | Continue legal research re impairment of claims under plan, searching for cases conditioning payment on "final adjudication," and other requirements re content of a plan regarding the Debtor's proposed appeal of all decisions on | 1.50 hrs |

**Adelman & Gettleman, Ltd.**                                                              Page No.  3

OCUC of Marshall Spiegel                    2592              00004                    Invoice No:    17552

| | | | |
|---|---|---|---|
| | | claims. | |
| 03/03/22 | NRD | Legal research in connection with Hepler Bloom claim, including whether firm represented Debtor in any published cases, and ability of a Debtor to file late objection to claim. | 0.90 hrs |
| 03/03/22 | NRD | Conference with HLA re strategy in opposition to motion to authorize borrowing, and how same plays into motion to convert strategy. | 0.30 hrs |
| 03/07/22 | HLA | Commence review and analysis of Debtors motion to borrow funds to complement second amended plan of reorganization; compare second amended plan with terms in motion and accompanying documents. | 0.70 hrs |
| 03/07/22 | NRD | Legal research re whether Debtor can disqualify creditors from voting by merely objecting to claims. | 0.80 hrs |
| <u>03/08/22</u> | <u>HLA</u> | <u>Commence research and analysis of Sub S election by Greenleaf, failure to comply with requirements for Sub S election; review and analysis of IRS regulations and publications regarding reasonable compensation requirement and impact on taking unequal distributions after agreement provides for taking equal distributions, and consequences of losing Sub S election.</u> | <u>1.80 hrs</u><br>(5) Improper Allocation. Rate Reduced. |
| 03/09/22 | HLA | Prepare for and participate in conference call with D. Welch, counsel to Greenleaf, regarding settlement or cooperation with plan, and status of case. | 0.40 hrs |
| 04/13/22 | HLA | Attendance at office conference with NRD regarding structuring comprehensive settlement, and identifying critical terms and method of implementation. | 0.40 hrs |
| 04/18/22 | HLA | Commence review and analysis of initial motion for extension of credit and amended motion to obtain credit; analyze issues for response, clarification or objection. | 0.30 hrs |
| 04/19/22 | HLA | Continue to work on objections to second amended plan including feasibility, best interests, and objection to treating as unimpaired. | 0.40 hrs |
| 04/26/22 | HLA | Review and analyze motion of Debtor to obtain financing and exhibits; identify objections. | 0.30 hrs |
| 05/04/22 | NRD | Commence drafting response to Debtor's motion to obtain credit. | 0.50 hrs |
| 05/11/22 | NRD | Continue drafting of response to motion to obtain credit. | 1.10 hrs |
| 05/12/22 | NRD | Telephone conference with WJS re assignment of research task on evidentiary standards in connection with drafting response to motion for borrowing. | 0.20 hrs |
| 05/12/22 | NRD | Review and analysis of email from WJS summarizing research findings. | 0.20 hrs |
| 05/12/22 | NRD | Research re first mortgage on condo and ownership status. | 0.20 hrs |
| 05/12/22 | NRD | Complete initial draft of reponse to motion obtain credit. | 4.30 hrs |
| 05/13/22 | HLA | Commence review and analysis of renewed motion of debtor for 364 financing and granting liens on residence and membership interests. | 0.20 hrs |
| 05/13/22 | HLA | Review and revise proposed response to motion for obtaining credit. | 0.30 hrs |
| 05/13/22 | NRD | Review, proof, and revisions to response to motion to obtain credit on a secured basis. | 0.80 hrs |
| 05/16/22 | HLA | Continue review of and revisions to lengthy objection to section 364 financing file by unsecured creditors committee. | 0.40 hrs |
| 05/16/22 | HLA | Attendance at office conference with NRD regarding discovery needed on objection to 364 financing by debtor. | 0.20 hrs |
| 05/16/22 | NRD | Attendance at conference with HLA re page turn of draft response to motion to obtain credit and discussion of revisions. | 0.30 hrs |
| 05/16/22 | NRD | Draft revisions to response to motion to obtain credit. | 0.60 hrs |
| 05/16/22 | NRD | Proof and finalize response to motion to obtain credit and preparation for filing. | 0.70 hrs |
| 05/23/22 | HLA | Commence preparation of comparison of change in positions by Marshall Spiegel in three plans, disclosure statements, and pleadings; identify issues to emphasize lack of good faith including changing positions when original | 0.40 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  4

OCUC of Marshall Spiegel                      2592              00004                              Invoice No:     17552

| | | | |
|---|---|---|---:|
| | | positions were determined defective. | |
| 05/31/22 | HLA | Review and analyze replies filed by Greenleaf and the debtor to motion to fund plan. | 0.30 hrs |
| 05/31/22 | HLA | Office conference with NRD re weaknesses of arguments, undeniable setoff right and strategy for hearing and discovery. | 0.20 hrs |
| 05/31/22 | NRD | Review and analysis of Debtor Reply in support of motion for borrowing. | 0.20 hrs |
| 05/31/22 | NRD | Review and analysis of Greenleaf reply in support of motion for borrowing. | 0.20 hrs |
| 05/31/22 | NRD | Attend two interoffice conferences with HLA re brainstorm of arguments regarding motion for borrowing, analysis of Greenleaf and Debtor papers, and plan for hearing on same. | 0.30 hrs |
| 06/13/22 | HLA | Review and analyze cases on good faith and use of chapter 11 as bond to litigate to court of last resort and improper purpose of chapter 11 case. | 0.80 hrs |
| 06/13/22 | HLA | Preparation for court hearing on borrowing from Greenleaf; prepare outline of argument. | 0.50 hrs |
| 06/14/22 | HLA | Review and analyze third amended plan of reorganization, compare with prior plans, and review redline; identify problems for confirming third amended plan including good faith, feasibility and best interests. | 0.40 hrs |
| 06/14/22 | HLA | Review and analysis of motion for lending, response of committee and reply of debtor; outline arguments for upcoming court hearing. | 0.40 hrs |
| 06/14/22 | HLA | Attendance at office conference with NRD regarding outline of arguments for hearing on debtor's motion to borrow funds. | 0.20 hrs |
| 06/14/22 | NRD | Conference with HLA re preparation for arguments to be made at hearing on Debtor's motion to borrow. | 0.20 hrs |
| 06/14/22 | NRD | Review and analysis of Debtor's third amended plan. | 0.30 hrs |
| 06/15/22 | HLA | Commence review and analysis of second amended plan of reorganization filed by debtor; identify issues to discuss with committee. | 0.40 hrs |
| 06/15/22 | HLA | Attendance at office conference with NRD regarding the outcome of court hearings, strategy for depositions and discovery of emails, motion to convert, and plan confirmation issues. | 0.40 hrs |
| 06/15/22 | HLA | Review and analysis of communication to the debtor and from the debtor regarding the plan and funding the plan; consider responses. | 0.20 hrs |

| | | | | |
|---|---:|---|---:|---:|
| Adelman, Howard L. | 24.30 hrs | 525 /hr | $12,757.50 |
| Dwayne, Nicholas R | 17.90 hrs | 315 /hr | $5,638.50 |

| | | |
|---|---:|---:|
| Total fees for this matter | 42.20 hrs | $18,396.00 |

**Billing Summary**

| | | |
|---|---:|---:|
| Total Fees | 42.20 hrs | $18,396.00 |
| **TOTAL CHARGES FOR THIS BILL** | | **$18,396.00** |

**ACH/WIRE TRANSFER INSTRUCTIONS**

Wintrust Bank
231 S. LaSalle St., 2nd Floor
Chicago, IL 60604

Adelman & Gettleman, Ltd. - General Account
Account Number:        3805304288
ABA Routing Number:  071925444
Reference:                17552

**Adelman & Gettleman, Ltd.**

OCUC of Marshall Spiegel                    2592                00004                                    Invoice No:     17552

We encourage ACH or Wire Transfer Payments

LAW OFFICES

# Adelman & Gettleman, Ltd.

**53 W. JACKSON BOULEVARD, SUITE 1050**

**CHICAGO, ILLINOIS 60604**

**312-435-1050**

**FAX 312-435-1059**

**FEIN 36-3382789**

September 30, 2022

James L. Waite                                                                    Invoice No:  17553        HLA
Official Committee of Unsecured                                        Client No:  2592          00005
Creditors for Marshall Spiegel                                        Billing through:  07/31/22
1618 Sheridan Road, Unit 8
Wilmette, IL  60091

## RE:  Employment of Professionals
## Services Rendered

| Date | Init | Description | Hours |
|---|---|---|---|
| 04/04/22 | NRD | Initial review and analysis of Debtor motion to employ appellate counsel. | 0.20 hrs |
| 04/05/22 | HLA | Commence review and analysis of application for retention of appellate counsel relating to Wintrust appeals. | 0.20 hrs |
| 04/05/22 | NRD | Additional review and analysis of Debtor motion to employ appellate counsel. | 0.20 hrs |
| 04/11/22 | NRD | Review and analysis of motion to substitute counsel for Greenleaf filed by Bill Factor. | 0.10 hrs |
| 04/11/22 | NRD | Preparation for hearing on motion to retain appellate counsel, including review and analysis of motion. | 0.20 hrs |
| 04/11/22 | NRD | Appearance at hearing on motion to retain appellate counsel; argue Committee's position. | 0.90 hrs |
| 04/18/22 | NRD | Appearance at hearing on motions re replacement counsel. | 0.60 hrs |
| 06/21/22 | HLA | Review emails from W. Factor regarding substitution for debtor's counsel; consider conflict issues and outline issues to discuss with committee. | 0.30 hrs |
| 06/21/22 | HLA | Attendance at office conference with NRD regarding substitution of W. Factor for debtor's counsel, potential conflicts, research required, and communication with committee required. | 0.30 hrs |
| 06/21/22 | NRD | Receipt, review, and initial analysis of email from W. Factor proposes to substitute in as Debtor's counsel. | 0.20 hrs |
| 06/21/22 | NRD | Confer with HLA re Factor's proposal, flagging smell test issues, disinterestedness, clear conflicts, and need for research. | 0.30 hrs |
| 06/22/22 | NRD | Draft responsive email to W. Factor re counsel change. | 0.10 hrs |
| 06/22/22 | NRD | Commence legal research re 327(a) implications of creditor counsel taking over for Debtor's counsel. | 0.70 hrs |
| 06/22/22 | NRD | Conference with HLA re Factor's email re retention by Debtor, analysis of initial reaction, and need for further research on 327. | 0.20 hrs |
| 06/23/22 | NRD | Continue legal research re 327 and W. Factor retention. | 5.50 hrs |
| <u>06/27/22</u> | <u>HLA</u> | <u>Commence research on substitution of counsel from being counsel to fraudulent transfer recipient, to counsel to the debtor-in-possession, and conflicts and bias arising therefrom; consider objection.</u>  (5) Improper Allocation. Rate Reduced. | <u>0.80 hrs</u> |
| 06/27/22 | HLA | Attendance at office conference with NRD; discuss 327 and requirement of disinterestedness, effective bias, obtaining knowledge from transferee, and inability to use in prosecution against transferee. | 0.30 hrs |
| 06/27/22 | NRD | Conference with HLA re findings of research on conflict issues arising from Factor representing the Debtor, analysis of further research avenues, and strategy of objection. | 0.30 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  2

| OCUC of Marshall Spiegel | | 2592 | 00005 | Invoice No:   17553 |
|---|---|---|---|---|

| Date | Init | Description | Hours |
|---|---|---|---|
| 06/28/22 | HLA | Continue review and analysis of case law regarding 327 and termination of employment by respective transferee avoidable transfer and becoming counsel to the debtor in possession including the Boy Scout case, Colliers and Northern District cases on retention. | 0.70 hrs |
| 06/28/22 | NRD | Continue legal research re 327, as applicable to Factor switching in for Debtor's counsel; search for analogous cases. | 3.50 hrs |
| <u>06/30/22</u> | <u>HLA</u> | <u>Commence research project on parallel track with NRD regarding retention, substitution of counsel and problems when attorney for target in fraudulent conveyance actions desires to be attorney for debtor-in-possession, and whether such attorney is adverse to the estate based on bias and knowledge; review Colliers and circuit case law.</u> | <u>1.20 hrs</u><br>(5) Improper Allocation. Rate Reduced. |
| 06/30/22 | HLA | Commence review and analysis of motion filed by W. Factor for substitution of counsel; review disclosures; identify research projects. | 0.30 hrs |
| 06/30/22 | NRD | Continue legal research re 327 disinterestedness re Factor; specifically cases where counsel switches from plaintiff to defendant. | 3.70 hrs |
| 06/30/22 | NRD | Conduct additional review and analysis of Factor application for employment as Debtor's counsel. | 0.30 hrs |
| 06/30/22 | NRD | Conference with HLA re status of research on 327/disinterestedness, approach in response to motion, and management of Committee re same. | 0.30 hrs |
| 06/30/22 | NRD | Draft responsive email to W. Factor re call on retention application. | 0.10 hrs |
| 06/30/22 | NRD | Draft detailed email to Committee members re summary of status of research on 327 and Factor application, analysis of same, recommendation re objections, and setting meeting time post-hearing on 6th. | 1.30 hrs |
| 07/01/22 | HLA | Review and analyze application for substitution of counsel to replace D. Lloyd with W. Factor; identify potential objection areas on bias and lack of being disinterested. | 0.60 hrs |
| 07/01/22 | HLA | Review and analyze case law on 327(a) of the Bankruptcy Code relating to disinterestedness and retention by debtor in possession after representation of target of fraudulent conveyance actions. | 0.50 hrs |
| 07/01/22 | HLA | Confer with NRD regarding phone call with G. Silver on objection of UST to retention of W. Factor. | 0.20 hrs |
| 07/01/22 | NRD | Telephone conference with G. Silver re notice of objection to Factor retention application and plan for hearing on 6th re same. | 0.80 hrs |
| 07/01/22 | NRD | Conference with HLA re debrief of call with G. Silver re opposition to W. Factor retention application. | 0.20 hrs |
| 07/05/22 | NRD | Continue legal research re 327 disinterestedness in connection with W. Factor application. | 1.30 hrs |
| 07/05/22 | NRD | Draft email to W. Factor re Committee response to application and Lloyd motion to withdraw. | 0.20 hrs |
| 07/11/22 | HLA | Continue review and analysis of cases regarding retention of counsel after proposed counsel had been attorney for creditor or attorney for potential defendant in fraudulent conveyance action. | 0.60 hrs |
| 07/14/22 | NRD | Continue legal research re 327 issues presented by W. Factor retention application. | 0.60 hrs |
| 07/14/22 | NRD | Commence drafting response to W. Factor retention application. | 1.60 hrs |
| 07/14/22 | NRD | Exchange two emails with G. Silver re UST's correspondence with W. Factor re retention application. | 0.20 hrs |
| 07/14/22 | NRD | Telephone conference with G. Silver re approach to objection to W. Factor retention application. | 0.40 hrs |
| 07/15/22 | HLA | Review and analysis of communication from US Trustee's office regarding problem with retention of W. Factor after retention of W. Factor by Matthew Spiegel; analyze conflict issues suggested by UST. | 0.30 hrs |

**Adelman & Gettleman, Ltd.**                                                         Page No.  3

OCUC of Marshall Spiegel                    2592                00005                    Invoice No:    17553

| 07/15/22 | HLA | Continue research in connection  with conflict issues from counsel representing target of fraudulent conveyance action and then becoming counsel to debtor-in-possession who has sole standing to bring fraudulent conveyance actions, appearance of impropriety and adverse interest. | 0.80 hrs |
|---|---|---|---|

(5) Improper Allocation. Rate Reduced.

| 07/15/22 | NRD | Continue work on response to Factor retention application. | 0.70 hrs |
|---|---|---|---|
| 07/18/22 | NRD | Continue drafting response to Debtor's application to employ Factor. | 1.30 hrs |
| 07/18/22 | NRD | Exchange numerous emails with W. Factor re issues relating to applicaiton to employ and voluntary withdrawal of application. | 0.40 hrs |
| 07/18/22 | NRD | Short conference with HLA re W. Factor withdrawal of applicaiton. | 0.10 hrs |
| 07/18/22 | NRD | Telephone conference with G. Silver re W. Factor withdrawal of application to employ. | 0.10 hrs |
| 07/20/22 | HLA | Review and analysis of communications regarding W. Factor withdrawal and application of Freeborn & Peters to be counsel to the debtor and debtor-in-possession and consider pros and cons and alternatives available to committee. | 0.40 hrs |
| 07/20/22 | HLA | Review and analysis of communications by UST regarding W. Factor withdrawal and retention of Freeborn and Peters. | 0.20 hrs |
| 07/20/22 | NRD | Confer with HLA and SBC re S. DeRrouse appearance and effect on Committee affairs. | 0.20 hrs |
| 07/20/22 | NRD | Review and analysis of S. DeRouse retention application and exhibits. | 0.40 hrs |
| 07/20/22 | NRD | Receipt and review of appearance filed by Freeborn to represent Debtor; review attorney profiles. | 0.20 hrs |
| 07/21/22 | HLA | Commence review and analysis of application and disclosures relating to employment of Shelley DeRousse as counsel to the Debtor and Debtor-in-Possession; identify issues to discuss with committee and with NRD. | 0.30 hrs |
| 07/21/22 | HLA | Review and analysis of engagement letter and terms and conditions of retainer and identify issues. | 0.20 hrs |
| 07/21/22 | HLA | Attendance at office conference with NRD regarding informing committee of retention and retainer issues and advance payment retainer versus security retainer issues. | 0.20 hrs |
| 07/21/22 | HLA | Review and analyze communication from UST regarding retention and engagement letter and retainer issues and identify issues to discuss with committee. | 0.20 hrs |
| 07/22/22 | HLA | Review and analysis of application of S. DeRouse to be employed and review disclosures and engagement letter. | 0.30 hrs |
| 07/22/22 | HLA | Attendance at office conference with SBC regarding retention of S. DeRouse, disclosure of facts by client and role and likelihood of understanding role; SBC is colleague of S. DeRouse in other cases and discussed conflicts with S. DeRouse and S. DeRouse's role in case. | 0.20 hrs |
| 07/22/22 | NRD | Conference with HLA and S. DeRouse re retention by Debtor and goals in case. | 0.60 hrs |
| 07/22/22 | NRD | Review and analysis of disclosure of compensation filed by S. DeRouse; identify source of funds for retainer as Greenleaf. | 0.10 hrs |
| 07/27/22 | HLA | Continue review and analysis of application for employment by new counsel and disclosures and analyze emails relating to employment from UST and others. | 0.40 hrs |
| 07/27/22 | HLA | Office conference with NRD regarding strategy regarding retention and involvement of S. DeRouse. | 0.20 hrs |

| Adelman, Howard L. | 9.70 hrs | 525 /hr | $5,092.50 |
|---|---|---|---|
| Dwayne, Nicholas R | 28.10 hrs | 315 /hr | $8,851.50 |

**Adelman & Gettleman, Ltd.**

Page No.  4

OCUC of Marshall Spiegel                    2592              00005                                          Invoice No:    17553

| | | |
|---|---|---|
| Total fees for this matter | 37.80 hrs | $13,944.00 |

**Billing Summary**

| | | |
|---|---|---|
| Total Fees | 37.80 hrs | $13,944.00 |
| **TOTAL CHARGES FOR THIS BILL** | | **$13,944.00** |

---

**ACH/WIRE TRANSFER INSTRUCTIONS**

Wintrust Bank                          Adelman & Gettleman, Ltd. - General Account
231 S. LaSalle St., 2nd Floor          Account Number:        3805304288
Chicago, IL 60604                      ABA Routing Number:  071925444
                                       Reference:                  17553

We encourage ACH or Wire Transfer Payments

LAW OFFICES

# Adelman & Gettleman, Ltd.

**53 W. JACKSON BOULEVARD, SUITE 1050**

**CHICAGO, ILLINOIS 60604**

**312-435-1050**

**FAX 312-435-1059**

**FEIN 36-3382789**

September 30, 2022

James L. Waite                                                    Invoice No:  17554      HLA
Official Committee of Unsecured                                   Client No:  2592       00006
Creditors for Marshall Spiegel                                   Billing through:  07/31/22
1618 Sheridan Road, Unit 8
Wilmette, IL  60091

**RE:  Avoidance Actions**
**Services Rendered**

| Date | Atty | Description | Hours |
|---|---|---|---|
| 01/04/22 | NRD | Review and analysis of WJS email summarizing research on Debtor's failure to notice up 363 motion while spending estate property outside ordinary course. | 0.20 hrs |
| 01/05/22 | WS | Conducted legal research regarding how the Northern District of Illinois defines/tests for ordinary course of business in the bankruptcy code. | 0.90 hrs |
| 01/05/22 | WS | Conference with NRD regarding finding Seventh Circuit caselaw defining ordinary course of business transactions. | 0.10 hrs |
| 01/08/22 | WS | Read and responded to email from NRD regarding follow-up questions on 363 research. | 0.20 hrs |
| 01/09/22 | NRD | Legal research re statute of limitations on Illinois UFTA claims and extension of same pursuant to section 546 of the Code. | 0.50 hrs |
| 01/11/22 | HLA | Attendance at conference with NRD regarding preparation for tax issues and testimony that Marshall Spiegel did not need to transfer Greenleaf in order to obtain qualified business income deduction and ability to prove same at trial. | 0.30 hrs |
| 01/20/22 | NRD | Review and analysis of ARDC complaint filed against J. Xydakis. | 0.30 hrs |
| 01/25/22 | HLA | Commence review of cases on cause for conversion to chapter 7. | 0.60 hrs |
| 01/25/22 | HLA | Attend office conference with NRD regarding grounds for conversion and court's comments regarding conversion. | 0.30 hrs |
| 01/25/22 | NRD | Confer with HLA re analysis of court's comments on conversion and existing grounds for same; need to complete deposition of Debtor prior to conversion. | 0.30 hrs |
| 01/26/22 | NRD | Commence drafting memo to file re cause to convert case in light of judge's suggestion at hearing. | 0.90 hrs |
| 02/03/22 | NRD | Telephone conference with M. Lango, ARDC attorney, re disciplinary complaint filed against J. Xydakis, any Himmel obligations, J. Xydakis' actions in Chapter 11 Case, potential need to amend complaint to encompass same. | 0.60 hrs |
| 02/07/22 | HLA | Commence review and analysis of cases establishing factors for conversion of case to chapter 7, including bad faith, failure to prepare accurate schedules, and concealing assets. | 0.70 hrs |
| 02/14/22 | NRD | Draft memo to file re all instances of cause to convert under 1112. | 0.40 hrs |
| 02/14/22 | NRD | Draft email to WJS and HLA re memo to file on conversion and need for further legal research. | 0.10 hrs |
| 02/15/22 | NRD | Conduct research re section 1112 cause and conversion. | 0.30 hrs |
| 02/15/22 | NRD | Draft email to WJS re research needed on motion to convert. | 0.10 hrs |
| 02/16/22 | NRD | Continued legal research re conversion or dismissal for cause, and resultant treatment of administrative claims post-conversion. | 0.90 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  2

OCUC of Marshall Spiegel                    2592              00006                        Invoice No:    17554

| Date | Atty | Description | Hours |
|---|---|---|---|
| 02/16/22 | NRD | Draft email to WJS re research topic of handling of administrative claims upon conversion to chapter 7. | 0.20 hrs |
| 02/17/22 | NRD | Continued legal research re factual circumstances amounting to cause to convert a case under section 1112. | 0.60 hrs |
| 02/17/22 | NRD | Draft email to UST re monthly report requirements in connection with motion to convert. | 0.10 hrs |
| 02/19/22 | NRD | Continued legal research on good faith filing requirements and remedy of conversion for filing a petition/plan as a mere appeal bond. | 0.90 hrs |
| 02/21/22 | HLA | Continue research in connection with and identification of factual and legal basis for cause for motion to convert chapter 11 case. | 1.20 hrs |
| | | (5) Improper Allocation. Rate Reduced. | |
| 02/23/22 | HLA | Commence research on motion to convert and developing cause in order to move to convert; review cases in Seventh Circuit. | 0.70 hrs |
| | | (5) Improper Allocation. Rate Reduced. | |
| 02/24/22 | HLA | Attendance at office conference with NRD regarding pros and cons of filing motion to convert, agenda for March 14 hearing, strategy, and results of research on motion to convert. | 0.50 hrs |
| 02/25/22 | HLA | Commence review and analysis of cases in our district regarding motion to convert to chapter 7; identify applicable factors and supporting evidence. | 0.80 hrs |
| 02/25/22 | NRD | Telephone conference with L. Sugar re preparation of demonstrative exhibit charts re Debtor's receipt of money and payment of expenses from Greenleaf for attachment to motion to convert. | 0.40 hrs |
| 02/25/22 | NRD | Draft detailed email to accountant re tax issues for further analysis in connection with motion to convert, and setting time for call re same. | 0.20 hrs |
| 02/25/22 | NRD | Review and analysis of memo to file from accountant re tax issues presented by Debtor's returns and allegations made in pleadings. | 0.20 hrs |
| 02/27/22 | NRD | Exchange of three emails to WJS re research finding and additional research needed re motion to convert. | 0.20 hrs |
| 02/28/22 | HLA | Continue review and analysis of research on motions to convert and cases weighing in favor of conversion rather than dismissal. | 0.80 hrs |
| 02/28/22 | NRD | Draft email to accountant scheduling time for call on tax issues in connection with drafting of motion to convert. | 0.10 hrs |
| 02/28/22 | WS | Conduct legal research re grounds to convert vs. dismiss a chapter 11. | 0.80 hrs |
| 02/28/22 | WS | Conduct legal research re cause to convert for bad faith generally. | 0.90 hrs |
| 02/28/22 | WS | Conduct legal research re cause to convert for failing to file timely monthly reports. | 0.80 hrs |
| 02/28/22 | WS | Conduct legal research re cause to convert for failing to include all bank accounts on monthly reports. | 0.70 hrs |
| 02/28/22 | WS | Conduct legal research re cause to convert for use of property of the state outside the ordinary course without notice and hearing. | 1.50 hrs |
| 02/28/22 | WS | Conduct legal research re cause to convert for failure to schedule assets and claims on schedules. | 1.40 hrs |
| 02/28/22 | WS | Conducted legal research re cause to convert for bad faith when the Debtor filed to avoid posting an appeal bond in underlying state court litigation. | 1.30 hrs |
| 03/01/22 | HLA | Continue research in connection with and preparation of motion to convert case to chapter 7. | 0.80 hrs |
| | | (5) Improper Allocation. Rate Reduced. | |
| 03/01/22 | NRD | Telephone conference with HLA and L. Deluca re tax issues presented by returns, operating agreement, disclosure statement, and ability to use allegations of same in connection with motion to convert case. | 0.70 hrs |
| 03/01/22 | NRD | Review and analysis of accountant memo re tax issues and Debtor tax returns in preparation for call with accountant re tax issues. | 0.30 hrs |
| 03/01/22 | NRD | Receipt, review, and analysis of memo from WJS re findings of research on motion to convert, use of plan as an appeal bond, conversion vs. dismissal, and other factual scenarios amounting to cause. | 0.20 hrs |

**Adelman & Gettleman, Ltd.**                                                      Page No.  3

OCUC of Marshall Spiegel                      2592              00006                    Invoice No:    17554

| Date | Atty | Description | Hours |
|---|---|---|---|
| 03/01/22 | NRD | Continue legal research re conversion of case for cause including whether Debtor can pay pre-petition mortgage debt, tax fraud, omissions from schedules and monthly reports. | 1.60 hrs |
| 03/01/22 | NRD | Commence work on motion to convert case for cause to chapter 7. | 0.80 hrs |
| 03/01/22 | WS | Conduct legal research re cause to convert for paying pre-petition debts post-petition (credit card specifically). | 1.10 hrs |
| 03/01/22 | WS | Conduct legal research re cause to convert for vexatiously and unreasonably resisting 2004 discovery efforts. | 0.80 hrs |
| 03/01/22 | WS | Conduct legal research re cause to convert for failing to pursue meritorious fraudulent conveyance actions. | 0.90 hrs |
| 03/01/22 | WS | Compose comprehensive memo providing detailed analysis on motion to convert factors and emailed to NRD. | 1.50 hrs |
| 03/01/22 | WS | Conference with NRD re motion to convert research and follow up questions and thoughts. | 0.30 hrs |
| 03/02/22 | NRD | Conference with HLA re analysis of timing of motion to convert in light of March 14 hearing and likelihood of multiple rulings at such hearing. | 0.30 hrs |
| 03/02/22 | NRD | Continue work on motion to convert. | 2.60 hrs |
| 03/02/22 | NRD | Draft extremely detailed email to members of the Committee re preparation for March 14 hearing, analysis of the same in connection with timing of motion to convert, recomendation that filing be delayed until after hearing, and inviting thoughts and comments. | 1.20 hrs |
| 03/03/22 | NRD | Continue drafting Motion to Convert. | 1.40 hrs |
| 03/03/22 | NRD | Draft email to B. Freud re date of liquidation of CDs in connection with Motion to Convert. | 0.10 hrs |
| 03/03/22 | NRD | Continue legal research in connection with motion to convert, specifically relating to cause to convert case. | 0.40 hrs |
| 03/03/22 | NRD | Factual research re Debtor's valuation of condo on various filings, actual value of condo, and discrepancies. | 0.70 hrs |
| 03/03/22 | NRD | Draft email to Committee members re Debtor's condo unit and likely value. | 0.20 hrs |
| 03/03/22 | NRD | Factual research re Debtor's litigious conduct in connection with Motion to Convert. | 0.50 hrs |
| 03/04/22 | HLA | Continue review and analysis of research; continue outlining motion to convert to chapter 7. | 0.60 hrs |
| 03/04/22 | NRD | Email exchanges with D. Hyde re factual background to Association litigation in connection with drafting of motion to convert. | 0.20 hrs |
| 03/04/22 | NRD | Legal research re reported decisions involving Debtor in connection with drafting of motion to convert. | 0.50 hrs |
| 03/04/22 | NRD | Legal research re distinction between LLC management rights, distributional rights, and membership interests in connection with drafting motion to convert. | 0.60 hrs |
| <u>03/07/22</u> | <u>HLA</u> | <u>Continue research and analysis of bad-faith elements and applying elements to Spiegel facts and matters arising in case, constituting cause and reasons to convert to chapter 7 rather than support chapter 11 plan which is nothing more than a stay to continue to litigate.</u>  (5) Improper Allocation. Rate Reduced. | <u>1.20 hrs</u> |
| 03/07/22 | NRD | Legal research re cause to convert a case, searching for individual chapter 11 Debtor cases and misconduct similar to Debtor's. | 1.10 hrs |
| 03/08/22 | NRD | Conduct online research re valuation of assets of the estate, including Greenleaf interest, residence, and firearms. | 0.80 hrs |
| 03/08/22 | NRD | Continue legal research on nature of interest in LLC and whether distributional interest become property of the estate in connection with drafting of motion to convert. | 0.70 hrs |
| 03/08/22 | NRD | Begin compiling monthly operating reports and identifying issues with same. | 0.70 hrs |
| 03/08/22 | NRD | Begin drafting tracking chart for monthly reports identifying issues. | 0.40 hrs |

**Adelman & Gettleman, Ltd.**                                                                                    Page No.  4

OCUC of Marshall Spiegel                    2592              00006                                    Invoice No:    17554

| | | | |
|---|---|---|---|
| 03/08/22 | NRD | Continue work on motion to convert. | 2.20 hrs |
| 03/08/22 | WS | Conducted follow up legal research re appeal bonds in the context of a motion to convert. | 0.40 hrs |
| 03/08/22 | WS | Conducted legal research re unauthorized payments to professionals in the context of a motion to convert. | 1.30 hrs |
| 03/09/22 | HLA | Attendance at office conference with NRD regarding identification of cause for conversion and application of details in schedules, monthly reports, and pleadings. | 0.30 hrs |
| 03/09/22 | HLA | Continue review and analysis of numerous cases, including judges' opinions supporting conversion to chapter 7 for conduct akin to Marshall Spiegel's conduct and financial affairs. | 1.40 hrs |
| 03/09/22 | NRD | Continue work on motion to convert. | 1.70 hrs |
| 03/09/22 | NRD | Continue legal research in connection with motion to convert, specifically relating to the issues of importance of monthly reports, omissions from schedules, valuation of assets, and unconfirmable plan. | 1.80 hrs |
| 03/09/22 | NRD | Continue review and analysis of monthly operating reports identifying issues relevant to motion to convert. | 1.20 hrs |
| 03/09/22 | NRD | Telephone conference with G. Silver re Debtor conduct and motion to convert. | 0.40 hrs |
| 03/09/22 | NRD | Conference with HLA re identification of cause to convert elements based on schedule omissions, monthly report issues, and pleadings. | 0.30 hrs |
| 03/10/22 | HLA | Continue work on motion to convert; review and analyze cases applicable to motion; develop facts. | 0.70 hrs |
| 03/10/22 | NRD | Continue work on Motion to Convert. | 2.00 hrs |
| 03/10/22 | NRD | Continue legal research in connection with Motion to Convert relating to cause arising from failure to file timely and accurate monthly reports and failure to bring estate causes of action. | 1.40 hrs |
| 03/10/22 | NRD | Draft revisions to demonstrative exhibit re Monthly Reports, working to clearly communicate original filing date as well as multiple amendments. | 0.50 hrs |
| 03/10/22 | NRD | Review and analysis of WJS research memo on conversion issues. | 0.20 hrs |
| 03/10/22 | WS | Conduct legal research re undervaluing assets as cause in a motion to convert. | 0.50 hrs |
| 03/10/22 | WS | Compose comprehensive email to NRD re court approval to make principal residence payments, undervaluing assets in a motion to convert, appeal bond research follow up, and unauthorized payments to professionals research. | 0.50 hrs |
| 03/10/22 | WS | Conduct legal research re whether a Debtor in an individual chapter 11 must get prior court approval to make post-petition payments on his principal residence/are these payments ordinary course. | 2.80 hrs |
| 03/11/22 | HLA | Continue reviewing cases including Squires and Goldgar decision, and outlining and revising extensive motion to convert. | 1.20 hrs |
| 03/11/22 | NRD | Continue legal research in connection with Motion to Convert specifically relating to numerous tax issues evidenced by Debtor and Greenleaf returns. | 2.10 hrs |
| 03/11/22 | NRD | Continue work on motion to convert. | 3.30 hrs |
| 03/11/22 | WS | Conduct legal research re the Debtor's fiduciary duty to creditors and the estate. | 0.80 hrs |
| 03/11/22 | WS | Conduct legal research re whether tax fraud/tax impropriety is cause to convert. | 1.10 hrs |
| 03/11/22 | WS | Conduct research to find Debtor's judgment against Peterson and its registration in Utah. | 0.70 hrs |
| 03/11/22 | WS | Conference with NRD re looking into whether committing tax fraud/tax impropriety is cause to convert. | 0.20 hrs |
| 03/12/22 | NRD | Continue work on Motion to Convert. | 2.10 hrs |
| 03/12/22 | NRD | Continue legal research in connection with drafting motion to convert including a "belt tightening" requirement, whether a Debtor can reorganize if | 1.80 hrs |

**Adelman & Gettleman, Ltd.**                                                    Page No.  5

OCUC of Marshall Spiegel                    2592              00006                      Invoice No:      17554

|  |  |  |  |
|---|---|---|---|
|  |  | the estate operates no business, and other factual circumstances constituting cause. |  |
| 03/13/22 | NRD | Continue legal research in connection with motion to convert including cause and other relevant issues. | 1.40 hrs |
| 03/13/22 | NRD | Continue drafting motion to convert. | 2.60 hrs |
| 03/14/22 | NRD | Continue work on motion to convert. | 1.10 hrs |
| 03/14/22 | WS | Analyzed, reviewed, edited, and filled in missing citations in motion to convert. | 1.80 hrs |
| 03/15/22 | HLA | Attendance at office conference with NRD regarding task of preparing motion for derivative standing on 541 action and fraudulent conveyance action, standards, demand, and relationship to motion to convert. | 0.40 hrs |
| 03/15/22 | HLA | Continue reviewing cases from Northern District on conversion, 541 actions to determine property of the estate and fraudulent conveyance under UFTA 5(a), 5(b), and 6(a), and relationship to motion to convert. | 1.30 hrs |
| 03/15/22 | NRD | Legal research re "unusual circumstances" exception to 1112, specifically with respect to 100% plans. | 1.10 hrs |
| 03/15/22 | NRD | Conference with HLA re derivative standing and avoidance actions, and preference for bringing same in lieu of motion to convert. | 0.40 hrs |
| 03/15/22 | NRD | Continue working on motion to convert case. | 0.70 hrs |
| 03/16/22 | HLA | Review and analysis of cases on derivative standing for the prosecution of a fraudulent conveyance case and a property of the estate case. | 0.40 hrs |
| 03/16/22 | NRD | Draft minor revisions on Motion to Convert. | 0.30 hrs |
| 03/16/22 | NRD | Continue work on Motion to Convert, specfically drafting background section, table of contents, correcting citations, and other structual components. | 0.80 hrs |
| 03/31/22 | HLA | Continue review and analysis of cases involving a motion to convert and establishing cause for conversion including M. McFeeley's case, Colliers, and research provided by WJS. | 1.40 hrs |
| 04/12/22 | NRD | Review and analysis of draft motion to convert case and outlining of further work required. | 1.10 hrs |
| 04/13/22 | NRD | Continue working on motion to convert case for cause. | 1.20 hrs |
| 04/14/22 | NRD | Continue working on motion to convert case for cause. | 3.20 hrs |
| 04/15/22 | HLA | Continue work on motion to convert; review cases cited, and authorities in support of motion and facts relevant to Spiegel motion. | 0.40 hrs |
| 04/18/22 | NRD | Continue working on motion to convert case for cause. | 3.50 hrs |
| 04/19/22 | NRD | Continue working on motion to convert case for cause. | 1.10 hrs |
| 04/20/22 | NRD | Continue working on motion to convert case for cause. | 1.50 hrs |
| 04/29/22 | HLA | Review and analysis of IRS publication on taxing distributions and salaries of LLCs choosing to be treated as S corporations. | 0.40 hrs |
| 05/13/22 | HLA | Continue review and analysis of cases in the Northern District and other courts regarding cause for conversion of case to chapter 7 and inability of debtor to confirm a plan in good faith using the plan as nothing more than an appeal bond. | 0.80 hrs |
| 06/21/22 | NRD | Legal research re whether Debtor's fiduciary obligations are considered in connection with claims objections. | 0.80 hrs |
| 07/19/22 | NRD | Continue work on complaint to avoid fraudulent conveyances. | 2.70 hrs |
| 07/20/22 | NRD | Legal research in connection with potential actions against Greenleaf for avoidance of transfer, including membership interests, property itself, and statute of limitations issues. | 1.80 hrs |
| 07/20/22 | NRD | Continue drafting complaint to avoid transfers. | 2.10 hrs |
| 07/21/22 | NRD | Commence legal research re ability to enjoin distributions from Greenleaf as a part of UFTA claim. | 1.80 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  6

OCUC of Marshall Spiegel                    2592              00006                                    Invoice No:    17554

|  |  |  |  |
|---|---|---|---|
| Adelman, Howard L. | 17.20 hrs | 525 /hr | $9,030.00 |
| Dwayne, Nicholas R | 73.70 hrs | 315 /hr | $23,215.50 |
| Shirley, Wyatt | 23.30 hrs | 125 /hr | $2,912.50 |
| Total fees for this matter | 114.20 hrs | | $35,158.00 |

**Billing Summary**

|  |  |  |
|---|---|---|
| Total Fees | 114.20 hrs | $35,158.00 |
| **TOTAL CHARGES FOR THIS BILL** | | **$35,158.00** |

---

**ACH/WIRE TRANSFER INSTRUCTIONS**

Wintrust Bank
231 S. LaSalle St., 2nd Floor
Chicago, IL 60604

Adelman & Gettleman, Ltd. - General Account
Account Number:        3805304288
ABA Routing Number:  071925444
Reference:                   17554

We encourage ACH or Wire Transfer Payments

LAW OFFICES

# Adelman & Gettleman, Ltd.

**53 W. JACKSON BOULEVARD, SUITE 1050**

**CHICAGO, ILLINOIS 60604**

**312-435-1050**

**FAX 312-435-1059**

**FEIN 36-3382789**

September 30, 2022

James L. Waite                                          Invoice No:  17557      HLA
Official Committee of Unsecured                      Client No:  2592      00010
Creditors for Marshall Spiegel                    Billing through:  07/31/22
1618 Sheridan Road, Unit 8
Wilmette, IL  60091

**RE:  Appeals**
**Services Rendered**

| Date | Atty | Description | Hours |
|---|---|---|---|
| 01/10/22 | NRD | Draft email to B. Freud re J. Xydakis conduct in appeal case. | 0.10 hrs |
| 02/22/22 | NRD | Review and analysis of Wintrust response in appeal case regarding J. Xydakis conflicts. | 0.20 hrs |
| 03/10/22 | NRD | Email exchange with B. Freud re District Court ruling on J. Xydakis and date of CD liquidation. | 0.10 hrs |
| 03/24/22 | HLA | Review and analysis of notice of appeal filed by Debtor; docket for timeliness. | 0.20 hrs |
| 03/24/22 | HLA | Review and analysis of statutes and cases on interlocutory appeals of interlocutory orders relating to sanctions order, interim compensation, and claim objection. | 1.30 hrs |
| 03/24/22 | NRD | Review and analysis of notice of appeal filed by Debtor re Wintrust claim objection. | 0.20 hrs |
| 03/28/22 | NRD | Review and analysis of notice of appeal filed by Greenleaf and Matthew. | 0.20 hrs |
| 03/29/22 | HLA | Commence review and analysis of rules relating to appeals; outline responsibilities. | 0.30 hrs |
| 03/29/22 | HLA | Review and analysis of documents filed by Greenleaf for appeal of sanctions order; determine compliance. | 0.20 hrs |
| 03/29/22 | NRD | Review and analysis of additional notice of appeal filed by Matthew and Greenleaf. | 0.20 hrs |
| 03/30/22 | HLA | Commence review and analysis of documents filed for appeal of sanctions order and appeal overruling objection to Wintrust claim. | 0.20 hrs |
| 03/30/22 | HLA | Review local rules and appellate rules for compliance of appeals filed by Marshall Spiegel. | 0.30 hrs |
| 03/30/22 | NRD | Receipt, review, and analysis of various docket entries regarding appeals; review and analysis of Bankruptcy Rules re appellate procedure. | 0.30 hrs |
| 03/31/22 | NRD | Conference with HLA re notices of appeals, various docket entries re same, assigned judges, and appellate procedure in connection with same. | 0.40 hrs |
| 04/05/22 | HLA | Pull up appeal docket and local rules; verify accuracy of appeal process. | 0.20 hrs |
| 04/05/22 | HLA | Review court order from which appeal is taken; determine whether order is a final and appealable order. | 0.20 hrs |
| 04/08/22 | NRD | Review and analysis of docketed letter re appeal. | 0.10 hrs |
| 04/11/22 | HLA | Commence review and analysis of appellate rules for compliance by Greenleaf on appeal and compliance by Debtor on appeal. | 0.30 hrs |
| 04/11/22 | HLA | Commence review and analysis of filings by Greenleaf and Debtor for two different appeals. | 0.30 hrs |
| 04/11/22 | NRD | Review and analysis of docket entries re appeals. | 0.10 hrs |

**Adelman & Gettleman, Ltd.**

OCUC of Marshall Spiegel                      2592              00010                          Invoice No:     17557

| | | | |
|---|---|---|---|
| 04/13/22 | NRD | Review and analysis of appellate rules to determine responsibilities re record designations, brief, deadlines, etc. | 0.40 hrs |
| 04/13/22 | NRD | Review of appeals dockets and draft outline of appeal tasks and deadlines. | 0.40 hrs |
| 04/27/22 | NRD | Review and analysis of J. Xydakis draft motion to consolidate appeals. | 0.20 hrs |
| 04/27/22 | NRD | Draft responsive emails to J. Xydakis and HLA re consolidation motion. | 0.10 hrs |
| 04/28/22 | HLA | Review and analysis of documents filed in appellate court; consult rules; determine responsibilities of appellee. | 0.30 hrs |
| 04/29/22 | NRD | Review and analysis of appellate rules and outlining course of action re appeals. | 0.30 hrs |
| 05/05/22 | NRD | Review and analysis of docket entries re consolidation of appeals. | 0.10 hrs |
| 05/10/22 | HLA | Commence review and analysis of motion to dismiss appeal and response filed by debtor's counsel; analyze appellate rules for dismissal and jurisdictional issues. | 0.70 hrs |
| 05/18/22 | HLA | Review and analysis of filings for appeal by Matthew Spiegel and Greenleaf relating to sanctions and denial of their request for sanctions; consider designating additional documents for record. | 0.30 hrs |
| 05/18/22 | HLA | Brief review of appellate rules regarding designation and briefing schedule; identify proposed schedule. | 0.20 hrs |
| 05/18/22 | HLA | Commence review and analysis of brief filed in trial court relating to sanction issue and Greenleaf's request for sanctions and fees; identify issues likely raised on appeal; consider cross-appeal. | 0.30 hrs |
| 05/18/22 | NRD | Review and analysis of appellate rules re brief deadlines and record; review of docket entries in connection with same. | 0.60 hrs |
| 05/18/22 | NRD | Review and analysis of multiple docket entries re appeals. | 0.20 hrs |
| 05/18/22 | NRD | Telephone conference with clerk of court re explanation of docket entries and appeal status. | 0.20 hrs |
| 05/19/22 | HLA | Continue review and analysis of docketing statement and designation of record on appeal; review record to determine whether the committee needs to supplement the record. | 0.40 hrs |
| 05/19/22 | HLA | Review appellate rules regarding consolidation; review court findings regarding consolidation of appeals. | 0.20 hrs |
| 05/19/22 | NRD | Legal research re appeal deadlines, review and analysis of docket regarding trasmittal of record on appeal and other actions in appeal cases, and draft chart summarizing relevant dates and deadlines. | 0.80 hrs |
| 05/20/22 | NRD | Review and analysis of record on appeal and previous filings by J. Xydakis pre-viewing arguements; begin to outline likely arguments to be made in opening brief and response. | 1.30 hrs |
| 05/23/22 | HLA | Review order regarding consolidation of appeals and assignment of appeals to new judge; review docket of new judge and determine whether case has been reassigned and briefing schedule established. | 0.30 hrs |
| 05/23/22 | HLA | Review latest version of appellate rules regarding docketing, designation of record, briefing schedules, and consolidation. | 0.20 hrs |
| 05/24/22 | HLA | Continue review and analysis of filings and designation of record on appeal for determination of supplementing appeal and making sure there is an adequate record for appeal. | 0.30 hrs |
| 05/24/22 | HLA | Attendance at office conference with NRD regarding appellate record, briefing schedule, consolidation, and strategy in brief writing. | 0.40 hrs |
| 05/25/22 | NRD | Exchange multiple emails with J. Xydakis re compliance with Court order on briefing schedule and record on appeal. | 0.30 hrs |
| 05/26/22 | NRD | Exchange numerous emails with J. Xydakis re compliance with court order, including review and approval of draft memo re briefing schedule. | 0.30 hrs |
| 06/01/22 | NRD | Review and analysis of Debtor's designation of issues on appeal. | 0.10 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  3

OCUC of Marshall Spiegel                                2592                 00010                                Invoice No:    17557

| Date | Initials | Description | Hours |
|---|---|---|---|
| 06/02/22 | NRD | Review and analysis of Debtor's addendum to notice of appeal/record. | 0.10 hrs |
| 06/07/22 | NRD | Review and analysis of docketed appellate designation. | 0.10 hrs |
| 06/08/22 | NRD | Review and analysis of Debtor addendum to notice of appeal/record. | 0.10 hrs |
| 06/23/22 | NRD | Compile, review, and analyze record on appeal re two Matthew appeals. | 0.80 hrs |
| 06/23/22 | SR | Per NRD, create excel spreadsheet for Appellant's Designation of Record regarding docket items to be included in the record; pull and save approximately 60+ documents from worksite and/or PACER. _(3) Lumping. Reduced 10%._ | 0.60 hrs |
| 06/30/22 | NRD | Email exchange with J. Xydakis re extension of time to file briefs. | 0.20 hrs |
| 07/18/22 | NRD | Conference with AFB re analysis of proper way to address J. Xydakis failure to file brief. | 0.20 hrs |
| 07/18/22 | NRD | Review of appeal dockets to confirm no brief filed. | 0.10 hrs |
| 07/19/22 | NRD | Review and analysis of J. Xydakis motion and brief. | 0.30 hrs |
| 07/19/22 | NRD | Email exchange with J. Xydakis re motion to file brief instanter. | 0.10 hrs |
| 07/20/22 | HLA | Commence review and analysis of Appellate brief filed by the debtor and identify issues to which the responding brief should address. | 0.40 hrs |
| 07/21/22 | HLA | Commence review and analysis of Appellate brief relating to fee shifting for Motion to Compel and outline issues to discuss with NRD and consider in responding brief. | 0.40 hrs |
| 07/21/22 | NRD | Review and analysis of J. Xydakis opening brief. | 0.30 hrs |
| 07/21/22 | NRD | Commence pulling of all cases cited by J. Xydakis in brief and identification of misquotations of authority. | 1.40 hrs |
| 07/21/22 | NRD | Draft emails to members of Committee attaching J. Xydakis brief and detailing plan of action re same. | 0.20 hrs |
| 07/21/22 | NRD | Conference with HLA re J. Xydakis brief and approach to same, case law, and letter to D. Welch re same. | 0.20 hrs |
| 07/22/22 | HLA | Commence review and analysis of Appellate brief filed by Spiegel and outline issues for addressing, research, and responding. | 0.80 hrs |
| 07/22/22 | HLA | Review and analysis of transcript from court ruling and identify segments for inclusion in Appellate brief. | 0.20 hrs |
| 07/22/22 | HLA | Attendance at office conference with NRD regarding research topics for appeal, transcript from Judge Barnes and strategy in writing responding brief. | 0.30 hrs |
| 07/22/22 | NRD | Continue pulling all cases cited by J. Xydakis brief; review and analysis of each quotation to identify if out of context. | 1.30 hrs |
| 07/22/22 | NRD | Continue review and analysis of J. Xydakis brief, identifying arguments made and weaknesses of each. | 0.90 hrs |
| 07/22/22 | NRD | Review and analysis of hearing transcript regarding motions appealed.; identify Barnes admission of J. Xydakis for baseless arguments and identify same arguments made again in appeal brief. | 1.20 hrs |
| 07/22/22 | NRD | Conduct legal research re Rule 37 in connection with arguments made by J. Xydakis in brief. | 0.60 hrs |
| 07/22/22 | NRD | Conduct legal research to identify rules and case law regarding contents of appellate brief. | 0.60 hrs |
| 07/22/22 | NRD | Conference with HLA re lack of any statement of jurisdiction, standard of review, issues on appeal, or any other specific items required by rules and approach for attacking the same. | 0.20 hrs |
| 07/22/22 | NRD | Conduct legal research re motions to dismiss appeal for failure to comply with rules re brief. | 1.30 hrs |
| 07/25/22 | NRD | Legal research re dismissal of appeals for failure to comply with rules. | 0.40 hrs |
| 07/26/22 | HLA | Continue review and analysis of opening brief filed by Greenleaf and identify issues for response including analysis of transcript of court hearing and underlying motions and responses leading to awarding of fees against Greenleaf. | 1.20 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  4

OCUC of Marshall Spiegel                                    2592                    00010                                    Invoice No:      17557

| 07/26/22 | NRD | Continue legal research re dismissal of appeals for failure to comply with rules re brief format. | 0.30 hrs |
|---|---|---|---|
| 07/29/22 | NRD | Continue legal research re sufficiency of brief and compliance with rules. | 0.30 hrs |

|  |  |  |  |
|---|---|---|---|
| Adelman, Howard L. | 10.40 hrs | 525 /hr | $5,460.00 |
| Dwayne, Nicholas R | 18.40 hrs | 315 /hr | $5,796.00 |
| Rodela, Sandra | 0.60 hrs | 135 /hr | $81.00 |

| Total fees for this matter | 29.40 hrs | $11,337.00 |
|---|---|---|

**Billing Summary**

| Total Fees | 29.40 hrs | $11,337.00 |
|---|---|---|

| **TOTAL CHARGES FOR THIS BILL** | **$11,337.00** |
|---|---|

---

**ACH/WIRE TRANSFER INSTRUCTIONS**

Wintrust Bank                 Adelman & Gettleman, Ltd. - General Account
231 S. LaSalle St., 2nd Floor   Account Number:        3805304288
Chicago, IL 60604             ABA Routing Number:  071925444
                              Reference:                17557

We encourage ACH or Wire Transfer Payments

LAW OFFICES

# Adelman & Gettleman, Ltd.

**53 W. JACKSON BOULEVARD, SUITE 1050**

**CHICAGO, ILLINOIS 60604**

**312-435-1050**

**FAX 312-435-1059**

**FEIN 36-3382789**

September 30, 2022

| | |
|---|---|
| James L. Waite | Invoice No:  17555    HLA |
| Official Committee of Unsecured | Client No:  2592    00007 |
| Creditors for Marshall Spiegel | Billing through:  07/31/22 |
| 1618 Sheridan Road, Unit 8 | |
| Wilmette, IL  60091 | |

**RE:  Fee Petitions**
**Services Rendered**

| Date | Atty | Description | Hours |
|---|---|---|---|
| 01/13/22 | NRD | Commence drafting of second interim fee application, structure, background. | 0.50 hrs |
| 01/14/22 | NRD | Begin proofing, analyzing, and revising time for second interim fee application. | 1.70 hrs |
| 01/17/22 | NRD | Continue proofing of time for second interim fee application, including proof reading of entries, categorizing tasks, writing off time, and other revisions consistent with appropriate billing judgment. | 1.30 hrs |
| 01/17/22 | NRD | Continue drafting second interim fee application, further building structure and background. | 0.80 hrs |
| 02/01/22 | NRD | Continue proofing of pre-bills, categorizing tasks, and writing off time, in connection with second interim fee application. | 1.30 hrs |
| 02/15/22 | NRD | Continue work on proofing pre-bills for second interim fee applicaiton, correcting entries, adjusting categories, writing off time, and other adjustments consistent with UST guidelines and prior court order. | 2.20 hrs |
| 02/16/22 | HLA | Continue review and clarification of time entries and revise same; work on narrative for fee petition. | 0.60 hrs |
| 02/16/22 | NRD | Continue work on second interim fee application including very detailed narrative on discovery efforts. | 2.70 hrs |
| 02/17/22 | NRD | Continue work on expansive second fee application, detailing all services provided. | 3.40 hrs |
| 02/18/22 | NRD | Continue drafting more than 40 page fee application, detailing all services provided, reasonableness, and necessity of same. | 4.70 hrs |
| 02/18/22 | NRD | Continue work on revisions to bills in connection with fee app drafting and for attachment to same. | 1.40 hrs |
| 02/18/22 | NRD | Draft further revisions to second interim fee application re voluntary write offs. | 0.30 hrs |
| 02/21/22 | NRD | Complete first draft of fee application, insert bios, and other minor details. | 1.30 hrs |
| 02/21/22 | NRD | Conduct proof of 45 page fee application. | 1.40 hrs |
| 02/23/22 | NRD | Final review and proof of all bills for attachment to fee application, flag minor changes. | 1.30 hrs |
| 02/24/22 | HLA | Continue review, analysis and revisions to second interim fee request; review time and narratives. | 0.60 hrs |
| 02/24/22 | NRD | Draft email to members of Committee attaching draft of fee application with all exhibits, order, and cover sheet; request review and authority to file. | 0.20 hrs |
| 02/24/22 | NRD | Draft cover sheet for second A&G fee application. | 0.10 hrs |
| 02/24/22 | NRD | Draft proposed order for second A&G fee application. | 0.20 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  2

OCUC of Marshall Spiegel                    2592            00007                    Invoice No:    17555

| Date | | Description | Hours |
|---|---|---|---|
| 02/25/22 | HLA | Continue review of and revisions to voluminous fee petition including editing of time and narrative. | 1.30 hrs |
| 02/28/22 | NRD | Draft minor final revisions to bills to be attached to second interim fee application. | 0.30 hrs |
| 02/28/22 | NRD | Draft minor revisions to second interim fee application. | 0.20 hrs |

| | | | |
|---|---|---|---|
| Adelman, Howard L. | 2.50 hrs | 525 /hr | $1,312.50 |
| Dwayne, Nicholas R | 25.30 hrs | 315 /hr | $7,969.50 |

| | | |
|---|---|---|
| Total fees for this matter | 27.80 hrs | $9,282.00 |

**Billing Summary**

| | | |
|---|---|---|
| Total Fees | 27.80 hrs | $9,282.00 |
| **TOTAL CHARGES FOR THIS BILL** | | **$9,282.00** |

---

**ACH/WIRE TRANSFER INSTRUCTIONS**

Wintrust Bank                    Adelman & Gettleman, Ltd. - General Account
231 S. LaSalle St., 2nd Floor    Account Number:        3805304288
Chicago, IL 60604                ABA Routing Number:  071925444
                                 Reference:             17555

We encourage ACH or Wire Transfer Payments

LAW OFFICES

# Adelman & Gettleman, Ltd.

**53 W. JACKSON BOULEVARD, SUITE 1050**

**CHICAGO, ILLINOIS 60604**

**312-435-1050**

**FAX 312-435-1059**

**FEIN 36-3382789**

September 30, 2022

James L. Waite                                                        Invoice No:  17556        HLA
Official Committee of Unsecured                                    Client No:  2592        00008
Creditors for Marshall Spiegel                              Billing through:  07/31/22
1618 Sheridan Road, Unit 8
Wilmette, IL  60091

**RE:  Write offs**
**Services Rendered**

| Date | Init | Description | Hours |
|---|---|---|---|
| 01/03/22 | HLA | Attend conference with NRD re response, strategy and points to rebut. | 0.30 hrs |
| 01/03/22 | HLA | Review and analysis of response of Debtor to motion to compel, and motion to compel; identify weaknesses and areas for response. | 0.20 hrs |
| 01/03/22 | NRD | Initial review and analysis of Debtor's response to Motion to compel payment of fees or to convert case. | 0.20 hrs |
| 01/03/22 | NRD | Confer with HLA regarding Debtor's response to motion to compel payment of fees, strategize reply. | 0.30 hrs |
| 01/04/22 | NRD | Begin drafting reply in support of motion to compel payment of interim compensation. | 1.10 hrs |
| 01/04/22 | NRD | Conduct legal research regarding Debtor's fiduciary duties to creditors in connection with payments to Greenleaf Entity and use of property of the estate outside the ordinary course of business. | 0.30 hrs |
| 01/05/22 | NRD | Legal research regarding Debtor obligations under section 363, fiduciary duties, and remedies, including conversion, for paying Greenleaf Entity outside ordinary course of business in connection with drafting reply in support of motion to compel payment of fees. | 1.30 hrs |
| 01/05/22 | NRD | Telephone conference and email exchange with WJS regarding research in connection with reply to motion to compel payment of fees. | 0.20 hrs |
| 01/05/22 | NRD | Conference with HLA regarding drafting of reply to motion to compel payment of fees. | 0.10 hrs |
| 01/05/22 | NRD | Continue work on reply in support of Motion to Compel payment of fees. | 1.10 hrs |
| 01/05/22 | WS | Read and analyzed Debtor's response to Committee's Motion to Compel Payment of Fees or Convert. | 0.20 hrs |
| 01/07/22 | HLA | Attendance at office conference with NRD regarding strategy on reply in connection with motion to compel, payment of fees, or conversion. | 0.30 hrs |
| 01/07/22 | HLA | Review and analysis of Debtor's response to motion to compel; identify areas of inconsistency and objection. | 0.30 hrs |
| 01/07/22 | NRD | Conference with HLA regarding strategy on reply to motion to compel as it relates to other matters pending in case. | 0.30 hrs |
| 01/07/22 | NRD | Re-review and analysis of case law provided by WJS regarding definition of ordinary course; draft follow up email to WJS regarding same and clarification in connection with drafting of reply in support of motion to compel payment of fees. | 0.30 hrs |
| 01/07/22 | NRD | Continue drafting reply in support of motion to compel payment of interim fees. | 1.60 hrs |

**Adelman & Gettleman, Ltd.**

OCUC of Marshall Spiegel                    2592            00008                    Invoice No:    17556

| 01/08/22 | NRD | Legal research regarding Rule 9019 and section 363 obligations with respect to Debtor's proposed settlement of Greenleaf avoidance action. | 0.60 hrs |
|---|---|---|---|
| 01/08/22 | NRD | Legal research regarding nature of interim compensation awards, non-finality, not generally appealable, and analysis of resultant interplay with terms of plan. | 0.70 hrs |
| 01/08/22 | NRD | Continue drafting reply in support of motion to compel payment of fees. | 1.80 hrs |
| 01/09/22 | NRD | Complete drafting reply in support of motion to compel payment of fees. | 2.20 hrs |
| 01/10/22 | HLA | Preparation for and participation in court hearing regarding motion of Debtor to set hearing on disclosure statement and status of chapter 11 case. | 0.90 hrs |
| 01/10/22 | HLA | Review and revise reply brief in support of motion to compel or convert relating to payment of interim compensation; review response to be sure all issues covered in reply. | 0.80 hrs |
| 01/10/22 | HLA | Attendance at conference with NRD regarding changes to reply brief and strategy. | 0.20 hrs |
| 01/10/22 | NRD | Conference with HLA regarding page turn review of Reply in support of Motion to Compel Payment of Interim Fees. | 0.20 hrs |
| 01/10/22 | NRD | Draft minor revisions to Reply in support of Motion to Compel Payment of Interim Fees. | 0.30 hrs |
| 01/10/22 | NRD | Final proof and edits to Reply in support of Motion to Compel Payment of fees. | 0.30 hrs |
| 01/10/22 | SR | File "Reply to OCUC Motion to Compel, Motion to Convert Case from Ch. 11 to Ch. 7" | 0.20 hrs |
| 01/13/22 | NRD | Telephone conference with J. Stafford re experiences with J. Xydakis and how to handle. | 0.30 hrs |
| 01/26/22 | NRD | Continue work on discovery motions. | 1.90 hrs |
| 01/26/22 | NRD | Continued proofing of prebills for fee application. | 0.40 hrs |
| 01/31/22 | HLA | Commence review and analysis of time and edit same for fee petition. | 0.40 hrs |
| 01/31/22 | NRD | Email exchange with M. Pakter regarding call on Fee Petition and case status. | 0.20 hrs |
| 02/01/22 | NRD | Review and analysis of certificate of service re partial payment of fees. | 0.10 hrs |
| 02/02/22 | NRD | Continuing proofing of prebills for attachment to second interim fee applicaiton. | 0.80 hrs |
| 02/02/22 | NRD | Reciept and review of email from D. Lloyd re Debtor's post-dated check; conference with HLA re same. | 0.20 hrs |
| 02/04/22 | NRD | Draft responsive email to D. Lloyd making demand for payment of remaining fees. | 0.10 hrs |
| 02/07/22 | NRD | Draft second motion to compel payment of interim compensation, detailing demands made, availability of funds from Greenleaf loan, and articulating argument that no just cause for delay. | 2.70 hrs |
| 02/07/22 | NRD | Conduct legal research re payment of interim compensation in connection with second motion to compel payment of fees. | 0.60 hrs |
| 02/07/22 | NRD | Draft proposed order re second motion to compel payment of interim compensation. | 0.30 hrs |
| 02/07/22 | NRD | Compil exhibits for second motion to compel payment of interim compensation. | 0.20 hrs |
| 02/07/22 | SR | Office conference with NRD regarding Second Motion to Compel Payment; Draft Order to Second Motion to Compel Payment, and after edits, populate fillable Order form, per NRD; File Second Motion. | 0.60 hrs |
| 02/08/22 | HLA | Review and analyze emails from D. Lloyd regarding payment of interim compensation; develop strategy for payment. | 0.20 hrs |
| 02/11/22 | AFB | Draft notice of objection for Debtor's motion. | 0.30 hrs |
| 02/11/22 | AFB | Draft motion to extend page limit for motion to reconvene deposition, including review of current draft of underlying motion. | 1.60 hrs |

**Adelman & Gettleman, Ltd.**                                                                                                           Page No.  3

OCUC of Marshall Spiegel                              2592                    00008                                                      Invoice No:    17556

| | | | |
|---|---|---|---|
| 02/11/22 | AFB | Draft notice of motion for motion to exceed page limit. | 0.20 hrs |
| 02/11/22 | AFB | Review portions of second and third motions to compel compliance with subpoenas and confer with NRD re: same. | 0.90 hrs |
| 02/11/22 | AFB | Draft proposed orders on third motion to compel compliance with subpoena and motion to extend page limit. | 0.50 hrs |
| 02/11/22 | NRD | Work with staff to file three (3) total motions, compile exhibits, research re proper filing events, and other tasks integral to filing. | 1.30 hrs |
| 02/14/22 | SR | File Supplemental Reply in Support of Second Motion to Compel. | 0.20 hrs |
| 02/15/22 | NRD | Continue work on second interim fee application. | 2.50 hrs |
| 02/16/22 | NRD | Continue working on pre-bill proofing and modifications in connection fee app drafting. | 0.80 hrs |
| 02/17/22 | NRD | Continued review and revisions to pre-bills. | 1.70 hrs |
| 02/18/22 | HLA | Continue review and analysis of and revisions to second interim fee petition. | 1.30 hrs |
| 02/18/22 | NRD | Legal research re compensability of efforts to get paid interim compensation in connection with drafting of second fee petition. | 0.30 hrs |
| 02/21/22 | HLA | Continue review of and revisions to lengthy second interim fee request of counsel to the creditors committee; outline changes; communicate with NRD re same. | 1.60 hrs |
| 02/21/22 | NRD | Commence drafting fee application for Committee accountants, detailing background regarding retention, scope of work performed, evolution of tasks based on new plans, reasonableness and necessity of same. | 3.40 hrs |
| 02/21/22 | NRD | Call with M. Pakter re drafting of accountant fee application and need for 2021 invoices. | 0.30 hrs |
| 02/21/22 | NRD | Review and analysis of accountant bill in connection with fee application drafting. | 0.20 hrs |
| 02/21/22 | WS | Updated bio for second fee application. | 0.10 hrs |
| 02/22/22 | HLA | Review and revise application of Gould & Pakter for compensation as accountants to creditors committee. | 0.40 hrs |
| 02/22/22 | NRD | Continue work on accountant fee application, and complete initial draft. | 1.20 hrs |
| 02/22/22 | NRD | Email exchange with M. Pakter re revised invoice for attachment to fee application. | 0.20 hrs |
| 02/22/22 | NRD | Review, analysis, and formatting of accountant invoice for attachment to fee application. | 0.30 hrs |
| 02/22/22 | NRD | Draft email to M. Pakter re initial draft of fee application and review of same, review and analysis of responsive emails and acknowledgment of suggested changes. | 0.20 hrs |
| 02/22/22 | NRD | Commence revisions to accountant fee application. | 0.30 hrs |
| 02/22/22 | SR | Per NRD, proofread OCUC 45-page 2nd Interim Fee Application. | 0.80 hrs |
| 02/23/22 | NRD | Draft email to M. Pakter re final draft of fee application, review of same, and authority to file. | 0.10 hrs |
| 02/23/22 | NRD | Draft minor revisions to accountant fee application as suggested by M. Pakter. | 0.20 hrs |
| 02/23/22 | NRD | Draft responsive email to M. Pakter answering questions on fee application and attaching revised draft. | 0.20 hrs |
| 02/23/22 | NRD | Email exchange with M. Pakter re background details needed for accountant fee applicaiton. | 0.10 hrs |
| 02/23/22 | NRD | Complete final draft of accountant fee applicaiton. | 0.70 hrs |
| 02/23/22 | NRD | Format and finalize accountant invoices as exhibit to accountant fee application. | 0.40 hrs |
| 02/24/22 | HLA | Review, analyze and revise fee petition for accountants to committee; review time and descriptions. | 0.40 hrs |
| 02/24/22 | NRD | Work with staff to make final changes to pre-bills and format as exhibits to fee application. | 0.40 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  4

OCUC of Marshall Spiegel                                     2592                    00008                                    Invoice No:     17556

| Date | Atty | Description | Hours |
|------|------|-------------|-------|
| 02/24/22 | NRD | Draft proposed order re accountant fee application. | 0.20 hrs |
| 02/24/22 | NRD | Draft cover sheet re accountant fee application. | 0.10 hrs |
| 02/24/22 | NRD | Draft email to members of the Committee attaching accountant fee application, requesting review and authority to file same. | 0.20 hrs |
| 02/25/22 | NRD | Pull of all exhibits to fee app, compile, and print for HLA final review. | 0.10 hrs |
| 02/25/22 | NRD | Conference with SR re need to draft motion to expand page limit for fee application. | 0.10 hrs |
| 02/25/22 | SR | Draft Motion of A&G for Leave to File Second Interim Fee Application in Excess of Fifteen Pages; Draft Proposed Order to aforementioned Motion. | 0.60 hrs |
| 02/25/22 | WS | Read and analyzed Committee response to Matthew & Greenleaf request to shift fees under Rule 45 to Committee. | 0.30 hrs |
| 02/28/22 | HLA | Preparation for participation in court hearing regarding motions to compel and motions to set deposition protocol. | 1.40 hrs |
| 02/28/22 | NRD | Brief legal research in connection with motion to expand page limitation re point of law that unrebutted allegations are deemed admitted. | 0.20 hrs |
| 02/28/22 | NRD | Draft revision to and finalize motion to expand page limitation re second interim fee applicaiton, and proposed order re same. | 0.80 hrs |
| 02/28/22 | NRD | Legal research in connection with Pakter fee application filing including appropriate filing party and notice required. | 0.20 hrs |
| 02/28/22 | NRD | Final proof of M. Pakter fee application and final preparation for filing. | 0.30 hrs |
| 02/28/22 | NRD | Draft email to M. Pakter attaching filed fee application and noting appearance at presentment hearing. | 0.10 hrs |
| 02/28/22 | NRD | Draft motion to expand page limitation re reply to J. Xydakis fee motion, and proposed order re same. | 1.10 hrs |
| 02/28/22 | NRD | Work throughout the day with staff on filing of all motions, research re proper filing events, parties, and other ECF issues. | 1.50 hrs |
| 02/28/22 | SR | File 4 more Motions: A&G Fee Application, Motion to Exceed Page Limit for Fee Application, Reply to Xydakis Fee Motion, and Motion to Exceed Page Limit for Reply. | 0.80 hrs |
| 02/28/22 | SR | File Pakter Fee Application (includes mutliple edits in midst of filing process). | 0.40 hrs |
| 02/28/22 | SR | Draft Motion of A&G Ltd. for leave to File Second Interim Fee Application in Excess of 15 pages; Draft Proposed Order to said Motion. | 0.50 hrs |
| 03/03/22 | HLA | Commence review and analysis of the petition of D. Lloyd; identify objections and categories inappropriate for Debtor's counsel. | 0.40 hrs |
| 03/03/22 | NRD | Email exchange with J. Stafford re involvement in J. Xydakis case and copy of docket. | 0.20 hrs |
| 03/14/22 | HLA | Preparation for and participation in court hearing regarding motion to convert for lack of payment of administrative claims, motion of Debtor to obtain financing, and administrative insolvency (part of hearing). | 0.80 hrs |
| 03/14/22 | HLA | Preparation for and participation in court hearing regarding status of chapter 11 case, plan and disclosure statement, fee petitions, discovery disputes, and fee shifting (part of hearing). | 1.20 hrs |
| 03/14/22 | NRD | Review and analysis of hearing call sheet and pull all motions up at hearing. | 0.30 hrs |
| 03/25/22 | NRD | Review and analysis of case re interolocutory appeal of fee awards; email exchange with HLA re same. | 0.30 hrs |
| 03/25/22 | SR | Filed Amended Proposed Order to Reconvene Deposition of Matthew Spiegel. | 0.10 hrs |
| 03/28/22 | HLA | Review and analysis of objection filed by Debtor to attorneys fees of committee counsel; identify responses for reply. | 0.40 hrs |
| 03/28/22 | NRD | Review and analysis of Debtor objection to fee application. | 0.20 hrs |
| 03/28/22 | NRD | Attention to email from D. Lloyd re payment of fees; conference with HLA re same. | 0.30 hrs |

**Adelman & Gettleman, Ltd.**                                                                                    Page No.  5

OCUC of Marshall Spiegel                      2592              00008                              Invoice No:    17556

| | | | |
|---|---|---|---|
| 03/30/22 | NRD | Email exchange with UST re payment of fees. | 0.10 hrs |
| 03/30/22 | NRD | Email exchange with creditor re payment of fees. | 0.10 hrs |
| 04/04/22 | NRD | Review and analysis of Debtor response to fee application and begin to outline reply. | 0.70 hrs |
| 04/04/22 | NRD | Begin drafting reply in support of fee application. | 2.20 hrs |
| 04/05/22 | HLA | Commence reviewing cases cited in Greenleaf objection; determine inapplicability and basis for distinguishing. | 0.40 hrs |
| 04/05/22 | HLA | Commence review and analysis of objection to fees filed by Greenleaf and Matthew Spiegel; identify issues for response including lack of standing as Greenleaf and Matthew Spiegel are not creditors, and only targets. | 0.60 hrs |
| 04/05/22 | NRD | Initial review and analysis of response to fee application filed by J. Xydakis. | 0.30 hrs |
| 04/05/22 | NRD | Legal research in connection reply in support of fee application regarding Debtor's obligation to file accurate schedules and Committee's duty to investigate same. | 0.60 hrs |
| 04/05/22 | NRD | Continue work on reply in support of fee applications. | 3.40 hrs |
| 04/06/22 | NRD | Continuing drafting reply in support of fee applications. | 3.50 hrs |
| 04/06/22 | NRD | Conduct legal research in connection with drafting of reply in support of fee applications. | 1.80 hrs |
| 04/07/22 | NRD | Complete initial draft of reply to objections to fee application. | 1.80 hrs |
| 04/07/22 | NRD | Conference with HLA re revisions to reply in support of fee applications. | 0.10 hrs |
| 04/08/22 | NRD | Draft email to Committee members attaching draft reply in support of fee applications for review. | 0.10 hrs |
| 04/08/22 | NRD | Draft minor revisions to reply in support of second fee application. | 0.40 hrs |
| 04/08/22 | NRD | Draft email to accountants re draft reply in support of fee application. | 0.10 hrs |
| 04/11/22 | AFB | Confer with NRD re: review of mischaracterized authorities in Spiegel response brief. | 0.30 hrs |
| 04/11/22 | AFB | Review and analyze Spiegel response brief, OCUC reply brief, and authorities cited therein, to assess arguments on misleading citations of authority. | 1.20 hrs |
| 04/11/22 | NRD | Final proof and revisions to reply in support of fee application. | 0.80 hrs |
| 04/11/22 | SR | Perform 3 filings; Reply in Support of 2nd Interim Fee Application, Reply in Support of the Motin ot Reconvene Deposition of Matthew Spiegel, and Reply in Support of Third Motion of OCUC to Compel Compliance. | 0.50 hrs |
| 04/12/22 | NRD | Conference with HLA re fee award, demand for same, and strategy for enforcement. | 0.30 hrs |
| 04/25/22 | HLA | Participation in lengthy court hearing involving 10 different matters; confer with NRD during court hearing regarding strategies, arguments and responses. | 1.60 hrs |
| 05/05/22 | HBM | Conference with NRD regarding means of contesting request for DIP financing from affiliated entity. | 0.20 hrs |
| 05/16/22 | SR | File Response to Debtor's Motion to Obtain Credit. | 0.10 hrs |
| 05/19/22 | NRD | Continue proofing and editing of prebills. | 1.40 hrs |
| 05/20/22 | NRD | Proof and revise prebills. | 1.20 hrs |
| 05/25/22 | NRD | Continue work on proofing pre-bills and editting time. | 2.60 hrs |
| 05/26/22 | NRD | Review and analysis of docket re order on payment of fees; confer with HLA re same; commence drafting motion to enter order; telephone conference with chambers re same. | 1.20 hrs |
| 06/15/22 | HLA | Preparation for and participation in court hearing regarding agenda of items including motion of debtor to borrow funds and status on chapter 11 case. | 1.20 hrs |
| 06/28/22 | NRD | Email exchanges with D. Lloyd and M. Pakter re payment of fees; conferences with HLA re same. | 0.30 hrs |
| 07/06/22 | HLA | Preparation for and participation in court hearing with lengthy agenda, including motion of W. Factor to substitute for attorney for debtor-in-possession, and other matters. | 0.80 hrs |

**Adelman & Gettleman, Ltd.**

Page No.  6

OCUC of Marshall Spiegel                           2592                00008                                    Invoice No:    17556

| Date | | Description | Hours |
|------|---|-------------|-------|
| 07/07/22 | SBC | Interoffice conference with HLA discussing research issue on deposition testimony. | 0.20 hrs |
| 07/15/22 | SBC | Begin research regarding requiring speculation from deponent at deposition. | 0.60 hrs |
| 07/19/22 | NRD | Work on proofing pre-bills for attachment to third fee application. | 1.10 hrs |
| 07/19/22 | NRD | Commence outling third fee application, including review and analysis of previous apps to understand timeline. | 0.60 hrs |
| 07/22/22 | SBC | Interoffice conference with HLA discussing case status and strategy. | 0.30 hrs |
| 07/25/22 | SR | Create and file NRD apperance in 22-cv-01622 | 0.20 hrs |

| | Hours | Rate | Amount |
|-----|-------|------|--------|
| Brougham, Alex F. | 5.00 hrs | 325 /hr | $1,625.00 |
| Adelman, Howard L. | 16.10 hrs | 525 /hr | $8,452.50 |
| Chaiken, Steven B. | 1.10 hrs | 425 /hr | $467.50 |
| Dwayne, Nicholas R | 66.40 hrs | 315 /hr | $20,916.00 |
| Merens, Henry B. | 0.20 hrs | 525 /hr | $105.00 |
| Rodela, Sandra | 5.00 hrs | 135 /hr | $675.00 |
| Shirley, Wyatt | 0.60 hrs | 125 /hr | $75.00 |
| Total fees for this matter | 94.40 hrs | | $32,316.00 |

**Billing Summary**

| | Hours | Amount |
|---|-------|--------|
| Total Fees | 94.40 hrs | $32,316.00 |
| **TOTAL CHARGES FOR THIS BILL** | | **$32,316.00** |

---

**ACH/WIRE TRANSFER INSTRUCTIONS**

Wintrust Bank                    Adelman & Gettleman, Ltd. - General Account
231 S. LaSalle St., 2nd Floor    Account Number:        3805304288
Chicago, IL 60604                ABA Routing Number:  071925444
                                 Reference:                17556

We encourage ACH or Wire Transfer Payments